**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA (Ft Lauderdale)**
**CIVIL DOCKET CASE #: 0:22-cv-61931-RKA**

**Appellant**
**Marisa Chanile Smith**

**CASE NO: 0:22-cv-61931-RKA**
**Case in other court: 22-14583-SMG**
**Chapter 13**

FILED-USBC, FLS-FTL
'22 OCT 31 AM 11:49

**v.**

**Judge: Hon. Roy K. Altman**

**Appellee**
**Shoma Homes At Nautica Single Family**

---

Pursuant to Rule 6(b) of the Federal rules of appellate Procedure
(''FRAP'') and Rule 8009 of the Federal Rules of Bankruptcy Procedure
(the ''FRBP''). Appellant Marisa Chanile Smith (the ''Appellant''),
hereby submits her Statement of Issues on Appeal and designation of
Record on Appeal.

## ORDERS APPEALED

Appellant appeals two orders entered by this court

First ,its Order Granting Shoma Homes At Nautica Relief from Stay,
entered July 29, 2022 by which the court granted Relief from Stay
Relief retroactively.

Second is the DENYING Motion for Reconsideration on Order Granting
Stay Relief Effective As of The Petition Date, entered October 12,
2022.

## STATEMENT OF ISSUES

FILED-USBC, FLS-FTL
'22 OCT 31 AM 11:49

This appeal raises the following issues:

1. Whether the Bankruptcy Court erred in granting relief to Shoma
Homes At Nautica.

2. Whether the Bankruptcy Court allowed the Motion for Relief of
Stay after Creditor erred in motion it was a Chapter 7 filing
rather than a Chapter 13 filing with significant equity to pay
debt to reorganize debt.

3. Whether the Bankruptcy Court erred and accepted creditor
argument that Shoma received less than $3000 through the
bankruptcies and failed to validate the information.

4. Whether the Bankruptcy Court erred and designated that the
filing was done in bad faith.

5. Whether the Bankruptcy court denied the debtor due process.

## DESIGNATION OF RECORD

Appellant Marisa C. Smith, pursuant to Federal Rule of Bankruptcy
Procedure 8009 (a), hereby designates the following items to be
included in the record on appeal.

| Bankruptcy Docket Number | Date Entered in the Bankruptcy Docket | Brief Description of the Document or Transcript |
|---|---|---|
| 1 | 06/14/2022 | Chapter 13 Voluntary Petition |
| 6 | 06/14/2022 | Notice of Incomplete Filings Due |
| 17 | 06/17/2022 | Notice of Appearance and Request for Service by Susan Bakalar |
| 19 | 07/01/2022 | Motion for Relief from Stay |
| 22 | 07/05/2022 | Pro Se Motion to Extend Time to File Required Information to 11 USC Section 521a |
| 23 | 07/05/2022 | Certification of Budget and Credit Counseling Course Filed by debtor |
| 25 | 07/07/2022 | Emergency Motion to Extend the Automatic Stay filed by Debtor |
| 27 | 07/07/2022 | Request for Notice Filed by Creditor U.S. Bank Trust National Association |
| 28 | 07/07/2022 | Amended Document to Reflect Correct Last 4 Digits of Social Security Filed by Debtor |
| 34 | 07/07/2022 | Pro Se Motion to Amend Voluntary Petition and Statement of Debtor |
| 30 | 07/08/2022 | Emergency Motion to Extend the Automatic Stay Filed By Debtor |
| 32 | 07/10/2022 | Hearing on Emergency Motion to Extend the Automatic Stay |
| 35 | 07/13/2022 | Motion to Dismiss Case Filed By Trustee Robin R. Weiner |
| 38 | 07/14/2022 | Notice of Hearing and Motion for Relief from Stay and Exhibits |
| Bankruptcy Docket Number | Date Entered in the Bankruptcy Docket | Brief Description of the Document or Transcript |
| 39 | 07/14/2022 | Notice of Re-hearing Pro-se motion to extend time to file required documents, Emergency motion to extend the automatic stay, Pro- Se Motion to Amend Voluntary Petition, Statement of Debtors social security |
| 40 | 07/15/2022 | Debtors Verified Response in Opposition, Motion for Relief from Stay filed by Shoma Homes at Nautica |
| 41 | 07/15/2022 | Certificate of Re-hearing |
| 44 | 07/27/2022 | Trustee's Request for Entry of Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments |
| 47 | 07/28/2022 | Trustee Request for Entry of Order Dismissing Case |

| 49 | 07/29/2022 | Order Granting Motion to Amend |
|----|------------|--------------------------------|
| 51 | 08/01/2022 | Order Granting Trustee Request for Order Dismissing Case |
| 54 | 08/15/2022 | Pro-se Motion to Reinstate Case |
| 55 | 08/15/2022 | Pro-se Motion to Reconsider |
| 56 | 08/15/2022 | Pro-Se Motion scheduled for 09/15/2022 |
| 57 | 08/17/2022 | Notice of Hearing on Pro se Motion to Reinstate Case, Pro se Motion to Reconsider, Order on Motion for Relief from Stay |
| 58 | 09/13/2022 | Pro se Motion to Continue Hearing, Motion to Reinstate, Motion to Reconsider |
| 62 | 09/15/2022 | Notice of Hearing |
| 63 | 09/17/2022 | Order Granting Motion to Reinstate |
| 72 | 10/03/2022 | Order Denying Motion to Reconsider |
| 74 | 10/12/2022 | Order on Motion to Reconsider |
| 75 | 10/17/2022 | Notice of Appeal |
| 79 | 10/17/2022 | Notice of Pre-Confirmation Payments and Certificate of Compliance |
| 84 | 10/28/2022 | Notice of Appeal, Order Denying Motion to Reconsider |

(Signature)

Marisa Chanile Smith
3809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359
ECF E-Mail: marisasmith@mail.com

I hereby certify that on 10/31/22, a copy of the foregoing Designation of Record was filed electronically and sent via by first-class U.S. Mail, postage prepaid US Mail. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Michael S. Hoffman

Hoffman, Larin and Agnetti, P.A.

909 N Miami Beach Blvd

Suite 201

N. Miami Beach, FL 33162

(Signature)

Marisa Chanile Smith
3809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359
ECF E-Mail: marisasmith@mail.com



**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Southern District of Florida

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy     04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Marisa<br>First name<br>Chanile<br>Middle name<br>Smith<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names.<br><br>N/A | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 7 9 1 3<br>OR<br>9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ ___ |



Debtor 1 __Marisa C. Smith__
First Name    Middle Name    Last Name

Case number (if known)_____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

*N/A*

☐ I have not used any business names or EINs.

Business name _____

Business name _____

EIN __ __ — __ __ __ __ __ __ __

EIN __ __ — __ __ __ __ __ __ __

☐ I have not used any business names or EINs.

Business name _____

Business name _____

EIN __ __ — __ __ __ __ __ __ __

EIN __ __ — __ __ __ __ __ __ __

**5. Where you live**

3809 SW 164th Terrace
Number    Street

Miramar        FL      33027
City            State   ZIP Code

Broward
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City        State   ZIP Code

**If Debtor 2 lives at a different address:**

Number    Street

City            State   ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number    Street

P.O. Box

City        State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Debtor 1 __Marisa C. Smith__
First Name    Middle Name    Last Name

Case number (if known)_____

---

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

---

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes.   District __Southern Florida__   When __11/12/2019__   Case number __19-23650__
                                                      MM / DD / YYYY

         District _____   When _____   Case number _____
                                                      MM / DD / YYYY

         District _____   When _____   Case number _____
                                                      MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.   Debtor _____   Relationship to you _____

         District _____   When _____   Case number, if known_____
                                                      MM / DD / YYYY

         Debtor _____   Relationship to you _____

         District _____   When _____   Case number, if known_____
                                                      MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

         ☐ No. Go to line 12.

         ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | Marisa C. Smith | | | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

N|A

☐ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                              State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U. S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1   __Marisa C. Smith_____   Case number (*if known*)_____

First Name   Middle Name   Last Name

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.   What is the hazard?   _____

_____

If immediate attention is needed, why is it needed?   _____

_____

Where is the property?   _____

Number   Street

_____

_____

City   State   ZIP Code

Debtor 1    __Marisa C. Smith_____    Case number (if known)_____
      First Name   Middle Name      Last Name

## Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☒ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Marisa C. Smith**
     First Name    Middle Name      Last Name        Case number (if known)_____

---

**Part 6:**    **Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

   **16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

     ☐ No. Go to line 16b.
     ☑ Yes. Go to line 17.

   **16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

     ☑ No. Go to line 16c.
     ☐ Yes. Go to line 17.

   **16c.** State the type of debts you owe that are not consumer debts or business debts.

     _____

---

**17. Are you filing under Chapter 7?**

   ☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

   ☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

     ☐ No
     ☐ Yes

---

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☑ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Part 7:**    **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

   ✗ *Marisa C Smith*        ✗ _____
     Signature of Debtor 1           Signature of Debtor 2

     Executed on _06 / 14 2022_      Executed on _____
         MM / DD / YYYY               MM / DD / YYYY

---

| Debtor 1 | Marisa C. Smith | | | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**✗** _____    Date _____
Signature of Attorney for Debtor                                          MM  /  DD  / YYYY

N/A

_____
Printed name

_____
Firm name

_____
Number    Street

_____

_____                _____
City                                            State        ZIP Code

Contact phone _____    Email address _____

_____
Bar number                                      State

Debtor 1 __Marisa C. Smith_____     Case number _(if known)_____

First Name    Middle Name    Last Name

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☒ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☒ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☒ No
☐ Yes. Name of Person_____.
Attach _Bankruptcy Petition Preparer's Notice, Declaration, and Signature_ (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _Marisa C Smith_                              ✗ _____
  Signature of Debtor 1                             Signature of Debtor 2

Date  _06 / 14 / 2022_                           Date  _____
      MM / DD / YYYY                                   MM / DD / YYYY

Contact phone _____              Contact phone _____

Cell phone  _954-446-5359_                      Cell phone  _____

Email address _marisasmith@mail.com_ Email address _____

Selene Finance LP
P.O. Box 71243
Philadelphia, PA 19176-6243

U.S. Department of Education
FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

CGFI3 (12/01/2020)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22–14583–SMG**
**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027

SSN: xxx–xx–7917

## NOTICE OF DEADLINE(S) TO CORRECT FILING DEFICIENCY(IES)

**NOTICE IS HEREBY GIVEN TO THE DEBTOR(S)** that the above referenced case, which was filed on **June 14, 2022**, contains one or more filing deficiency(ies) which must be corrected. **Failure to correct a deficiency on or before the deadline posted below the listed deficiency may result in the document(s) being stricken and/or dismissal of this case without further notice.** Deficiencies in items listed below may include failure to file the document, failure to sign the document, or failure to file the document using the correct and/or current form that substantially conforms to an Official Bankruptcy Form or Local Form. Links to all required Official Bankruptcy Forms and AO Director's national forms and to local rules, forms, instructions and guidelines are on the court website www.flsb.uscourts.gov.

**DEFICIENCY(IES) in your case:**  You must correct the following deficiency(ies) by the date indicated below each deficiency.

**Chapter 13 Plan** (Local Form LF–31) was not filed with the petition.
**Deadline to correct deficiency: 6/28/22**

**Schedules of assets and liabilities.** The following schedules were not filed OR were not filed using the correct and/or current Official Bankruptcy Form.
**Deadline to correct deficiency: 6/28/22**

Official Bankruptcy Form 106, Summary of Your Assets and Liabilities and Certain Statistical Information
Official Bankruptcy Form 106A/B, Schedule A/B: Property

Official Bankruptcy Form 106C, Schedule C: The Property You Claim as Exempt

Official Bankruptcy Form 106D, Schedule D: Creditors Who Hold Claims Secured by Property

Official Bankruptcy Form 106E/F, Schedule E/F: Creditors Who Have Unsecured Claims

Official Bankruptcy Form 106G, Schedule G: Executory Contracts and Unexpired Leases

Official Bankruptcy Form 106H, Schedule H: Your Codebtors

Official Bankruptcy Form 106I, Schedule I: Your Income

Official Bankruptcy Form 106J, Schedule J: Your Expenses **and** (if applicable)
Official Bankruptcy Form 106J2, Schedule J–2: Expenses for Separate Household of Debtor 2

**Declaration About an Individual Debtor's Schedules** (Official Bankruptcy Form 106) was not filed or was not signed.
**Deadline to correct deficiency: 6/28/22**

☑ Declaration not filed

☐ Declaration not signed

☐ Declaration must be filed with deficient schedules listed above

**Your Statement of Financial Affairs for Individuals Filing for Bankruptcy** (Official Form 107) was not filed or was not signed. See Bankruptcy Rule 1007(b) and (c).
**Deadline to correct deficiency: 6/22/22**

- ☑ Statement not filed
- ☐ Statement not signed
- ☐ Statement incomplete

**Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period** (Official Bankruptcy Form 122C–1) was not filed. See Bankruptcy Rule 1007(b) and (c).
**Deadline to correct deficiency: 6/28/22**

**Copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition as required by 11 U.S.C. §521(a)(1)(B)(iv)** for the **Debtor**. See Bankruptcy Rule 1007(b) and (c) and Local Rule 1007–1(E). Payment advices are deficient as indicated: **Not filed.**
**Deadline to correct deficiency: 6/28/22**

**Certification of Budget and Credit Counseling Course** for the DEBTOR not filed. See Bankruptcy Rule 1007–1(b)(3) and Local Rule 1007–1(D). A copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency must be filed.
**Deadline to correct deficiency: 6/28/22**

**IMPORTANT:** _**The deadline to file the certificate of credit counseling cannot be extended unless there are exigent circumstances which prevented you from obtaining the credit counseling briefing [See 11 U.S.C. 109(h)(3)].**_

**Please also be advised** of the following local requirement when correcting any deficiency related to filing of petitions, schedules, statements or lists:

The Local Form "Debtor's Notice of Compliance with Requirements for Amending Creditor Information" (LF–04) and the Official Bankruptcy Form "Declaration About an Individual Debtor's Schedules" must accompany the filing of any paper submitted subsequent to the filing of the initial service matrix. [See Bankruptcy Rules 1007 and 1009, and Local Rules 1007–2(B) and 1009–1(D)]. If the paper you are filing to correct the deficiency requires you to amend your service matrix, please review the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices" for additional format, fee and other requirements.

**Dated:** _6/14/22_

**Clerk of Court**
By:_ Tanesha Graster–Thomas _, Deputy Clerk

The clerk shall serve a copy of this notice on all parties of record.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE**
**www.flsb.uscourts.gov**

In re:

                                             Case No. 22-14583-SMG

**MARISA CHANILE SMITH,**                      **Chapter 13**

                        **Debtor.**

_____x

### NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF PAPERS

**PLEASE TAKE NOTICE** that Susan P. Bakalar, Esq., of the law firm of Bakalar & Associates, P.A., hereby appears as counsel for creditors, SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOCIATION, INC. and NAUTICA COMMUNITY ASSOCIATION, INC., and under, inter alia, Bankruptcy Rules 2002, 9007 and 9010, requests that all notices given or required to be given in this case, and all papers served or required to be served in this case, be given to and served upon undersigned at the following:

SUSAN P. BAKALAR, ESQ.
BAKALAR & ASSOCIATES, P.A.
12472 West Atlantic Blvd.
Coral Springs, FL 33071
Phone: 954-475-4244
Service E-mail: sbakalar@assoc-law.com

**PLEASE TAKE FURTHER NOTICE** that this Notice of Appearance and Request for Service of Papers includes not only the notices and papers referred to in the Bankruptcy Rules specified above, but also includes, without limitation, orders and notices of any application, motion, petition, pleadings, request, complaint, or demand, whether formal or informal, whether written or oral, and whether transmitted or conveyed by mail, courier service, hand delivery, telephone, facsimile transmission, telegraph, telex, electronic mail or otherwise, that (1) affects or seeks to affect in any way any rights or interests of any creditor or party-in-interest in this

case, including with respect to (a) the debtor; (b) property of the estate, or proceeds thereof, in which the debtor may claim an interest; or (c) property or proceeds thereof in the possession, custody or control of others that the debtor may seek to use, or (2) requires or seeks to require any act, delivery of any property, payment or other conduct.

Dated: Coral Springs, FL
June 17, 2022

BAKALAR & ASSOCIATES, P.A.
ATTORNEYS FOR SHOMA HOMES AT
NAUTICA SINGLE FAMILY NEIGHBORHOOD
ASSOCIATION, INC. and
NAUTICA COMMUNITY ASSOCIATION, INC.


BY: _/s/ Susan P. Bakalar_
Susan P. Bakalar, Esq.
Florida Bar No. 0908932
Bakalar & Associates, P.A.
12472 West Atlantic Blvd
Coral Springs, FL 33071
Phone: 954-475-4244
Service Email: sbakalar@assoc-law.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          Case No. 22-14583-SMG
                                                Chapter 13
MARISA CHANILE SMITH,

_____Debtor_____/

## MOTION FOR RELIEF FROM STAY

Interested Party Shoma Homes at Nautica Single Family Neighborhood, Inc. ("Shoma")

files this Motion for Relief from Stay and states as follows:

## I.        BACKGROUND

### A.        Jurisdiction and Venue

1.        Marisa Chanile Smith (the "Debtor") commenced this proceeding by filing a

voluntary Chapter 7 petition on June 14, 2022 (the "Petition Date").

2.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157(b) and

1334.

3.        This matter is a core proceeding pursuant to 28 U.S.C §157(b)(2)(G), as this

motion seeks clarification and/or termination of the automatic stay.

### B.        The Foreclosure Lawsuit

4.        The Debtor held an ownership interest in the real property located at 3809 S.W.

164th Terrace, Miramar, Florida 33027 (the "Property"). The Property contains the following

legal description:

> LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT
> THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE PUBLIC
> RECORDS OF BROWARD COUNTY, FLORIDA

5.        The Property is located within Shoma's homeowners' association.

6.        On September 23, 2022, Shoma filed an action in Broward County Circuit Court

to foreclose a mortgage it held against the Property (Case No. CACE-20-015682) (the "Foreclosure Action").

7.      On May 25, 2022, the Circuit Court entered a Final Judgment of Foreclosure in favor of Shoma. The Final Judgment found that Shoma held a lien on the property in the amount of $34,186.73. This amount, in addition to post-judgment assessments, fees, costs, and interest remains outstanding. The Final Judgment set a foreclosure sale for June 14, 2022. A copy of the Final Judgment is attached as Exhibit A.

**B.      The Prior Bankruptcy Cases**

8.      This case is the Debtor's third bankruptcy filing since 2018.

9.      The Debtor filed a Chapter 13 petition on October 15, 2018 (Case No. 18-22792-JKO) (the "2018 Case"). The 2018 Case was dismissed on April 3, 2019, upon denial of confirmation of the Debtor's plan [2018 Case, D.E. #34].

10.     The Debtor filed a second Chapter 13 petition on October 11, 2019 (Case No. 19-23650-PDR) (the "2019 Case"). The 2019 Case, after being pending for nearly 9 months, was dismissed on August 5, 2020, prior to confirmation of a plan [2019 Case, D.E. #101].

11.     The Debtor has difficulty with her own counsel both bankruptcy cases. Her counsel in the 2018 Case filed a motion to withdraw [2018 Case, D.E. #40], which was mooted by the case's dismissal. Her counsel in the 2019 Case filed a motion to withdraw as well, which was granted by the Court [2019 Case, D.E. #96]. The Debtor filed this bankruptcy case pro se.

**C.      The Foreclosure Sale and the Filing of this Bankruptcy Case**

12.     The foreclosure sale in the Foreclosure Action was scheduled for 10:00 a.m. on June 14th. The sale proceeded as scheduled and was sold to Miretg Investments, Inc. ("Miretg") for $135,000. The auction was completed at 10:48 a.m. through the Broward foreclosure sale website (www.broward.realforeclose.com). A printout reflecting the sale time is attached as

Exhibit B.[1]

13.     The Debtor filed this bankruptcy case at 1:31 p.m. on June 14th.

14.     The Debtor did not file a suggestion of bankruptcy in the Foreclosure Action or otherwise immediately notify the Court or Shoma of the bankruptcy filing.

15.     The Clerk of the Circuit Court issued a Certificate of Sale at 2:04 p.m. on June 14th. A copy of the certificate of sale is attached as Exhibit C.

16.     The Clerk has not issued a certificate of title due to this bankruptcy filing.

17.     The Debtor has not yet filed schedules or a plan in this case.

18.     According to the Broward County Property Appraiser, the Property is valued at $528,410. Since the Debtor has not yet filed schedules, Shoma does not know whether the Debtor has equity in the Property. A copy of the appraisal report is attached as Exhibit D.

## II.     Requested Relief

Shoma requests the Court modify the automatic stay so that the Broward County Clerk may issue a certificate of title to complete the foreclosure sale. In an abundance of caution and to avoid title problems for the purchaser, Shoma requests that relief be entered effective as of the Petition Date.

## III.     Basis for Requested Relief

Relief from the stay is appropriate under 11 U.S.C. § 362(d)(1). A party-in-interest is entitled to relief from stay under § 362(d)(1) for "cause, including the lack of adequate protection of an interest in property of such party in interest." "Whether cause exists to lift the stay must be determined on a case by case basis based upon the totality of the circumstances in each particular case." *In re Mack,* 347 B.R. 911, 915 (Bankr.M.D.Fla.2006). The totality of the circumstances

---

[1]     https://www.broward.realforeclose.com/index.cfm?zaction=AUCTION&Zmethod=PREVIEW&AUCTIONDATE=06/14/2022. The highlighted portion of Exhibit B describes the sale of the Property.

includes how the parties have conducted themselves, the debtor's motives and whether the debtor has acted in good faith. *Id.* (citing *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1071 (5th Cir.1986)). Another basis for "cause" is a creditor's lack of adequate protection. *See In re McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994)

The present case was filed in bad faith. This is the Debtor's 3rd bankruptcy case since 2018. The two prior cases were also filed to stop foreclosure sales and were dismissed prior to confirmation. Shoma received less than $3,000 through the two bankruptcy cases and has been struggling for years to enforce its delinquency through the Debtor's litigiousness in state court and repeat bankruptcy filing. This case, which was filed after the Clerk sold the Property at auction and minutes before issuance of a certificate of sale, was filed without schedules or a bankruptcy plan. The Debtor is also not represented by counsel, which will make confirmation of a plan even more difficult. The Debtor clearly filed this bankruptcy case solely to disrupt Shoma's foreclosure sale and not to reorganize.

WHEREFORE, Shoma requests the Court enter an order modifying the automatic stay to permit the Clerk of the Circuit Court to complete the foreclosure sale of the Property and granting such further relief as is deemed just and proper.

HOFFMAN, LARIN & AGNETTI., P.A.
Counsel for Shoma
909 North Miami Beach Blvd., Suite 201
North Miami Beach, FL 33162
T:      305.653.5555
E.      mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.:  41164

Case 0:23-cv-61931-RAR-1 Document 65-DoEntered on FLSD Docket 05/25/2023 Page 23 of 121

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE20015682**   DIVISION: **21**   JUDGE: **Singer, Michele Towbin (21)**

**Shoma Homes at Nautica Single Family Neighborhood**

Plaintiff(s) / Petitioner(s)

v.

**Marisa C Smith**

Defendant(s) / Respondent(s)

_____/

**Final Summary Judgment of Foreclosure, Taxation of Costs and Attorney's Fees**

THIS CAUSE having come before the Court on the Plaintiff's Motion for Final Summary Judgment of Foreclosure, Taxation of Costs and Attorney's Fees on May 2, 2022 and continued on May 3rd and May 9, 2022.  Plaintiff and Defendant were represented by Counsel and the Court having heard argument of Counsel, having considered the motion, the evidence presented and the applicable law, and being otherwise apprised in the premises,

**IT IS ADJUDGED** that:

1.        Plaintiff's Motion for Final Summary Judgment of Foreclosure, Taxation of Costs and Attorney's Fees is **GRANTED**. Service of Process has been duly and regularly obtained over the Defendant, MARISA C. SMITH.

2.        **Amounts Due**. Plaintiff, SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOCIATION INC., c/o Miami Management, Inc., 3691 SW 164th Ave., Miramar, FL 33027, is due the following:

| | |
|---|---:|
| Principal due 9/23/15 through 5/9/22 for assessments | $17,294.24 |
| Interest on said principal due through 5/9/22 | $1,970.41 |
| Miami Management demand letter and certified mail charges | $114.00 |
| Less payments received (applied per Fla. Stat. § 720.3085) | -$6,841.51 |

| COSTS INCURRED: | |
|---|---:|
| Recording and Processing Fee (Claim of Lien) | $13.50 |
| Title & Name Searches | $225.00 |
| Administrative Costs (archive/copy fee; bankruptcy searches; postage) | $20.45 |
| Court Filing Fees (Complaint, Lis Pendens, Summons issuance) | $435.74 |
| Service of Process | $90.00 |
| Court Reporter Fees | $977.20 |
| Expert Witness Fee (Reasonable Attorney's Fees) | $40.00 |
| **COSTS TO BE INCURRED:** | |
| Clerk's Auction Sale Fee | $142.50 |
| Publication Costs (Daily Business Review, Notice of Sale) | $245.00 |
| **SUB-TOTAL** | **$14,726.48** |
| ATTORNEY'S FEES (8/7/20 through 5/9/20) | $19,460.25 |
| **TOTAL** | **$34,186.73** |

3.      **Attorney's Fees**. The Court finds, based upon affidavits presented and upon inquiry of counsel for the Plaintiff, that **80.65** hours were reasonably expended by Plaintiff's counsel and that the flat rates of **$31.25, $97.50 and $250.00**, the hourly attorney rates of **$0 and $260.00** and the hourly paralegal rates of **$0 and $135.00** are appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

4.      **Interest**. The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

5.      **Lien on Property**. Plaintiff, SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOCIATION INC., whose address is c/o Miami Management, Inc., 3691 SW 164th Ave., Miramar, FL 33027, holds a lien for the total sum specified in paragraph 2 herein. The Lien of the Plaintiff is superior in dignity to any rights, title, interest or claim of the defendants and all persons, corporations, or other entities by, through or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants. The Plaintiff's lien encumbers the subject property located in Broward County, Florida and described as follow:

**LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT**

THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE PUBLIC
RECORDS OF BROWARD COUNTY, FLORIDA;

a/k/a 3809 S.W. 164th Terrace, Miramar, Florida 33027.

6. **Sale of Property**. If the grand total amount with interest at the rate described in Paragraph 4 and all cost accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at the public sale on **June 14, 2022** at 10:00 a.m. to the highest bidder or bidders for cash, except as prescribed in paragraph in 6, at: https://www.broward.realforeclose.com/ the Clerk's website for on-line auctions at 10:00 a.m. after having first given notice as required by Section 45.0315, Florida Statutes.

7. **Costs**. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording and certifying the sale and title that shall be assessed as cost.

8. **Right of Redemption**. On filing of the Certificate of Sale, Defendant's right of redemption as proscribed by Section 45.0315, Florida Statutes, shall be terminated.

9. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale. During the sixty (60) days after Clerk issues the Certificate of Disbursement, the Clerk shall hold the Surplus pending further Order of this Court.

10. **Right of Possession**. Upon filing the Certificate of Title, Defendants and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property, subject to the provisions of the "Protecting Tenant at Foreclosure Act of 2009".

11. **Jurisdiction**. The Court retains jurisdiction of this action to enter further orders that are necessary and proper, including, without limitation, to re-foreclose on the claim of lien, to amend or supplement the judgment to include additional shared component unit costs, interest and late fees, as prescribed in paragraph 2, that become due prior to the sale, and attorneys' fees and costs that incur in the enforcement/execution of this judgment prior to the sale, to appoint a receiver for collection of rent from any tenant, to issue writs of possession and deficiency judgments.

## NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLA. ST.

IF THIS PROPERTY IS SOLD AT PUBLIC ACTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, **BROWARD COUNTY COURTHOUSE, 201 S.E. 6th STREET, FORT LAUDERDALE, FL 33301**, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC., AT **(954) 765-8950** TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT **LEGAL AID SERVICE OF BROWARD COUNTY, INC., 491 N. STATE ROAD 7, PLANTATION, FL 33317**, FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>25th day of May, 2022</u>.



<u>CACE20015682 05-25-2022 12:20 PM</u>
Hon. Michele Towbin Singer
**CIRCUIT JUDGE**
Electronically Signed by Singer, Michele Towbin (21)

**Copies Furnished To:**
Beth G Lindie , E-mail : Eservice@eslerandlindie.com
Beth G Lindie , E-mail : paralegal01@eslerandlindie.com
Beth G Lindie , E-mail : blindie@eslerandlindie.com
Jonathan M Benjamin , E-mail : jonben70@gmail.com
Jonathan M Benjamin , E-mail : jon@benjaminlawpractice.com
Raymond Anthony Piccin , E-mail : smurguia@assoc-law.com
Raymond Anthony Piccin , E-mail : rpiccin@assoc-law.com
Raymond Anthony Piccin , E-mail : ydelgado@assoc-law.com

Home    About Us    FAQ    Contact Us

### Tuesday June 14, 2022

<< Previous Auction    Current    Next Auction >>

**Pursuant to new legislation effective July 1, 2008, F. S. 45.031(10), the Clerk may conduct the sale of real or personal property under an order or judgment by electronic means.**

**Running Auctions**

There are no cases currently being auctioned.

**Auctions Closed or Canceled**

page [ 3 ] of 3

| | |
|---|---|
| Auction Sold | Auction Type: FORECLOSURE |
| **06/14/2022 10:39 AM ET** | Case #: **CACE-20-014738** |
| | Final Judgment Amount: $25,296.91 |
| Amount | Parcel ID: **514032062110** |
| **$150,100.00** | Property Address: 16891 SW 49 CT |
| | MIRAMAR, 33027 |
| Sold To | Plaintiff Max Bid: $25,296.91 |
| **3rd Party Bidder** | |

| | |
|---|---|
| Auction Sold | Auction Type: FORECLOSURE |
| **06/14/2022 10:48 AM ET** | Case #: **CACE-20-015682** |
| | Final Judgment Amount: $34,186.73 |
| Amount | Parcel ID: **514029042250** |
| **$132,000.00** | Property Address: 3809 SW 164 TER |
| | MIRAMAR, 33027 |
| Sold To | Plaintiff Max Bid: $34,186.73 |
| **3rd Party Bidder** | |

| | |
|---|---|
| Auction Sold | Auction Type: FORECLOSURE |
| **06/14/2022 10:58 AM ET** | Case #: **CACE-21-005438** |
| | Final Judgment Amount: $17,531.52 |
| Amount | Parcel ID: **484123AB2710** |
| **$63,200.00** | Property Address: 3060 HOLIDAY SPRINGS BLVD 17-2 |
| | MARGATE, 33063 |
| Sold To | Plaintiff Max Bid: $17,531.52 |
| **3rd Party Bidder** | |

| | |
|---|---|
| Auction Status | Auction Type: FORECLOSURE |
| **Canceled per Bankruptcy** | Case #: **CACE-21-008437** |
| | Final Judgment Amount: $1,602,625.91 |
| | Parcel ID: **484103060210** |
| | Property Address: 6041 NW 84 TER |
| | PARKLAND, 33067 |
| | Plaintiff Max Bid: $1,602,625.91 |

| Auction Sold | Auction Type: | FORECLOSURE |
|---|---|---|
| 06/14/2022 10:59 AM ET | Case #: | CACE-21-011978 |
| | Final Judgment Amount: | $291,934.72 |
| Amount | Parcel ID: | 494135021460 |
| $200.00 | Property Address: | 6271 NW 14 CT |
| | | SUNRISE, 33313 |
| Sold To | | |
| Plaintiff | Plaintiff Max Bid: | $296,485.06 |

| Auction Status | Auction Type: | FORECLOSURE |
|---|---|---|
| Canceled per Order | Case #: | CACE-21-015936 |
| | Final Judgment Amount: | $226,443.42 |
| | Parcel ID: | 484226172890 |
| | Property Address: | 1900 NW 5 TER |
| | | POMPANO BEACH, 33060 |
| | Plaintiff Max Bid: | Hidden |

page 3 of 3

In the Circuit Court of the
17th Judicial Circuit in and for
Broward County, Florida

Case No.CACE-20-015682
Division:21

SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD
Plaintiff

 VS.

SMITH, MARISA C
Defendant

### <u>Certificate of Sale</u>

The undersigned, Brenda D. Forman, Clerk of the Court certifies that notice of public sale of the property described in the order of final judgment was published in Broward Daily Business Review, a newspaper circulated in Broward County, Florida in the manner shown by the proof of publication attached and on <u>06/14/2022</u> the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property in the amount of $132,000.00 was submitted by <u>MIRETG INVESTMENTS</u> to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment or law.

Witness my hand and the seal of the court on <u>June 14, 2022</u>.

Brenda D. Forman, Clerk of the Circuit & County Court
Broward County, Florida



| Site Address | 3809 SW 164 TERRACE, MIRAMAR FL 33027 | ID # | 5140 29 04 2250 |
|---|---|---|---|
| Property Owner | SMITH, MARISA C | Millage | 2713 |
| Mailing Address | 3809 SW 164 TER MIRAMAR FL 33027 | Use | 01-01 |
| Abbr Legal Description | NAUTICA PLAT 164-36 B LOT 41 BLK 8 | | |

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

\* 2022 values are considered "working values" and are subject to change.

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2022* | $69,910 | $458,500 | $528,410 | $252,190 | |
| 2021 | $69,910 | $362,570 | $432,480 | $244,850 | $4,617.52 |
| 2020 | $69,910 | $335,640 | $405,550 | $241,470 | $4,565.38 |

| 2022* Exemptions and Taxable Values by Taxing Authority | | | | |
|---|---|---|---|---|
| | County | School Board | Municipal | Independent |
| Just Value | $528,410 | $528,410 | $528,410 | $528,410 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH  00 | $252,190 | $252,190 | $252,190 | $252,190 |
| Homestead  100% | $25,000 | $25,000 | $25,000 | $25,000 |
| Add. Homestead | $25,000 | | $25,000 | $25,000 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $202,190 | $227,190 | $202,190 | $202,190 |

| Sales History | | | | | Land Calculations | | |
|---|---|---|---|---|---|---|---|
| Date | Type | Price | Book/Page or CIN | | Price | Factor | Type |
| 6/16/1999 | SWD | $187,000 | 29601 / 752 | | $7.00 | 9,987 | SF |
| | | | | | | | |
| | | | | | | | |
| | | | | | Adj. Bldg. S.F. (Card, Sketch) | | 2805 |
| | | | | | Units | | 1 |
| | | | | | Eff./Act. Year Built: 2000/1999 | | |

| Special Assessments | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
| 27 | | | 4I | | | MM | | |
| R | | | 4I | | | | | |
| 1 | | | .23 | | | 1 | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                    Case No.: _22-14583-SMG
                                          **Chapter 13**
_MARISA CHANILE SMITH         ,
        Debtor.
_____/

**DEBTOR'S OUT OF TIME MOTION FOR EXTENSION OF TIME**
**TO CORRECT FILING DEFICIENCIES**

I, the Debtor_Marisa Chanile Smith hereby files this, my Out of Time Motion for

Extension of Time to Correct Filing Deficiencies by providing the required information

pursuant to 11 U.S.C. Section 521(a), and in support thereof states as follows:

1. On June 14, 2022, I filed a Petition seeking relief under Chapter 13.

2. The Summary of Assets and Liabilities, Certain Statistical Information, the

Declaration about an Individual Debtor's Schedules, Copies of Payment Advices, the

Statement of Financial Affairs, and the Statement of Current Monthly Income, Certificate

of Budget and Credit Counseling Course, Debtors Original Signature and Filing or

Installment Fee, were due to be filed with this Court on June 28, 2022._

3. On June 27, 2022, one day before my June 28, 2022 deadline, the Alternate

Filing Option for Persons without Attorneys was updated by the Clerk of the Court. As

such, the Clerk no longer accept post-petition electronic filings by persons without

attorneys – like myself. Although the clerk posted the notice timely and sufficiently, I

inadvertently forgot about the filing limitations. It was not until I

attempted to electronically file this instant motion on June 28, 2022, before I remembered

the Clerk's filing limitations for persons filing without an attorney.

4. Additionally, I am requesting additional time to seek legal assistance in this

matter and therefore will need an additional thirty (30) days to provide and prepare the

aforementioned documents.

5. I am hereby respectfully requesting that this Court grant an extension of thirty days, until **August 01, 2022** for me (or my counsel) to prepare and file the Summary of Assets and Liabilities, Certain Statistical Information, the Declaration about an Individual Debtor's Schedules, Copies of Payment Advices, the Statement of Financial Affairs, and the Statement of Current Monthly Income, Certificate of Budget and Credit Counseling Course, Debtors Original Signature and Filing or Installment Fee, pursuant to the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, I, the Debtor, respectfully move this Court to enter an order directing that I shall have until **August 1, 2022**, to file the aforementioned documents and information.

By: /s/ Marisa Chanile Smith

3809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359
SSN: xxx-xx-7912

22-14583

Certificate Number: 20102-FLS-CC-036621040

|| ||||| | |||||||||| | | ||| |||| ||| | || | ||||||||||| ||||||| | |||| |||||| |||
20102-FLS-CC-036621040

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>June 16, 2022</u>, at <u>10:56</u> o'clock <u>AM EDT</u>, <u>Marisa Smith</u> received from <u>1stopbk.com Inc.</u>, an agency approved pursuant to 11 U.S.C. 111 to provide credit counseling in the <u>Southern District of Florida</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>June 16, 2022</u>          By: <u>/s/Marcy Walter</u>

Name: <u>Marcy Walter</u>

Title: <u>President-Manager</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. 109(h) and 521(b).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN RE:                                                Case: 22-14583-SMG

Marisa Chanile Smith                                  Chapter 13

       Debtor



_____/

## EMERGENCY MOTION TO EXTEND AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. § 362(c)(3)(B) AND PURSUANT TO §105(a)

COMES NOW the Debtor, MARISA CHANILE SMITH, Pro-Se and pursuant to 11 U.S.C.
§362(c)(3)(B) and 11 U.S.C. § 105(a), the Debtor requests an order extending the automatic stay,
and in support thereof states as follows:

1. Debtor filed a Voluntary Petition for relief under Chapter 13, Title 11, of the United
   States Code, Bankruptcy Case No. 22-14583-SMG on June 14, 2022. Pursuant to Local
   Rule 1017-2(A) (1) (b), Debtor filed Schedules, Statement of Financial Affairs, and a
   Chapter 13 Plan.

2. The Debtor's previous case was dismissed due to the denial of the confirmation of the
   proposed Chapter 13 plan on June 06, 2020, within the year preceding the
   commencement of this case.

3. In assessing a repeat filer's "good faith" in filing a current bankruptcy petition, for
   purposes of deciding whether to extend the temporary 30-day stay, the bankruptcy court
   should consider totality of the circumstances. In re Carr, 344 B.R. 776 (Bankr.N.D.W.Va.
   June 9, 2006).

4. No exact formula has been created to determine what is considered a "good faith" filing
   however, the Court in Carr, in discussing 11 U.S.C. § 362(c)(3)(b) laid out six non
   exclusive factors that the court should consider as part of its " totality of circumstances"

inquiry in assessing repeat filer's "good faith" in filing current bankruptcy petition, for purpose of deciding whether to extend temporary 30-day stay, include:

a) Whether the debtor's current case has a reasonable probability of success;

b) b) The circumstances surrounding the dismissal of the previous case;

c) This case was commenced in "good faith";

d) The debtor should demonstrate any change in circumstance since the previous filing;

e) How the debts arose and what the debtor's motivation for filing bankruptcy;

f) The presence of any objections by creditors or the trustee should also be considered.

5. There are three factors to determine whether Section 105(a) may be properly used to override stay termination under Section 362(c)(3)(A): (1) whether the filing by the debtor was in good faith; (2) the lack of objection by creditors; and (3) whether "....the inability to obtain a hearing date within the thirty day time frame was caused by the inadvertence of counsel." In re Franzese, 2007 Bankr. LEXIS 2490, at 5-6 (Bankr. S.D. Fla. July 19, 2007) citing from Whitaker v. Baxter, (In Re Whitaker) 341 B.R. 336, 348 (Bankr. S.D. Ga. 2006).

6. Debtor has sufficient income to make the required plan payments and has a great probability of success in reorganizing her debts to save her homestead property;

7. The circumstances that led to this good faith filing are legitimate and to not extend the automatic stay would cause irreparable harm to the non-moving creditors and possibly the Debtor.

8. This case was commenced in good faith;

9. It does not seem that any creditor would object to the reorganization efforts of the Debtor.

10. Equity, fairness and justice would dictate that the Debtor be given an opportunity to reorganize.

**WHEREFORE**, the Debtor respectfully requests this Honorable Court to hear this Motion on an expedited basis and enter an Order extending the automatic stay provisions of 11 U.S.C. §362(a) by using the equitable powers of this court under 11 U.S.C. §105(a), and for any other relief this Honorable Court deems just and proper.

**By: /s/ Marisa Chanile Smith**

Marisa Chanile Smith, Pro-Se

3809 SW 164 Terrace

Miramar, Florida 33027

954-446-5359

marisamsith@mail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                    CASE NO.: 22-14583-SMG
                                                                        CHAPTER 13

**Marisa Chanile Smith,**
  **Debtor.**

_____/

### REQUEST FOR SERVICE

     **PLEASE TAKE NOTICE THAT** the undersigned hereby appears on behalf of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST C/O U.S. BANK TRUST NATIONAL ASSOCIATION ("Secured Creditor"). Pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, the undersigned requests all notices given or required to be given and all papers required to be served in this case to creditors, any creditors committees, and any other parties-in-interest, be sent to and served upon the undersigned and the following be added to the Court's Master Mailing List:

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**
**6409 CONGRESS AVENUE, SUITE 100**
**BOCA RATON, FL 33487**

                              Robertson, Anschutz, Schneid, Crane &
                              Partners, PLLC
                              Authorized Agent for Secured Creditor
                              6409 Congress Avenue, Suite 100
                              Boca Raton, FL 33487
                              Telephone: 470-321-7112

                          By: /s/Keith Labell
                              Keith Labell
                              Email: klabell@raslg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via United States Mail to the following:

MARISA CHANILE SMITH
3809 SW 164TH TERRACE
MIRAMAR, FL 33027

And via electronic mail to:

ROBIN R WEINER
ROBIN R. WEINER, CHAPTER 13 TRUSTEE
POST OFFICE BOX 559007
FORT LAUDERDALE, FL 33355

OFFICE OF THE US TRUSTEE
51 S.W. 1ST AVE. SUITE 1204
MIAMI, FL 33130

By: /s/ Brianna Carr

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Southern District of Florida ▾

Case number (*if known*): 22-14583-SMG

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

☑ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** | | |
| Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Marisa<br>First name<br>Chanile<br>Middle name<br>Smith<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – <u>7</u> <u>9</u> <u>1</u> <u>2</u><br>OR<br>9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ ___ |

Debtor 1  Marisa  Chanile  Smith
          First Name  Middle Name  Last Name

Case number *(if known)* 22-14583-SMG

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

❏ I have not used any business names or EINs.

Elite Paradise Properties LLC
Business name

Business name

8 8 - 1 8 5 3 2 9 7
EIN

EIN

❏ I have not used any business names or EINs.

Business name

Business name

EIN

EIN

**5. Where you live**

3809 SW 164 Terrace
Number    Street

Miramar          FL    33027
City             State  ZIP Code

Broward
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City          State  ZIP Code

**If Debtor 2 lives at a different address:**

Number    Street

City          State  ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number    Street

P.O. Box

City          State  ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

❏ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

Check one:

❏ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

❏ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

Debtor 1 __Marisa__ __Chanile__ __Smith__          Case number (if known) 22-14583-SMG
         First Name  Middle Name  Last Name

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

---

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes.   District  Southern Florida   When  10/15/2018   Case number  18-22792-JKO
                                                   MM / DD / YYYY

         District  Southern Florida   When  _____   Case number  19-23650-PDR
                                                   MM / DD / YYYY

         District  _____   When  _____   Case number  _____
                                                   MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.   Debtor  _____   Relationship to you  _____

         District  _____   When  _____   Case number, if known _____
                                        MM / DD / YYYY

         Debtor  _____   Relationship to you  _____

         District  _____   When  _____   Case number, if known _____
                                        MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.   Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

   ☐ No. Go to line 12.

   ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1 __Marisa__ __Chanile__ __Smith__                    Case number (if known) 22-14583-SMG
         First Name   Middle Name   Last Name

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |

**12. Are you a sole proprietor of any full- or part-time business?**

☑ No. Go to Part 4.

☐ Yes. Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

Name of business, if any

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

Number        Street

City                                State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1    **Marisa**    **Chanile**    **Smith**      Case number *(if known)* **22-14583-SMG**
First Name    Middle Name    Last Name

---

**Part 4:**    **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

---

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

☑ No

☐ Yes. What is the hazard? _____

_____

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
                Number     Street

_____

                 City                                   State     ZIP Code

Debtor 1 __Marisa__ __Chanile__ __Smith_____
First Name  Middle Name  Last Name

Case number *(if known)* 22-14583-SMG

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

| Debtor 1 | Marisa | Chanile | Smith | | Case number *(if known)* 22-14583-SMG |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

## Part 6:   Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c. State the type of debts you owe that are not consumer debts or business debts.**

_____

---

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Part 7:   Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ /s/ Marisa Chanile smith
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on 07/07/2022
      MM / DD /YYYY

Executed on _____
      MM / DD /YYYY

---

| Debtor 1 | Marisa | Chanile | Smith | Case number (if known) 22-14583-SMG |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _____     Date _____

Signature of Attorney for Debtor                    MM  /  DD  / YYYY

_N/A_

Printed name _____

Firm name _____

Number    Street _____

_____

City _____    State _____    ZIP Code _____

Contact phone _____    Email address _____

Bar number _____    State _____

| Debtor 1 | Marisa | Chanile | Smith | | Case number *(if known)* 22-14583-SMG |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No
☐ Yes. Name of Person_____.
　　　Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| ✗ /s/ Marisa Chanile Smith | ✗ |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date 07/07/2022　MM/ DD / YYYY | Date _____ MM / DD / YYYY |
| Contact phone _____ | Contact phone _____ |
| Cell phone _____ | Cell phone _____ |
| Email address _____ | Email address _____ |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Case 0:22-cv-61931-RKA-14583-SMC Doc 1 Entered 07/07/22 Docket 10/15/2022 Page 49 of 121

In re: Marisa Chanile Smith    Case No. 22-14583-SMG
                               Chapter 13

_____ Debtor ____/

## DEBTOR'S NOTICE OF COMPLIANCE WITH REQUIREMENTS FOR AMENDING CREDITOR INFORMATION

This notice is being filed in accordance with Local Rules 1007-2(B), 1009-1(D), or 1019-1(B) upon the filing of an amendment to the debtor's lists, schedules or statements, pursuant to Bankruptcy Rules 1007, 1009, 1019 or 5010-1(B). I certify that:

[X] The paper filed **adds** creditor(s) as reflected on the underlined attached list (include name and address of each creditor being added). I have:
1. remitted the required fee (unless the paper is a Bankruptcy Rule 1019(5) report);
2. provided the court with a supplemental matrix **of only the added creditors** on a CD or memory stick in electronic text format (ASCII or MS-DOS text), or electronically uploaded the added creditors in CM/ECF;
3. provided notice to affected parties, including service of a copy of this notice and a copy of the §341 or post conversion meeting notice [see Local Rule 1009-1(D)(2)] and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)];
4. filed an amended schedule(s) and summary of schedules; and
5. filed a motion to reopen accompanied by the required filing fee (if adding creditors pursuant to Local Rule 5010-1(B)).

[ ] The paper filed **deletes** a creditor(s) as reflected on the attached list (include name and address of each creditor being deleted). **I have:**
1. remitted the required fee;
2. provided notice to affected parties and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
3. filed an amended schedule(s) and summary of schedules.

[ ] The paper filed **corrects** the name and/or address of a creditor(s) as reflected on the attached list. **I have:**
1. provided notice to affected parties, including service of a copy of this notice and a copy of the §341 or post conversion meeting notice [see Local Rule 1009-1(D)(2)] and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
2. filed an amended schedule(s) or other paper.

[ ] The paper filed **corrects** schedule D or E/F amount(s) or classification(s). **I have:**
1. remitted the required fee;
2. provided notice to affected parties and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
3. filed an amended schedule(s) and summary of schedules.

[ ] None of the above apply. The paper filed does not require an additional fee, a supplemental matrix, or notice to affected parties. It □ does □ does not require the filing of an amended schedule and summary of schedules.

I also certify that, if filing amended schedules, Bankruptcy Form 106 "Declaration About an Individual Debtor's Schedules" (signed by both debtors) or Bankruptcy Form 202 , "Declaration Under Penalty of Perjury for Non-Individual Debtors" has been filed as required by Local Rules 1007-2(B), 1009-1(A)(2) and (D)(1), or 1019-1(B).

Dated: 07/07/22

_Marisa Chanile Smith_
Attorney for Debtor (or Debtor, if pro se)              Joint Debtor (if applicable)

_Maurice C. Barrett_
Print Name                                              Address

_____                                _____
Florida Bar Number                                      Phone Number

LF-4 (rev. 12/01/15)

CASE # 22-14583-SMG

SSN/ITIN: XXX-XX-7912

CREDITORS

AVANTI CREDIT CARD
222 N. LASALLE ST. SUITE 1600
CHICAGO, ILLINOIS 60601


CRB/UPGRADE, INC LBX# 452210
P.O. BOX 52210
PHOENIX, AZ 85072-2210


D & S LAW GROUP, PA
8751 W. BROWARD BLVD SUITE 301
PLANTATION, FL 33324


FED LOAN SERVICING
P.O. Box 69184
HARRISBURG, PA 17106-9184


SELENE FINANCE
P.O. BOX 71243
PHILADELPHIA, PA 19176-6243


SHOMA HOMES AT NAUTICA SINGLE FAMILY
3680 SW 166TH AVENUE
MIRAMAR, FL 33027


SHOMA SINGLE FAMILY AT NAUTICA
14275 SW 142 AVENUE
MIAMI, FL 33186

Form CGFCRD3Z (06/11/22)

# United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22–14583–SMG**

**Chapter: 13**

**In re:**
Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027
SSN: xxx–xx–7917

# NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Scott M Grossman to consider the following:

**Emergency Motion to Extend the Automatic Stay Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (25)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:**      **July 21, 2022**
   **Time:**      **01:00 PM**
   **Location:**    **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

4. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 7/8/22**

**CLERK OF COURT**
By: Edy Gomez
Courtroom Deputy

United States Bankruptcy Court
Southern District of Florida

In re:                                                              Case No. 22-14583-SMG
Marisa Chanile Smith                                                Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 113C-0                    User: admin                          Page 1 of 2
Date Rcvd: Jul 08, 2022                 Form ID: CGFCRD3Z                     Total Noticed: 13

The following symbols are used throughout this certificate:

**Symbol**      **Definition**
+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 10, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| cr | + | Nautica Community Association, Inc., Bakalar & Associates, P.A., 12472 W. Atlantic Blvd., Coral Springs, FL 33071-4086 |
| cr | + | Shoma Homes at Nautica Single Family Neighborhood, Bakalar & Associates, P.A., 12472 W Atlantic Blvd., Coral Springs, FL 33071-4086 |
| 96636819 | | Selene Finance, P.O. Box 71243, Philadelphia PA 19176-6243 |
| 96611885 | | Selene Finance LP, POB 71243, Philadelphia, PA 19176-6243 |
| 96636820 | + | Shoma Homes at Nautica Single Family, 3680 SW 166th Avenue, Miramar FL 33027-4517 |
| 96636822 | + | Shoma Single Family at Nautica, 14275 SW 142 Avenue, Miami FL 33186-6715 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/PDF: marisasmith@mail.com | Jul 08 2022 22:24:00 | Marisa Chanile Smith, 3809 SW 164th Terrace, Miramar, FL 33027-4641 |
| smg | + | Email/Text: swulfekuhle@broward.org | Jul 08 2022 22:24:00 | Broward County Tax Collector, 115 S Andrews Ave, Ft Lauderdale, FL 33301-1818 |
| smg | | Email/Text: OGCBankruptcy@floridarevenue.com | Jul 08 2022 22:24:00 | Florida Department of Revenue, POB 6668, Bankruptcy Division, Tallahassee, FL 32314-6668 |
| cr | + | Email/Text: RASEBN@raslg.com | Jul 08 2022 22:24:00 | U.S. Bank Trust National Association, not in its i, Robertson, Anschutz, Schneid, Crane & Pa, 6409 Congress Avenue, suite 100, Boca Raton, FL 33487-2853 |
| 96636818 | | Email/Text: bncnotifications@pheaa.org | Jul 08 2022 22:24:00 | Fed Loan Servicing, P.O. Box 69184, Harrisburg PA 17106-9184 |
| 96618434 | | Email/PDF: resurgentbknotifications@resurgent.com | Jul 08 2022 22:33:32 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 96611886 | | Email/Text: bncnotifications@pheaa.org | Jul 08 2022 22:24:00 | U.S. Department Of Education, FedLoan Servicing, POB 69184, Harrisburg, PA 17106-9184 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 10, 2022        Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 8, 2022 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| Keith S Labell | on behalf of Creditor U.S. Bank Trust National Association not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association klabell@raslg.com, klabell@raslg.com |
| Michael S Hoffman | on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc Mshoffman@hlalaw.com hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Robin R Weiner | ecf@ch13weiner.com ecf2@ch13weiner.com |
| Susan P Bakalar | on behalf of Creditor Nautica Community Association Inc. sbakalar@assoc-law.com, smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com |
| Susan P Bakalar | on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc sbakalar@assoc-law.com smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com |

TOTAL: 6

Form CGFCRD3Z (06/11/22)

# United States Bankruptcy Court
## Southern District of Florida
## www.flsb.uscourts.gov

Case Number: 22–14583–SMG

Chapter: 13

**In re:**
Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027
SSN: xxx–xx–7917

# NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Scott M Grossman to consider the following:

**Emergency Motion to Extend the Automatic Stay Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (25)**

1.  This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

    **Date:** **July 21, 2022**
    **Time:** **01:00 PM**
    **Location:** **Video Conference by Zoom for Government**

2.  The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3.  To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

    https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObjU

4.  The movant, or movant's counsel if represented by an attorney, must:

    (a)  serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

    (b)  file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

    Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5.  PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 7/8/22**

CLERK OF COURT
By: Edy Gomez
Courtroom Deputy

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Marisa Chanile Smith

Case No. 22-14583-SMG
Chapter 13



_____ Debtor ___/

**Ch. 13 - Notice of Amendment (Amend List of Creditors, Statement About Social Security Numbers & Voluntary Petition for Individuals Filing for Bankruptcy)**

**REQUEST TO AMEND VOLUNTARY PETITION TO INCLUDE CORRECT SOCIAL SECURITY NUMBER AND AMEND LIST OF CREDITORS**

Please take notice the debtor(s) Marisa Chanile Smith is requesting to amend the Chapter 13 Voluntary Petition to include the correct social security number and amend the list of creditors. The amendment with include additional creditors and the voluntary petition will include the change of social security number (See amended voluntary petition and amended list of creditors attached.

I, Marisa Chanile Smith hereby declare under penalty of perjury that the information I have given and the information contained in the document listed below is true and correct to the best of my knowledge and belief.

Official Form 101 (Voluntary Petition for Individuals filing Bankruptcy)

- The social security number should be xxx-xx-7912 and not xxx-xx-7917

Official Form 121

- The Statement About Social Security Numbers has been updated

SHOMA HOMES AT NAUTICA SINGLE FAMILY

3680 SW 166TH AVENUE

MIRAMAR, FLORIDA 33027


SHOMA SINGLE FAMILY AT NAUTICA

14275 SW 142 AVENUE

MIAMI, FLORIDA 33186


I, the debtor Marisa Chanile Smith, do hereby certify that I have this date served a true
and correct copy of the notice of amendment of the Voluntary Petition, Statement About
Your social security Numbers (Official form 121) and Creditors Matrix by notifying
creditors .

07/07/2022
Marisa Chanile smith
3809 SW 164 Terrace
Miramar, Florida 33027
marisasmith@mail.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

**CASE NO.: 22-14583-BKC-SMG**
PROCEEDING UNDER CHAPTER 13

IN RE:

MARISA CHANILE SMITH
XXX-XX-7912

DEBTOR_____/

### TRUSTEE'S MOTION TO DISMISS AND CERTIFICATE OF
### SERVICE OF COURT GENERATED NOTICE OF HEARING

**COMES NOW**, Robin R. Weiner, Standing Chapter 13 Trustee in the above-referenced bankruptcy case ("Trustee"), and files her Motion to Dismiss pursuant to 11 U.S.C. §1307(c) for the reason(s) set forth below:

1. Failure to obtain credit counseling from an approved credit counseling agency prior to the filing of the petition as required by 11 U.S.C. §109;

2. The automatic stay was not extended pursuant to 11 U.S.C. §362(c)(3) or imposed pursuant to 11 U.S.C. §362(c)(4);

**WHEREFORE**, your movant recommends it is in the best interest of the creditors and the estate that this petition under Chapter 13 be dismissed.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A) and that a true and correct copy of this Trustee's Motion to Dismiss and Certificate of Service of Court Generated Notice of Hearing was served, via U.S. first class mail, certified mail and/or CM/ECF, upon the parties listed on the attached service list this 13th day of July, 2022.

*/s/ Robin R. Weiner*_____
ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
TELEPHONE: 954-382-2001
FLORIDA BAR NO.: 861154

## SERVICE LIST

**COPIES FURNISHED TO:**

**DEBTOR**
MARISA CHANILE SMITH
3809 SW 164TH TERRACE
MIRAMAR, FL 33027

**ATTORNEY FOR DEBTOR**
PRO-SE

**CREDITOR(S)**

BAKALAR & ASSOCIATES PA
12472 WEST ATLANTIC BLVD
CORAL SPRINGS, FL 33071

LVNV FUNDING, LLC
C/O RESURGENT CAPITAL SERVICES
POB 10587
GREENVILLE, SC 29603-0587

ROBERTSON ANSCHUTZ & SCHNEID
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487

Form CGFCRD3Z  (06/11/22)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22–14583–SMG**

**Chapter: 13**

**In re:**
Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027
SSN: xxx–xx–7917

# RENOTICE OF HEARING

**PLEASE TAKE NOTICE**  that a hearing will be held before the Honorable Scott M Grossman to consider the following:

**Motion for Relief from Stay [Consent for the 30 day Waiver] [Fee Amount $188] Filed by Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc (Hoffman, Michael) (19)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:**       **July 28, 2022**
   **Time:**       **10:00 AM**
   **Location:**   **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

4. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 7/14/22**

**CLERK OF COURT**
By: Edy Gomez
Courtroom Deputy

Form CGFCRD3Z  (06/11/22)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22–14583–SMG**

**Chapter: 13**

**In re:**
Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027
SSN: xxx–xx–7917

## RENOTICE OF HEARING

**PLEASE TAKE NOTICE**  that a hearing will be held before the Honorable Scott M Grossman to consider the following:

**Pro Se Motion to Extend Time to File Required Information Pursuant to 11 USC Section 521a, Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (22)**

**Emergency Motion to Extend the Automatic Stay Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (25)**

**Pro Se Motion to Amend Re: 1 Voluntary Petition (Chapter 7), 2 Statement of Debtor(s) Social Security Number(s) Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (34)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:**       **July 28, 2022**
   **Time:**       **10:00 AM**
   **Location:**   **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

4. The movant, or movant's counsel if represented by an attorney, must:

   (a)   serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b)   file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the

official record of the hearing.

**Dated:** _7/14/22_

**CLERK OF COURT**
By: <u>Edy Gomez</u>
Courtroom Deputy

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                    **Case No. 22-14583-SMG**
                                          Chapter 13

MARISA CHANILE SMITH,
_____Debtor_____/

## DEBTOR'S VERIFIED RESPONSE IN OPPOSITION TO CREDITOR SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD, INC.'S MOTION FOR RELIEF FROM STAY

I, the Debtor Marisa Smith hereby files this, my Verified Response in Opposition to Creditor Shoma Homes at Nautica Single Family Neighborhood, Inc.'s Motion for Relief from Stay, and in support hereof states as:

On May 25, 2022, the alleged creditor, Shoma Homes at Nautica Single Family Neighborhood, Inc. ("SHOMA") obtained a pre-petition state court final judgment in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "state Court"), in case number CACE 20-15682. [ECF No. 19-1]. However, prior to the Debtor's June 14, 2022 chapter 13 petition filing, the time to file a motion for rehearing and/or to file an appeal directed at the May 25, 2022 final judgment had not yet expired. Therefore, the execution of said final judgment has been suspended.

Nevertheless, paragraph six (6) of the state Court final judgment scheduled a June 14, 2022 public auction of the Debtor's homestead and primary residence located at 3809 S.W. 164th Terrace, Miramar, Florida 33027. Here, it's extremely important to note that the final judgment un-customarily scheduled the public auction to occur in just 20 days later. Certainly it would be, and in fact was, very difficult for SHOMA to comply with the Florida law that requires publication of a "notice of sale" *once a week for 2*

1

*consecutive weeks*, with the second publication being published at least 5 days before the June 14, 2022 foreclosure auction.

On or about June 6, 2022, the debtor accessed the Clerk of the state Court's website for online judicial sales and discovered that the subject property **was not** scheduled for a June 14, 2022 foreclosure sale, but instead, was scheduled for an August 24, 2022 foreclosure sale date. Thus, because of the difficulties of publishing a notice of sale (for 14 consecutive days) by June 14, 2022, SHOMA and/or the Clerk of the State court, scheduled the foreclosure sale to occur on August 24, 2022 – instead of June 14, 2022 as ordered by the May 25, 2022 final judgment. Copies of the State court Clerk's auctions scheduled for June 14, 2022 (which *does not* include the subject property); and its auctions scheduled for August 24, 2022 (which *does* includes the subject property), are attached hereto as Exhibits A and B, respectively.

On June 9, 2022 (just five (5) days before June 14, 2022 foreclosure sale), SHOMA filed a document purporting to reflect that it [SHOMA] caused the publication of a "notice of sale pursuant to chapter 45". However, the alleged proof of publication does not reflect that the notice of sale was published pursuant to chapter 45, because it does not prove that said notice of sale was published for two consecutive weeks, i.e. 14 consecutive days.

This is factual because the alleged affidavit from the legal clerk of the Broward Daily Review ("BDR"), reveals that the first publication of the notice of sale was published on June 2, 2022. However, before the 7-day period of the June 2, 2022 publication expired, (i.e. on June 8, 2022), the second publication started on June 6, 2022. As such, the notice of sale was not published for "two consecutive weeks" (two

2

consecutive 7-day periods). In fact, the affidavit reveals that the first publication was for only four (4) days – June 2, 2022, June 3, 2022, June 4, 2022 and June 5, 2022. In other words, the June 6, 2022 second publication disrupted the 7-day completion of the June 2, 2022 first publication. A copy of the BDR affidavit of proof of publication, is attached hereto as Exhibit C.

Shockingly however, on June 13, 2022 (just hours before June 14, 2022 @ 10:00 AM foreclosure sale of my home), the Debtor learned (for the very first time since on or about June 6, 2022), that the August 24, 2022 foreclosure sale of her homestead and primary residence, had been cancelled and re-scheduled for June 14, 2022. Here, it's extremely important to note that the August 24, 2022 sale date was cancelled and re-scheduled for June 14, 2022 **without an order from the state Court.**

The Debtor, on June 13, 2022, and again on the morning of June 14, 2022, pleaded with the supervisor and other employees of the State court Clerk's office, representatives at the BDR, and SHOMA's attorneys, to postpone the June 14, 2022, due to the improperly published and inappropriately re-scheduled June 14, 2022 foreclosure sale. Unfortunately, the Debtor's attempts to encourage the Clerk's office, BDR, and/or SHOMA's attorney to postpone the June 14, 2022 foreclosure sale due to the publication error, fell on deaf ears.

After SHOMA's attorney and the state Court Clerk's office refuse to act on the improperly published notice of sale by cancelling the June 14, 2022 sale date, I, the Debtor Marisa Smith was left with no other choice but to seek protection from this Court by filing an emergency chapter 13 bankruptcy petition on June 14, 2022 at exactly 1:12 P.M.

3

Indeed, the very last thing I, the Debtor Marisa C. Smith wanted to do, was to file this instant bankruptcy case.  In fact, since the entry of the state Court's final judgment - until June 13, 2022 (my *less than* 24 hour notification of a June 14, 2022 foreclosure sale), I was preparing to verify and thereafter, pay off SHOMA's May 25, 2022 final judgment.

ARGUMENT

It appears that Creditor, SHOMA is seeking relief from the automatic stay pursuant to §§ 362(d), of the Bankruptcy Code, which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-

>>> (A) the debtor does not have an equity in such property; and

>>> (B) such property is not necessary to an effective reorganization;

**Bad Faith**

A. Section 362(d)(1)

A party seeking relief from the automatic stay must make a prima-facie showing of cause after which the burden shifts to the opposing party to prove its entitlement to the continued protections of the stay. *Froman v. Fein*, 566 B.R. 641, 652 (S.D.N.Y. 2017). Because the Bankruptcy Code does not define cause, the determination of whether to grant relief from the stay based on cause is a discretionary one which is made on a case by case basis. *In re Boardwalk, Inc.*, 520 B.R. 126, 132 (Bankr. M.D. Fla. 2014). Yes, it is true that the filing of a bankruptcy petition in bad faith constitutes cause pursuant to § 362(d)(1) to lift the automatic stay. *In re Phoenix Picadilly*, 849 F.2d 1393, 1394 (11th Cir. 1988).

Although SHOMA does not clearly indicate in its Motion for Relief from Stay what it believes constitutes cause in this instant case, presumably the cause to which it

4

vaguely refers to is the filing of this instant case allegedly in "bad faith"; and SHOMA's alleged lack of adequate protection.

Indeed, the debtor has filed two (2) bankruptcy petitions (within the last four (4) years) prior to filing this instant case. However, unlike the previous two cases, I, the Debtor had no intentions, plans, or any inclinations whatsoever of filing this instant case – that is, until I received less than 24 hour notice on June 13, 2022 that my home (which values at nearly $600,000.00 dollars) would be sold the very next morning (June 14, 2022) for approximately $34,000 via a public auction.

Contrary to SHOMA's attorney's unverified statement that "the present case was filed in bad faith", this instant case was filed as an emergency to stop a foreclosure sale which was rescheduled (in bad faith) from August 24, 2022 to June 14, 2022, and done so, without a state Court order and without notice to me, the Debtor. In fact, I, the Debtor did not learn of the rescheduling of the foreclosure sale from August 24th to June 14th, until June 13, 2022 – one day before that June 14th foreclosure sale date.

Thus, prior to June 13, 2022 (my 24 hour notice of the June 14, 2022 sale date), I had no reason, and thus, no intentions whatsoever of filing this current chapter 13 bankruptcy case. Additionally, the reason I filed this case late in the afternoon of June 14, 2022, is because on June 13, 2022 and the morning of June 14, 2022, I pleaded with the Clerk of the state court, the Broward Daily Review representative, and/or SHOMA's attorney, to acknowledge that compliance with the publication provisions of F.S. 45.031, did not occur.

5

Thus, prior to filing this un-intended bankruptcy case, I exhausted every possible avenue to save my home from a last-minute and un-noticed foreclosure sale rescheduling – a rescheduling that occurred without a Court order.

Therefore, this case was not filed in bad faith and as such, the Debtor is requesting this Court to deny SHOMA's request for stay relief and to allow me one final opportunity to reorganize my debts. Specifically, the Debtor is requesting the Court find that this case was not filed in bad faith, and that SHOMA, therefore, is not entitled to relief from the stay pursuant to § 362(d).

**Adequate Protection**

Section 362(d)(2) provides that:

A party seeking relief from the automatic stay under § 362(d)(2) must show that the debtor has no equity in the property at issue, after which the burden shifts to the debtor to show that the property is necessary to an effective reorganization. 11 U.S.C. § 362(g).

SHOMA's motion for relief from stay indicates that it is allegedly owed approximately $34,186.73 dollars as of the petition date. [ECF No. 19-1]. Additionally, there is a 1999 mortgage on the subject property with a balance due of approximately $360,000 dollars. Clearly, SHOMA's own filings reflects that the Broward County Property Appraiser's valuation of the subject property at $528,410.00 dollars. [ECF No. 19-4]. As such, SHOMA has failed to prove that there is no equity in the subject Property. Even if it had, however, because the Property is my home, it is clearly necessary for an effective reorganization. In short, the Debtor proposes to adequately protect SHOMA's alleged security

6

interest with the equity in the subject property. As such, the Debtor is respectfully requesting that this Court does not lift the stay pursuant to § 362(d)(2).

**The Foreclosure Sale**

The Debtor agrees with SHOMA that this chapter 13 bankruptcy case was filed on June 14, 2022 at exactly **1:12 PM** which immediately stayed all judicial proceedings against me, the Debtor including the certificate of sale that was filed by the clerk of the state Court on June 14, 2022 at exactly **2:04:26 PM.** Clearly, the June 14, 2022 certificate of sale was filed 52 minutes "post-petition", and as such, violates the aforementioned Automatic Stay. A copy of the Clerk of the state Court's June 14, 2022 certificate of sale is filed as an attachment to SHOMA's July 1, 2022 motion for Relief from Stay [ECF No. 19-3].

Here in Florida, it is well settled that a foreclosure sale is not "complete" until the Clerk files a certificate of sale. See *In re Jaar*, 186 BR 148 (Bankr. Court, MD Florida 1995); *Garcia v. Rivas*, Dist. Court, SD Florida 2016 (Case No. 15-Civ-21274-COOKE); *In re Fothergill*, 293 BR 263 (Bankr. Court, SD Florida 2003); and *In re Reid*, 200 BR 265 (Bankr. Court, SD Florida 1996).

SHOMA's failure to immediately vacate the June 14, 2022 foreclosure sale, is a *willful* violation of the Automatic Stay provisions. *See In re Keen*, 301 B.R. 749 (Bankr. S.D. Fla 2003).

Although SHOMA violated the automatic stay by not immediately moving to vacate the June 14, 2022 foreclosure sale, that in-action, in itself, may or may not have been a "willful" stay violation. However, on June 16, 2022, SHOMA was well aware of the automatic stay when, on that same day, I, the Debtor filed a suggestion of bankruptcy

7

and simultaneously served SHOMA with a copy of that suggestion – as such, SHOMA received actual notice of this bankruptcy case on or before June 16, 2022.

Therefore, on June 16, 2022, once notice was given that bankruptcy relief had been filed on June 14 at exactly **1:12 PM**, SHOMA had an affirmative duty to undo the violation of the stay – i.e., to undo the June 16, 2022 certificate of sale, which was clearly entered 52 minutes *after* the June 14, 2022 bankruptcy petition.

Several courts, including those here in the Southern District of Florida, have held that the failure to take action to undo an *innocent* violation of the automatic stay constitutes a *willful* violation of the stay. *See In re Keen*; Also see *In re Taylor*, 190 B.R. 459 (Bankr. S.D. Fla 1995).

**WHEREFORE**, Debtor Marisa C. Smith is hereby respectfully requesting this court to deny Creditor Shoma Homes at Nautica Single Family Neighborhood, Inc.'s Motion for Relief from Stay and for any such further relief as this Honorable Court deems just and proper.

### Verification

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged herein are true and correct to the best of our knowledge and belief.

Marisa C. Smith
3809 S.W. 164th Terrace
Miramar, Florida 33027

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by U.S. Mail, electronic mail and/or the Electronic Case Filing system on this 15th day of July, 2022 to the Creditor 's Shoma Homes at Nautica Single Family

8

Neighborhood, Inc.'s Attorney at:

**HOFFMAN, LARIN & AGNETTI, P.A.**
*Counsel for Shoma*
909 North Miami Beach Boulevard, Suite 201
North Miami Beach, Florida 33162
mshoffman@hlalaw.com

Marisa C. Smith

9

# Exhibit A

# BRENDA D. FORMAN
## Broward County Clerk of the Courts
### OFFICIAL FORECLOSURE SALE SITE

Home    About Us    FAQ    Contact Us    Log Off

Wednesday August 24, 2022

< < Previous Auction      Current      Next Auction > >

Pursuant to new legislation effective July 1, 2008, F. S. 45.031(10), the Clerk may conduct the sale of real or personal property under an order or judgment by electronic means.

**Running Auctions**

There are no cases currently being auctioned.

**Auctions Waiting**

< PRE    page  1     of 1   NEXT >

| Auction Starts | **Auction Type:** | **FORECLOSURE** |
|---|---|---|
| 08/24/2022 10:00 AM ET | Case #: | CACE-20-015682 |
| | Final Judgment Amount: | $0.00 |
| [ Place Bid ] | Parcel ID: | |
| | Plaintiff Max Bid: | $0.00 |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

| Auction Starts | **Auction Type:** | **FORECLOSURE** |
|---|---|---|
| 08/24/2022 10:00 AM ET | Case #: | CACE-21-014693 |
| | Final Judgment Amount: | $0.00 |
| [ Place Bid ] | Parcel ID: | |
| | Plaintiff Max Bid: | $0.00 |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

< PRE    page  1     of 1   NEXT >

# Exhibit B

# BRENDA D. FORMAN
## Broward County Clerk of the Courts
### OFFICIAL FORECLOSURE SALE SITE

Home     About Us     FAQ     Contact Us     Log Off

Tuesday June 14, 2022

< < Previous Auction     Current     Next Auction > >

Pursuant to new legislation effective July 1, 2008, F. S. 45.031(10), the Clerk may conduct the sale of real or personal property under an order or judgment by electronic means.

## Running Auctions

**There are no cases currently being auctioned.**

## Auctions Waiting

< PRE   page 2     of 3   NEXT >

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-001672 |
| | Final Judgment Amount: | $382,133.50 |
| | Parcel ID: | 484213060680 |
| Place Bid | Property Address: | 1501 NE 40 ST |
| | | POMPANO BEACH, 33064 |
| | Plaintiff Max Bid: | $382,133.50 |

| My Proxy Bid $0.00 | Name on Title (Nickname) Lorenzo Allen |
|---|---|

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-002985 |
| | Final Judgment Amount: | $314,904.44 |
| | Parcel ID: | 494116012110 |
| Place Bid | Property Address: | 8221 NW 46 ST |
| | | LAUDERHILL, 33351 |
| | Plaintiff Max Bid: | $314,904.44 |

| My Proxy Bid $0.00 | Name on Title (Nickname) Lorenzo Allen |
|---|---|

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-013813 |
| | Final Judgment Amount: | $358,049.33 |
| | Parcel ID: | 484235100040 |
| Place Bid | Property Address: | 700 NW 3 AVE |
| | | POMPANO BEACH, 33060 |
| | Plaintiff Max Bid: | $358,049.33 |

| My Proxy Bid $0.00 | Name on Title (Nickname) Lorenzo Allen |
|---|---|

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-019398 |
| | Final Judgment Amount: | $396,686.40 |
| | Parcel ID: | 514207094120 |

| | **Property Address:** | **4621 JOHNSON ST** |
|---|---|---|
| [Place Bid] | | **HOLLYWOOD, 33021** |
| | **Plaintiff Max Bid:** | **$396,686.40** |

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| **$0.00** | | **Lorenzo Allen** |

| | **Auction Type:** | **FORECLOSURE** |
|---|---|---|
| **Auction Starts** | **Case #:** | **CACE-19-023844** |
| **06/14/2022 10:00 AM ET** | **Final Judgment Amount:** | **$89,945.62** |
| | **Parcel ID:** | **494124GD0150** |
| [Place Bid] | **Property Address:** | **3506 NW 49 AVE 415** |
| | | **LAUDERDALE LAKES, 33319** |
| | **Plaintiff Max Bid:** | **$89,945.62** |

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| **$0.00** | | **Lorenzo Allen** |

| | **Auction Type:** | **FORECLOSURE** |
|---|---|---|
| **Auction Starts** | **Case #:** | **CACE-20-002190** |
| **06/14/2022 10:00 AM ET** | **Final Judgment Amount:** | **$119,580.07** |
| | **Parcel ID:** | **514203AH0150** |
| [Place Bid] | **Property Address:** | **1024 SE 3 AVE 301** |
| | | **DANIA BEACH, 33004** |
| | **Plaintiff Max Bid:** | **$119,580.07** |

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| **$0.00** | | **Lorenzo Allen** |

This item is a complimentary placing obligation report on title information.

| | **Auction Type:** | **FORECLOSURE** |
|---|---|---|
| **Auction Starts** | **Case #:** | **CACE-20-002439** |
| **06/14/2022 10:00 AM ET** | **Final Judgment Amount:** | **$249,565.74** |
| | **Parcel ID:** | **484215050060** |
| [Place Bid] | **Property Address:** | **950 NW 49 CT** |
| | | **DEERFIELD BEACH, 33064** |
| | **Plaintiff Max Bid:** | **$249,565.74** |

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| **$0.00** | | **Lorenzo Allen** |

| | **Auction Type:** | **FORECLOSURE** |
|---|---|---|
| **Auction Starts** | **Case #:** | **CACE-20-004737** |
| **06/14/2022 10:00 AM ET** | **Final Judgment Amount:** | **$285,072.73** |
| | **Parcel ID:** | **504131021280** |
| [Place Bid] | **Property Address:** | **10453 SW 50 PL** |
| | | **COOPER CITY, 33328** |
| | **Plaintiff Max Bid:** | **$285,072.73** |

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| **$0.00** | | **Lorenzo Allen** |

| | **Auction Type:** | **FORECLOSURE** |
|---|---|---|
| **Auction Starts** | **Case #:** | **CACE-20-014738** |
| **06/14/2022 10:00 AM ET** | **Final Judgment Amount:** | **$25,296.91** |
| | **Parcel ID:** | **514032062110** |
| [Place Bid] | **Property Address:** | **16891 SW 49 CT** |
| | | **MIRAMAR, 33027** |
| | **Plaintiff Max Bid:** | **$25,296.91** |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
| | Case #: | CACE-21-005438 |
| | Final Judgment Amount: | $17,531.52 |
| | Parcel ID: | 484123AB2710 |
| Place Bid | Property Address: | 3060 HOLIDAY SPRINGS BLVD 17-2 |
| | | MARGATE, 33063 |
| | Plaintiff Max Bid: | $17,531.52 |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

PRE   page   2   of 3   NEXT

**Auctions Closed or Canceled**

PRE   page   1   of 1   NEXT

| Auction Status Canceled per County | Auction Type: | FORECLOSURE |
| | Case #: | CACE-19-008134 |
| | Final Judgment Amount: | $467,442.82 |
| | Parcel ID: | 484106070630 |
| | Property Address: | 5949 NW 125 AVE |
| | | CORAL SPRINGS, 33076 |
| | Plaintiff Max Bid: | $467,442.82 |

| | Name on Title (Nickname) |
|---|---|
| | Lorenzo Allen |

| Auction Status Canceled per County | Auction Type: | FORECLOSURE |
| | Case #: | CACE-20-013535 |
| | Final Judgment Amount: | $404,461.97 |
| | Parcel ID: | 484135010260 |
| | Property Address: | 340 NW 69 TER |
| | | MARGATE, 33063 |
| | Plaintiff Max Bid: | $404,461.97 |

| | Name on Title (Nickname) |
|---|---|
| | Lorenzo Allen |

PRE   page   1   of 1   NEXT

# Exhibit C

**BROWARD**

STATE OF FLORIDA
COUNTY OF BROWARD:

Before the undersigned authority personally appeared SCHERRIE A. THOMAS, who on oath says that he or she is the LEGAL CLERK, of the Broward Daily Business Review f/ k/a Broward Review, a daily (except Saturday, Sunday and Legal Holidays) newspaper, published at Fort Lauderdale, in Broward County, Florida; that the attached copy of advertisement, being a Legal Advertisement of Notice in the matter of

CACE-20-015682 21
NOTICE OF SALE PURSUANT TO CHAPTER 45
SHOMA HOMES AT NAUTICA SINGLE FAMILY
NEIGHBORHOOD ASSOCIATION, INC.,
VS. MARISA C. SMITH

In the CIRCUIT Court,
was published in said newspaper by print in the issues of and/or by publication on the newspaper's website, if authorized, on

06/02/2022 06/06/2022

Affiant further says that the newspaper complies with all legal requirements for publication in chapter 50, Florida Statutes.

Sworn to and subscribed before me this
6  day of  JUNE, A.D. 2022

(SEAL)
SCHERRIE A. THOMAS personally known to me

BARBARA JEAN COOPER
Notary Public - State of Florida
Commission # GG 292953
My Comm. Expires Jan 21, 2023
Bonded through National Notary Assn.

**NOTICE OF SALE
PURSUANT TO CHAPTER 45**
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-20-015682 (21)
SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOC-IATION, INC., a Florida non-profit cor-poration,
Plaintiff,
v.
MARISA C. SMITH,
Defendants.
NOTICE IS HEREBY GIVEN that pursuant to a Final Summary Judgment of Foreclosure dated May 25, 2022 entered in the above-styled cause now pending in said court, that I will sell to the highest and best bidder for cash on-line at https://www.broward. realforeclose.com/index.cfm at 10:00 AM on June 14, 2022 the following described property:
LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA;
a/k/a 3809 S.W. 164th Terrace, Miramar, Florida 33027.
ANY PERSON CLAIMING AN INTER-EST IN THE SURPLUS FROM THE SALE, IF ANY, OTHER THAN THE PROPERTY OWNER AS OF THE DATE OF THE LIS PENDENS, MUST FILE A CLAIM WITHIN 60 DAYS AFTER THE SALE.
Dated: May 25, 2022
BAKALAR & ASSOCIATES, P.A.
Attorneys for Plaintiff
12472 W. Atlantic Blvd.
Coral Springs, FL 33071
Tel: 954-475-4244
Fax: 954-475-4994
E-mail: rpiccin@assoc-law.com
By: RAYMOND A. PICCIN, ESQ.
Florida Bar No.: 156 159
ANY PERSON CLAIMING AN INTER-EST IN THE SURPLUS FROM THE SALE, IF ANY, OTHER THAN THE PROPERTY OWNER AS OF THE DATE OF THE LIS PENDENS, MUST FILE A CLAIM WITHIN 60 DAYS AFTER THE SALE.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.
6/2-6          22-13/0000600263B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                                        Case No. 22-14583-SMG
                                                             Chapter 13
MARISA CHANILE SMITH,

_____Debtor._____/

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copies of the Re-Notice of Hearing on

Motion for Relief from Stay (DE 38) was sent via CM/ECF to Office of US Trustee, Robin Weiner,

Trustee and  via U.S. Mail on the parties identified on Exhibit A on July 14, 2022.

HOFFMAN, LARIN & AGNETTI, P.A.
909 North Miami Beach Blvd., Suite 201
Miami, Florida 33162
Tel: (305) 653-5555
Fax: (305 940-0090
Email: mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman, Esq.
Florida Bar No: 41164

# United States Bankruptcy Court
## Southern District of Florida

**In re**

**Case no.** 22-14583-SMG

_Marisa Chanile Smith_
Debtor 1

**Chapter** 13

Last four digits of SSN or ITIN  7912

Debtor 2

Last four digits of SSN or ITIN _____

_Response to Trustee Motion to Dismiss Case_
**Title of document**

_Due to circumstance beyond my control
I Marisa Chanile Smith experience hardship
for the completion of course due to extingent
with no access to funds due to cancellation
of credit and debit cards. My account was
frozen due to fraudulent activites. This
created delays and no access to monies
made it difficult to may any payment_

**Date:** _07/28/22_    **Signature:** _____

**Date:** _____    **Signature:** _____



**ORDERED in the Southern District of Florida on July 29, 2022.**

_Scott M. Grossman_

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                          Case No. 22-14583-SMG
                                                Chapter 13
MARISA CHANILE SMITH,

_____Debtor_____/

**ORDER GRANTING MOTION FOR STAY RELIEF**
**EFFECTIVE AS OF THE PETITION DATE**

THIS MATTER came before the Court for hearing on July 28, 2022, at 10:00 a.m. upon

Creditor, Shoma Homes at Nautica Single Family Neighborhood, Inc.'s ("Shoma Homes") Motion

for Relief from Stay [ECF 19] (the "Motion"). The Court, having reviewed the Motion and the

Debtor's Response to the Motion [ECF 40] and having heard the arguments presented at the

hearing, finds that the Debtor filed this case in bad faith. This is the Debtor's third bankruptcy case

since 2018 and was filed without required documents. The Debtor failed to appear at her meeting

of creditors and has not made any preconfirmation payments under her Chapter 13 plan.

Accordingly, it is ordered as follows:

1.       The Motion is **GRANTED**.

2.      The automatic stay arising from this bankruptcy proceeding is modified to permit

Shoma Homes to complete the foreclosure sale of the real property located at

LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT
THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE
PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA

a/k/a 3809 S.W. 164th Terrace, Miramar, FL 33027 (the "Property").

3.      The modification of the automatic stay is effective as of the Petition Date in this

bankruptcy case, such that the Certificate of Sale issued on June 14, 2022, at 2:04 p.m. by the Clerk

of the Broward County Court in Broward County Circuit Court Case No. Case No. CACE-20-

015682 (the "Foreclosure Action") is validated and deemed not in violation of the automatic stay.

The Court in the Foreclosure Action is further authorized take all action necessary to complete the

foreclosure sale of the Property, including but not limited to the issuance of a Certificate of Title

and Writ of Possession.

4.      Since this Court has ruled that this case will be dismissed by separate order, no 14-

day stay period will apply and the relief provided herein is effective upon entry of this Order.

### 

Submitted by:

Michael S. Hoffman, Esq., Hoffman, Larin & Agnetti, P.A.
Counsel for Shoma Homes
909 North Miami Beach Boulevard, # 201, Miami, Florida 33162
Phone:  (305) 653-5555
Fax: (305) 940-0090
E-mail: mshoffman@hlalaw.com

Attorney Hoffman shall serve a copy of the signed order on all parties served with the Motions and
shall file with the court a certificate of service conforming with Local Rule 2002-1(F).



**ORDERED in the Southern District of Florida on July 29, 2022.**

_Scott M. Grossman_
_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          Case No. 22-14583-SMG

Marisa Chanile Smith,                           Chapter 13

      Debtor.

_____/

**ORDER GRANTING MOTION TO AMEND**
**VOLUNTARY PETITION TO INCLUDE CORRECT**
**SOCIAL SECURITY NUMBER AND AMEND LIST OF CREDITORS**

    **THIS MATTER** came before the Court for a hearing on June 28, 2022, upon

Marisa Chanile Smith's (the "Debtor") pro se motion to amend the voluntary

petition.[1] As required by Local Rule 1009-1(C)(1), the Debtor filed the required

amended statement of social security number[2] on the docket. Additionally, the Debtor

seeks to amend the creditor list to add two creditors: Shoma Homes at Nautica Single

Family, and Shoma Single Family at Nautica.

_____

[1] ECF No. 34.
[2] ECF No. 29.

For the reasons stated on the record which constitute the decision of this Court, it is **ORDERED** that the pro se motion to amend the voluntary petition is **GRANTED**.

###

Copies furnished to:

Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027

Robin R Weiner, Trustee

AUST

All other interested parties by Clerk of Court

**CGFD42** (4/23/19)



**ORDERED in the Southern District of Florida on August 2, 2022**

_Scott M. Grossman_

**Scott M Grossman**
United States Bankruptcy Judge

# United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22−14583−SMG**
**Chapter: 13**

**In re:** _(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)_

Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027

SSN: xxx−xx−7912

## ORDER DISMISSING CASE FOR FAILURE TO MAKE
## PRE−CONFIRMATION PLAN PAYMENTS AND FOR
## FAILURE TO APPEAR AT THE SECTION 341 MEETING OF CREDITORS

This matter is before the court ex parte pursuant to Local Rule 3070−1(C) for failure of the debtor to remit to the trustee pre−confirmation plan payments, and pursuant to Local Rule 1017−2(B)(2) for failure of the debtor to appear at the § 341 Meeting of Creditors.

It is **ORDERED** that:

_Page 1 of 2_

1. This case is dismissed.

2. All pending motions are denied as moot.

3. The trustee shall file a final report prior to the administrative closing of the case.

4. (If applicable) the debtor shall immediately pay to the Clerk, U.S. Court, Federal Building, 299 E Broward Blvd, Room 112, Ft Lauderdale FL 33301, **$156.50** for the balance of the filing fee as required by Local Rule 1017–2(E). Any funds remaining with the trustee shall be applied to this balance and the trustee must dispose of any funds in accordance with the Bankruptcy Code and Local Rule 1017–2(F), unless otherwise ordered by the court. The court will not entertain a motion for reconsideration of this order unless all unpaid fees are paid at the time the motion is filed.

5. A motion to rehear, reconsider, or reinstate a dismissed case must be filed in accordance with the requirements of Local Rule 9013–1(E).

6. In accordance with Local Rule 1002–1(B), the clerk of court is directed to refuse to accept for filing any future voluntary petitions submitted by this debtor if the refiling violates a prior order of the court or if the petition is accompanied by an Application to Pay Filing Fee in Installments and filing fees remain due from any previous case filed by the debtor.

# # #

The clerk shall serve a copy of this order on all parties of record.

*Page 2 of 2*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

MARISA CHANILE SMITH

Debtor

_____/

Case No: **22 -14583 -SMG**

Chapter 13

FILED-USBC, FLS-FTL
'22 AUG 15 PM 10:44

## **MOTION TO REINSTATE DISMISSED CHAPTER 13 CASE**

The Debtor, MARISA CHANILE SMITH, Pro Se litigant moves for entry of an Order

permitting the reinstatement of my dismissed Chapter 13 case and for cause states as follows:

1. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on June 14,
   2022 which initially stayed the imminent foreclosure sale of my homestead
   property prior to any sale completion or issuance of certificate of sale.

2. Debtor was not notified by her attorney promptly that he did not prevail on June
   06, 2022 in the case. Rather her counsel told her by phone on June 25, 2022 that
   he did not prevail with the case and a judgment was rendered which was beyond
   the time to Object to the Judgement.

3. The sale was set for August 24, 2022, however last minute or the day before, the
   sale was set giving just a day notice and moved to June 14, 2022. In addition to
   the sale of my homestead property, Debtor has legal obligations with numerous
   creditors and would like to remedy by setting up a suitable payment plan to
   include participation in the Student Loan Program and Mortgage Modification
   Mediation Program. The filing of this case was in good faith to protect my
   homestead property and allow me to restructure my debts.

4. An Order Dismissing (DE#53) the case was entered on August 02, 2022 for failure to make pre-confirmation plan payments. Debtor did make pre-confirmation plan payments. Payment was sent via certified mail and the tracking was 70200090000010497742 . Payment was sent in good faith.

5. The order dismissing (DE#53) the case also stated that debtor failed to appear at the 341 meeting of the creditors. Debtor did not receive notice of the 341 meeting of the creditors. Debtor decided to remedy the situation by gaining access to the CM/ECF to monitor her case so no scheduled hearing or meetings will be missed. In addition, Debtor pending motion to amend list of creditors was heard after the scheduled meeting of the creditors. An Order Granting Motion to Amend List of Creditors was Granted July 29, 2022 which included and to add Shoma Homes at Nautica Single Family and Shoma Single Family at Nautica, in addition to several creditors which was very significant.

6. The Debtor has filed the Initial Schedules (DE#26), Property Schedule A/B Form 106A/B, The Property You Claim as Exempt Declaration About an Individual Debtors Schedule Chapter 13 Plan, Declaration About an Individual Debtors Schedule and (DE#46) and Chapter 13 Statement of Current Monthly Income and Calculation of Committed Period.

7. A hearing in lower courts will be held on Debtors Objection to the Sale of her property due to clerical errors, publication errors and wrongful foreclosure and Relief of Judgement.

8. The Debtor wishes to reinstate my case in order to participate in the Student Loan Program (Loan Forgiveness for Federal or Public Servants) , Mortgage Modification Mediation program and retain my homestead property.

9. No party will be prejudiced if this case is reinstated.

10. Debtor asserts that good cause still exist to reinstate my Chapter 13 case.

### PRO SE LITIGANT CERTIFICATION TO LOCAL RULE 9013-1(E)(1)

I hereby certify that I, the above referenced Debtor understand that must be made in Chapter 13 case on or before due date.

**WHEREFORE**, Debtor, MARISA CHANILE SMITH, respectfully request the entry of an Order reinstating my Chapter 13 case and for whatever further relief this Honorable Court deems just and proper.

Respectfully submitted this 12th day of August 2022.

Marisa Chanile Smith
6809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359



# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:
MARISA CHANILE SMITH
     Debtor

_____/

Case No: 22-14583-SMG
Chapter 13

## MOTION FOR RECONSIDERATION ON ORDER GRANTING STAY RELIEF EFFECTIVE AS OF THE PETITION DATE

     The Debtor, MARISA CHANILE SMITH, Pro Se litigant moves for entry of an Order permitting the continuation of the automatic stay of my Chapter 13 case, for reconsideration of relief of stay effective as of the petition date and for cause states as follows:

1. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on June 14, 2022 which should have initially stayed the imminent foreclosure sale of my homestead property prior to any sale completion or issuance of certificate of sale.

2. The debtor is seeking to overcome the order entered July 29, 2022 and granting relief from stay by submitting this request. Debtor is showing good cause that a reorganization plan has a reasonable chance of confirmation and success. Debtor attempted to file this Motion on August 12, 2022 but was unsuccessful due to fees being owed and debtor had no debt card to submit payment since it was compromised.

3. On June 06, 2022, my attorney did not prevail in this case. My attorney waited approximately 19 days to contacted me which was June 25, 2022 to inform me that he did not prevail in the case and my home was going to be foreclosed. This provided me no opportunity to dispute the judgment amount at this time. Also he

stated he did not see the June 06, 2022 order and he never updated me after and stated there will possibly be no July 14, 2022 sale date. I then reviewed the docket and notice there was no order but I had an acquaintance verified the information and there was an August 24, 2022 sale date. I figure I had time to sort through this confusion.

4. The sale was set for August 24, 2022, however last minute or the day before, the sale was re-set giving just a day notice and moved to June 14, 2022. In addition to the sale of my homestead property. I was surprised over the judgement amount.

5. In bankruptcy court, Shoma counsel made a statement that they have not received but $3000 from 2015. Because of Shoma counsel statement this legal pleading should be stricken due to this false or misrepresentation of facts or statement.

6. There should be a reconsideration in this matter especially since in my bankruptcy case in 2020 the trustee sent a substantial amount over $3000 and a judgment in 2019 was satisfied as of 2019. I also have cancelled checks total amounts that were sent and cleared after 2019 satisfaction of judgement.

7. Debtor is requesting this honorable judge to eliminate all of this pleading of the opposition on for misleading the court that Debtor is filing a Chapter 7 Bankruptcy when it is a Chapter 13 Bankruptcy and also for misrepresentation by Shoma Counsel that only $3000 was paid from 2015, especially when there was a satisfaction of judgment in 2019 or as of 2019 all monies were satisfied. In addition, the Bankruptcy Trustee disbursed more than $3000 in 2020.

8. In reference to the bad faith filing, debtor asserts at no time she filed a bad faith bankruptcy to delay or defraud creditors. There is no evidence specified of a bath

faith filing. Filing bankruptcy before a money judgement is final and entered before the issuance of a certificate of sale is often to the consternation of creditors but is perfectly valid.

9. The bankruptcy filing was for a valid purpose which includes avoiding foreclosure to homestead property and for participation in the Mortgage Mediation Program and Student Loan Program.

10. To determine a good faith filing versus bad faith filing, the court must consider the totality of the circumstances based on the debt's financial condition, motives and the local financial realities. For this reason, debtor decided to file Pro- Se to be more hands-on in this matter although it is struggle and cumbersome. There must be evidence to suggest bad faith.

11. Filing subsequent or frequent bankruptcies was mentioned in the order. My bankruptcy filing in 2018 with one of the elite law office which was done in good faith however assigning a new person to a complicated case was a detriment. Also in the 2020 case, I met the attorney that I assume was working on my bankruptcy case to later assign it to a partner which there where several mishaps that is unethical to state in my motion.

12. Debtor also made in good faith preconfirmation payment to trustee.

13. The automatic stay arising from this bankruptcy proceedings should not be modified to permit Shoma Homes to complete a foreclosure sale on my property due to pending matters, errors, misrepresented statements made in Bankruptcy court by Shoma represented attorney and payments that were disbursed by trustee totaling more than what was stated.

14. Lifting the automatic stay so Shoma can proceed with a foreclosure sale with errors in the judgement amount would be a disadvantage, detriment or great harm to Debtor. Creditor failed to show supported admissible evidence or documents that asserts a valid security interest and all documents that support an assertion of lack of adequate protection or a lack of equity in the relevant property.

15. Debtor assets the bankruptcy was done in good faith. This is a Chapter 13 and not a Chapter 7 case as indicated in Shoma's Relief of Stay.

16. No party will be prejudiced if this case .

17. Lifting an automatic stay will create a great harm to debtor.

**WHEREFORE**, Debtor, MARISA CHANILE SMITH, respectfully request the entry of an Order for reconsideration for a continuance in automatic stay with good cause do Debtor can retain her home, participate in several programs through the Bankruptcy court and for whatever further relief this Honorable Court deems just and proper.

Respectfully submitted this 12th day of August 2022.

Marisa Chanile Smith
8809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359

Form CGFCRD3Z (06/11/22)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22–14583–SMG**

**Chapter: 13**

**In re:**
Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027
SSN: xxx–xx–7912

## NOTICE OF HEARING

**PLEASE TAKE NOTICE**  that a hearing will be held before the Honorable Scott M Grossman to consider the following:

**Pro Se Motion to Reinstate Case Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (54)**

**Pro Se Motion to Reconsider (Re: 48 Order on Motion For Relief From Stay) Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (55)**

1.  This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

       **Date:**       **September 15, 2022**
       **Time:**       **02:30 PM**
       **Location:**   **Video Conference by Zoom for Government**

2.  The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3.  To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

    https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

4.  The movant, or movant's counsel if represented by an attorney, must:

     (a)   serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

     (b)   file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

    Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5.  PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated: 8/15/22**

**CLERK OF COURT**
By: Edy Gomez
Courtroom Deputy

United States Bankruptcy Court
Southern District of Florida

In re:                                                                  Case No. 22-14583-SMG
Marisa Chanile Smith                                                    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 113C-0                          User: admin                                    Page 1 of 2
Date Rcvd: Aug 15, 2022                       Form ID: CGFCRD3Z                               Total Noticed: 13

The following symbols are used throughout this certificate:
**Symbol    Definition**
+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
            regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 17, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| cr | + | Nautica Community Association, Inc., Bakalar & Associates, P.A., 12472 W. Atlantic Blvd., Coral Springs, FL 33071-4086 |
| cr | + | Shoma Homes at Nautica Single Family Neighborhood, Bakalar & Associates, P.A., 12472 W Atlantic Blvd., Coral Springs, FL 33071-4086 |
| 96636819 | | Selene Finance, P.O. Box 71243, Philadelphia PA 19176-6243 |
| 96611885 | | Selene Finance LP, POB 71243, Philadelphia, PA 19176-6243 |
| 96636820 | + | Shoma Homes at Nautica Single Family, 3680 SW 166th Avenue, Miramar FL 33027-4517 |
| 96636822 | + | Shoma Single Family at Nautica, 14275 SW 142 Avenue, Miami FL 33186-6715 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/PDF: marisasmith@mail.com | Aug 15 2022 22:38:00 | Marisa Chanile Smith, 3809 SW 164th Terrace, Miramar, FL 33027-4641 |
| smg | + | Email/Text: swulfekuhle@broward.org | Aug 15 2022 22:38:00 | Broward County Tax Collector, 115 S Andrews Ave, Ft Lauderdale, FL 33301-1818 |
| smg | | Email/Text: OGCBankruptcy@floridarevenue.com | Aug 15 2022 22:38:00 | Florida Department of Revenue, POB 6668, Bankruptcy Division, Tallahassee, FL 32314-6668 |
| cr | + | Email/Text: RASEBN@raslg.com | Aug 15 2022 22:38:00 | U.S. Bank Trust National Association, not in its i, Robertson, Anschutz, Schneid, Crane & Pa, 6409 Congress Avenue, suite 100, Boca Raton, FL 33487-2853 |
| 96636818 | | Email/Text: bncnotifications@pheaa.org | Aug 15 2022 22:39:00 | Fed Loan Servicing, P.O. Box 69184, Harrisburg PA 17106-9184 |
| 96618434 | | Email/PDF: resurgentbknotifications@resurgent.com | Aug 15 2022 22:37:52 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 96611886 | | Email/Text: bncnotifications@pheaa.org | Aug 15 2022 22:39:00 | U.S. Department Of Education, FedLoan Servicing, POB 69184, Harrisburg, PA 17106-9184 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

District/off: 113C-0        User: admin        Page 2 of 2
Date Rcvd: Aug 15, 2022        Form ID: CGFCRD3Z        Total Noticed: 13

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 17, 2022        Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 15, 2022 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Keith S Labell | |
| | on behalf of Creditor U.S. Bank Trust National Association not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association klabell@raslg.com, klabell@raslg.com |
| Michael S Hoffman | |
| | on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc Mshoffman@hlalaw.com hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com |
| Office of the US Trustee | |
| | USTPRegion21.MM.ECF@usdoj.gov |
| Robin R Weiner | |
| | ecf@ch13weiner.com ecf2@ch13weiner.com |
| Susan P Bakalar | |
| | on behalf of Creditor Nautica Community Association Inc. sbakalar@assoc-law.com, smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com |
| Susan P Bakalar | |
| | on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc sbakalar@assoc-law.com smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com |

TOTAL: 6

Form CGFCRD3Z  (06/11/22)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 22–14583–SMG

Chapter: 13

In re:
Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027
SSN: xxx–xx–7912

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Scott M Grossman to consider the following:

**Pro Se Motion to Reinstate Case Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (54)**

**Pro Se Motion to Reconsider (Re: 48 Order on Motion For Relief From Stay) Filed by Debtor Marisa Chanile Smith (Grooms, Desiree) (55)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:**      **September 15, 2022**
   **Time:**      **02:30 PM**
   **Location:**   **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

4. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

Dated: <u>8/15/22</u>                                    CLERK OF COURT
                                                       By: <u>Edy Gomez</u>
                                                       Courtroom Deputy

# United States Bankruptcy Court
## Southern District of Florida

**In re**

Case no. 22-14583-SMG

Marisa Chanile Smith

Chapter 13

Debtor 1

Last four digits of SSN or ITIN ___7912___

_____
Debtor 2

Last four digits of SSN or ITIN _____

Continue Hearing

Emergency Request For Extention of Time

**Title of document**

Debtor Marisa C. Smith has a schedules

hearing on Sept 15, 2022 at 1430 on Motion to

Reinstate Case File and Motion to Reconsider

Motion for Relief From Stay however Debtor need

to file a certificate of service to creditors and

opposing cousel as required under Local Rule

2002-1(F) and 9073-1(B). Debtor request to

reschedule hearing for at least 7 days to be in

compliance with all local rules set forth

**Date:** 08/13/22       **Signature:** Marisa C Smith

**Date:** _____       **Signature:** _____

United States Bankruptcy Court
Southern District of Florida

In re:                                                         Case No. 22-14583-SMG

Marisa Chanile Smith                                         Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 113C-0                       User: admin                                Page 1 of 2

Date Rcvd: Sep 13, 2022                 Form ID: CGFCRD3Z                   Total Noticed: 16

The following symbols are used throughout this certificate:
**Symbol**        **Definition**

+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 15, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| cr | + | Nautica Community Association, Inc., Bakalar & Associates, P.A., 12472 W. Atlantic Blvd., Coral Springs, FL 33071-4086 |
| cr | + | Shoma Homes at Nautica Single Family Neighborhood, Bakalar & Associates, P.A., 12472 W Atlantic Blvd., Coral Springs, FL 33071-4086 |
| 96700340 | | Avanti Credit Card, 222 N LaSalle St Suite 1600, Chicago, IL 60601-1112 |
| 96700341 | + | CRB/Upgrade, Inc LBX #452210, POB 52210, Phoenix, AZ 85072-2210 |
| 96700342 | + | D & S Law Group, 8751 W Broward Blvd #301, Plantation, FL 33324-2632 |
| 96636819 | | Selene Finance, P.O. Box 71243, Philadelphia PA 19176-6243 |
| 96611885 | | Selene Finance LP, POB 71243, Philadelphia PA 19176-6243 |
| 96636820 | + | Shoma Homes at Nautica Single Family, 3680 SW 166th Avenue, Miramar FL 33027-4517 |
| 96636822 | + | Shoma Single Family at Nautica, 14275 SW 142 Avenue, Miami FL 33186-6715 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/PDF: marisasmith@mail.com | Sep 13 2022 23:17:00 | Marisa Chanile Smith, 3809 SW 164th Terrace, Miramar, FL 33027-4641 |
| smg | + | Email/Text: swulfekuhle@broward.org | Sep 13 2022 23:18:00 | Broward County Tax Collector, 115 S Andrews Ave, Ft Lauderdale, FL 33301-1818 |
| smg | | Email/Text: OGCBankruptcy@floridarevenue.com | Sep 13 2022 23:17:00 | Florida Department of Revenue, POB 6668, Bankruptcy Division, Tallahassee, FL 32314-6668 |
| cr | + | Email/Text: RASEBN@raslg.com | Sep 13 2022 23:18:00 | U.S. Bank Trust National Association, not in its i, Robertson, Anschutz, Schneid, Crane & Pa, 6409 Congress Avenue, suite 100, Boca Raton, FL 33487-2853 |
| 96636818 | | Email/Text: bncnotifications@pheaa.org | Sep 13 2022 23:18:00 | Fed Loan Servicing, P.O. Box 69184, Harrisburg PA 17106-9184 |
| 96618434 | | Email/PDF: resurgentbknotifications@resurgent.com | Sep 13 2022 23:16:54 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 96611886 | | Email/Text: bncnotifications@pheaa.org | Sep 13 2022 23:18:00 | U.S. Department Of Education, FedLoan Servicing, POB 69184, Harrisburg, PA 17106-9184 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities**

District/off: 113C-0                    User: admin                           Page 2 of 2
Date Rcvd: Sep 13, 2022                 Form ID: CGFCRD3Z                      Total Noticed: 16

in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 15, 2022                      Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 13, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Keith S Labell | on behalf of Creditor U.S. Bank Trust National Association not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association klabell@raslg.com, klabell@raslg.com |
| Michael S Hoffman | on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc Mshoffman@hlalaw.com hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com;mkennady@hlalaw.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Robin R Weiner | ecf@ch13weiner.com ecf2@ch13weiner.com |
| Susan P Bakalar | on behalf of Creditor Nautica Community Association Inc. sbakalar@assoc-law.com, smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com |
| Susan P Bakalar | on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc sbakalar@assoc-law.com smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com |

TOTAL: 6

Form CGFCRD3Z (06/11/22)

# United States Bankruptcy Court
## Southern District of Florida
## www.flsb.uscourts.gov

Case Number: 22–14583–SMG

Chapter: 13

In re:
Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027
SSN: xxx–xx–7912

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Scott M Grossman to consider the following:

**Pro–Se Motion to Continue Hearing On: [(54 Motion to Reinstate Case, 55 Motion to Reconsider)] Filed by Debtor Marisa Chanile Smith (Graster–Thomas, Tanesha) (58)**

1. This matter has been set on the Court's motion calendar for a non–evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date:** **September 15, 2022**
   **Time:** **02:30 PM**
   **Location:** **Video Conference by Zoom for Government**

2. The hearing scheduled by this notice will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. Although conducted by video conference, the hearing is a court proceeding. The formalities of the courtroom must be observed. All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

3. To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

4. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above–described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

5. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

**Dated:** <u>9/13/22</u>

**CLERK OF COURT**
By: <u>Edy Gomez</u>
Courtroom Deputy



**ORDERED in the Southern District of Florida on September 16, 2022.**

_Scott M. Grossman_

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                    Case No. 22-14583-SMG
                                                          Chapter 13
Marisa Chanile Smith,

_____ Debtor _____/

### ORDER REINSTATING CHAPTER 13 CASE

This matter came to be heard on September 15, 2022, on the debtor's motion to reinstate case (ECF No. 54).  For the reasons stated on the record at the hearing, it is

**ORDERED** as follows:

1)      The motion is granted and this case is **REINSTATED**.   Pursuant to 11 U.S.C. §362(c)(2)(B), the automatic stay terminated on the date this case was dismissed and was not in effect from that date until the entry of this order.

2)      The Trustee's Final Report, if any filed, is deemed withdrawn and the Order Discharging Trustee, if entered, is deemed vacated.

3)      If not previously filed, any and all documents required to be filed by the debtor(s) under 11 U.S.C. §521(a)(1), Bankruptcy Rule 1007, and Local Rule 1007-1 shall be filed no later than 14 days after entry of this order.

4)      The following checked provision(s) also apply:

[XX]    This case was dismissed prior to the conclusion of the meeting of creditors, under 11 U.S.C. §341.  A new §341 meeting of creditors

LF-66 (rev. 05/10/16)

and confirmation hearing shall be set and noticed to all parties of record by the Clerk of Court. The notice shall also establish a new deadline to file proofs of claims and deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts.

[ ]   This case was dismissed after the §341 meeting of creditors was concluded but prior to or at the hearing on confirmation.  (If applicable) A further §341 meeting will be conducted at_____.  A new confirmation hearing is scheduled for _____, at_____.m. in courtroom_____at_____.The deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts, is_____. The deadline for filing claims (except for governmental units) is _____. Previously filed claims need not be refiled.

[ ]   This case was dismissed after the §341 meeting of creditors was conducted and after the expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original deadline to file claims, but prior to or at the hearing on confirmation. No new deadlines shall be reset.  (If applicable) A further §341 meeting will be conducted at_____. A new confirmation hearing is scheduled for_____, at_____.m. in courtroom_____at_____.

[ ]   This case was dismissed after the §341 meeting of creditors and confirmation hearing and expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original claims bar date. No new §341 meeting, confirmation hearing, or deadlines shall be set, and the case shall proceed in the normal course under the confirmed plan.

[ ]   If this box is checked, the following provision applies:

As a condition of reinstatement of this case and in order to provide protection of creditors' vested interests, in the event of conversion to another chapter or dismissal of this reinstated case prior to confirmation, all plan payments held by the Chapter 13 trustee shall be non-refundable and held in trust for the secured creditors as adequate protection, and in trust for priority and administrative creditors. If this case is dismissed or converted, the Trustee shall disburse all funds which were received prior to the order of conversion or dismissal and held in trust. The disbursement shall be on a pro rata basis, less Trustee fees, to the secured, priority

or administrative creditors pursuant to the proposed Chapter 13 Plan which was filed at least one day prior to the last confirmation hearing date. (see Local Rule 1017-2(F) and Interim Local Rule 1019-1 (E), (F), (G), AND (H)).

###

**Copies to:**
All parties of record by the Clerk of Court

LF-66 (rev. 05/10/16)



**ORDERED in the Southern District of Florida on October 3, 2022.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                                    Case No. 22-14583-SMG
                                                          Chapter 13

MARISA CHANILE SMITH,

_____Debtor_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER came before the Court for hearing on September 15, 2022, at 2:00 p.m. upon the Debtor's Motion to Reconsider the Court's Order Granting Motion for Relief from Stay [D.E. #55] (the "Motion"). The Court, having considered the Motion and the arguments presented at the hearing, orders as follows:

1.     The Motion is denied for the reasons stated on the record.

## ##

Submitted by:

Michael S. Hoffman, Esq., Hoffman, Larin & Agnetti, P.A.
Counsel for Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc
909 North Miami Beach Boulevard, # 201, Miami, Florida 33162
Phone: (305) 653-5555
E-mail: mshoffman@hlalaw.com

Attorney Hoffman shall serve a copy of the signed order on all parties served with the Motions and shall file with the court a certificate of service conforming with Local Rule 2002-1(F).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                    Case No. 22-14583-SMG
                                          Chapter 13
MARISA CHANILE SMITH,

_____Debtor._____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Order Denying Motion To Reconsider (DE 72) was sent via CM/ECF to Susan P Bakalar, Esq., Keith S Labell, Esq., Office of US Trustee, Robin Weiner, Trustee on October 3, 2022 and via U.S. Mail on the parties identified on Exhibit A on October 4, 2022.

HOFFMAN, LARIN & AGNETTI, P.A.
909 North Miami Beach Blvd., Suite 201
Miami, Florida 33162
Tel: (305) 653-5555
Fax: (305 940-0090
Email: mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman, Esq.
Florida Bar No: 41164

```
Label Matrix for local noticing      Nautica Community Association, Inc.      Shoma Homes at Nautica Single Family Neighbo
113C-0                                Bakalar & Associates, P.A.               Bakalar & Associates, P.A.
Case 22-14583-SMG                     12472 W. Atlantic Blvd.                  12472 W Atlantic Blvd.
Southern District of Florida          Coral Springs, FL 33071-4086             Coral Springs, FL 33071-4086
Fort Lauderdale
Tue Oct  4 13:07:56 EDT 2022

U.S. Bank Trust National Association, not in   Avanti Credit Card              CRB/Upgrade, Inc LBX #452210
Robertson, Anschutz, Schneid, Crane & Pa       222 N LaSalle St Suite 1600     POB 52210
6409 Congress Avenue, suite 100                Chicago, IL 60601-1112          Phoenix, AZ 85072-2210
Boca Raton, FL 33487-2853


D & S Law Group                       Fed Loan Servicing                       LVNV Funding, LLC
8751 W Broward Blvd #301               P.O. Box 69184                           Resurgent Capital Services
Plantation, FL 33324-2632             Harrisburg PA 17106-9184                 PO Box 10587
                                                                               Greenville, SC 29603-0587


Office of the US Trustee              Selene Finance                           Selene Finance LP
51 S.W. 1st Ave.                      P.O. Box 71243                           POB 71243
Suite 1204                            Philadelphia PA 19176-6243               Philadelphia, PA 19176-6243
Miami, FL 33130-1614


Shoma Homes at Nautica Single Family  Shoma Single Family at Nautica           U.S. Department Of Education
3680 SW 166th Avenue                  14275 SW 142 Avenue                      FedLoan Servicing
Miramar FL 33027-4517                 Miami FL 33186-6715                      POB 69184
                                                                               Harrisburg, PA 17106-9184


Marisa Chanile Smith                  Robin R Weiner                           End of Label Matrix
3809 SW 164th Terrace                 Robin R. Weiner, Chapter 13 Trustee      Mailable recipients    16
Miramar, FL 33027-4641                Post Office Box 559007                   Bypassed recipients     0
                                      Fort Lauderdale, FL 33355-9007           Total                  16
```

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Marisa Chanile Smith                    Case No. 22-14583
                                               Chapter 13

FILED-USBC, FLS-FTL
'22 OCT 17 PM1:28

_____ Debtor(s) _____/

## NOTICE OF APPEAL

Marisa C. Smith, Defendant/ Debtor appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge Motion for Reconsideration entered in this adversary proceeding on the 3rd of October 2022 . The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Dated:10/17/2022

Signed: _____

Marisa C. Smith
3809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359



**ORDERED in the Southern District of Florida on October 3, 2022.**

Scott M. Grossman

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:                                          Case No. 22-14583-SMG
                                                Chapter 13

MARISA CHANILE SMITH,

_____ Debtor _____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER came before the Court for hearing on September 15, 2022, at 2:00 p.m.

upon the Debtor's Motion to Reconsider the Court's Order Granting Motion for Relief from Stay

[D.E. #55] (the "Motion"). The Court, having considered the Motion and the arguments presented

at the hearing, orders as follows:

1.      The Motion is denied for the reasons stated on the record.

                                        ##

Submitted by:

Michael S. Hoffman, Esq., Hoffman, Larin & Agnetti, P.A.
Counsel for Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc
909 North Miami Beach Boulevard, # 201, Miami, Florida 33162
Phone: (305) 653-5555
E-mail: mshoffman@hlalaw.com

Attorney Hoffman shall serve a copy of the signed order on all parties served with the Motions and shall file with the court a certificate of service conforming with Local Rule 2002-1(F).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                        Case No. 22-14583-SMG
                                              Chapter 13

MARISA CHANILE SMITH,

_____ Debtor. _____/

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the Order Denying Motion To

Reconsider (DE 72) was sent via CM/ECF to Susan P Bakalar, Esq., Keith S Labell, Esq., Office

of US Trustee, Robin Weiner, Trustee on October 3, 2022 and via U.S. Mail on the parties

identified on Exhibit A on October 4, 2022.

                    HOFFMAN, LARIN & AGNETTI, P.A.
                    909 North Miami Beach Blvd., Suite 201
                    Miami, Florida 33162
                    Tel: (305) 653-5555
                    Fax: (305 940-0090
                    Email: mshoffman@hlalaw.com

                    /s/ Michael S. Hoffman
                    Michael S. Hoffman, Esq.
                    Florida Bar No: 41164

Official Form 417A (12/18)



FILED-USBC, FLS-FTL
'22 OCT 17 PM 1:28

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Marisa Chanile Smith

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Denying Motion for Consideration

2. State the date on which the judgment, order, or decree was entered: 10/03/22

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Marisa Smith Attorney: _____

2. Party: Shoma Homes At Nautia Single Family Attorney: Michael S. Hoffman Esq
Counsel for Shoma Homes at Nautica
909 North Miami Beach Blvd #201
Miami, FL 33162

Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Marisa C. Smith

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 10\17\22

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Marisa C. Smith
3809 SW 104 Terr
Miramar, FL 33027
954-446-5359

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]



## UNITED STATES BANKRUPTCY COURT

### Southern District of Florida

FILED-USBC, FLS-FTL
'22 OCT 17 PM1:02

In re:                              )

Marisa Chanile Smith               )          Case No. 22-14583-SMG

Debtor                             )

## CERTIFICATE OF SERVICE

### NOTICE OF PRE-CONFIRMATION PAYMENTS(CERTIFICATION OF COMPLIANCE)

I hereby certify that the attached Notice of Pre-Confirmation Plan Payments were sent to Robin
Weiner, Chapter 13 Trustee PO Box 2258, Memphis , TN 38101-2258. The cashier check
numbers are 600010606, 600010607, 210001336, 210001337. All payments covered from the
initial June 14, 2022 filing.

/s/ Marisa C. Smith

Pro-se Debtor

United States Bankruptcy Court
Southern District of Florida

In re:                                                              Case No. 22-14583-SMG
Marisa Chanile Smith                                                Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 113C-0                    User: admin                    Page 1 of 2
Date Rcvd: Oct 17, 2022                 Form ID: pdf004                 Total Noticed: 3

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 19, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| cr | + | Nautica Community Association, Inc., Bakalar & Associates, P.A., 12472 W. Atlantic Blvd., Coral Springs, FL 33071-4086 |
| cr | + | Shoma Homes at Nautica Single Family Neighborhood, Bakalar & Associates, P.A., 12472 W Atlantic Blvd., Coral Springs, FL 33071-4086 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/PDF: marisasmith@mail.com | Oct 17 2022 22:46:00 | Marisa Chanile Smith, 3809 SW 164th Terrace, Miramar, FL 33027-4641 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2022                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 17, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Keith S Labell | on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association klabell@raslg.com, klabell@raslg.com |
| Michael S Hoffman | on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc Mshoffman@hlalaw.com hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com;mkennady@hlalaw.com |

District/off: 113C-0                    User: admin                                    Page 2 of 2
Date Rcvd: Oct 17, 2022                 Form ID: pdf004                              Total Noticed: 3

Office of the US Trustee
                        USTPRegion21.MM.ECF@usdoj.gov

Robin R Weiner
                        ecf@ch13weiner.com  ecf2@ch13weiner.com

Susan P Bakalar
                        on behalf of Creditor Nautica Community Association  Inc. sbakalar@assoc-law.com,
                        smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com

Susan P Bakalar
                        on behalf of Creditor Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc sbakalar@assoc-law.com
                        smurguia@assoc-law.com;lwilder@assoc-law.com;ydelgado@assoc-law.com


TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  Marisa Chanile Smith                                    Case No. 22-14583
                                                                               Chapter 13

FILED-USBC; FLS-FTL
'22 OCT 17 PM 1:28

_____     Debtor(s)     /

### NOTICE OF APPEAL

Marisa C. Smith, Defendant/ Debtor appeals under 28 U.S.C. § 158(a) or (b) from the
judgment, order, or decree of the bankruptcy judge Motion for Reconsideration entered
in this adversary proceeding on the 3rd of October 2022 .  The names of all parties to
the judgment, order, or decree appealed from and the names, addresses, and
telephone numbers of their respective attorneys are as follows:

Dated:10/17/2022

Signed: _____

Marisa C. Smith

3809 SW 164 Terrace

Miramar, Florida 33027

954-446-5359



**ORDERED in the Southern District of Florida on October 3, 2022.**

Scott M. Grossman, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                            Case No. 22-14583-SMG
                                                   Chapter 13

MARISA CHANILE SMITH,

_____Debtor_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER came before the Court for hearing on September 15, 2022, at 2:00 p.m.

upon the Debtor's Motion to Reconsider the Court's Order Granting Motion for Relief from Stay

[D.E. #55] (the "Motion"). The Court, having considered the Motion and the arguments presented

at the hearing, orders as follows:

1.      The Motion is denied for the reasons stated on the record.

## 

Submitted by:

Michael S. Hoffman, Esq., Hoffman, Larin & Agnetti, P.A.
Counsel for Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc
909 North Miami Beach Boulevard, # 201, Miami, Florida 33162
Phone: (305) 653-5555
E-mail: mshoffman@hlalaw.com

Attorney Hoffman shall serve a copy of the signed order on all parties served with the Motions and shall file with the court a certificate of service conforming with Local Rule 2002-1(F).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                         Case No. 22-14583-SMG
                                               Chapter 13

MARISA CHANILE SMITH,

_____ Debtor. _____ /

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Order Denying Motion To

Reconsider (DE 72) was sent via CM/ECF to Susan P Bakalar, Esq., Keith S Labell, Esq., Office

of US Trustee, Robin Weiner, Trustee on October 3, 2022 and via U.S. Mail on the parties

identified on Exhibit A on October 4, 2022.

HOFFMAN, LARIN & AGNETTI, P.A.
909 North Miami Beach Blvd., Suite 201
Miami, Florida 33162
Tel: (305) 653-5555
Fax: (305 940-0090
Email: mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman, Esq.
Florida Bar No: 41164