|  | Description | Date | Page Numbers |
|---|---|---|---|
| 1 | Motion for Relief from Stay | 07/01/2022 | 2-3 |
| 2 | Order Granting Motion for Relief from Stay | 07/29/2022 | 4-16 |
| 3 | 2018 Case, Voluntary Petition | 10/15/2018 | 17-27 |
| 4 | 2018 Case, Order Denying Confirmation and Dismissing Chapter 13 Case | 04/04/2019 | 28-29 |
| 5 | 2019 Case, Voluntary Petition | 10/11/2018 | 30-43 |
| 6 | 2019 Case, Trustee's Motion to Dismiss | 07/17/2020 | 44-46 |
| 7 | 2019 Case, Order Granting Trustee's Motion to Dismiss | 08/05/2020 | 47-48 |
| 8 | Notice of Deficiency | 06/14/2022 | 49-50 |
| 9 | § 361 Meeting Notice | 06/14/2022 | 51-52 |
| 10 | Schedules A-C | 07/07/2022 | 53-66 |
| 11 | Chapter 13 Plan | 07/27/2022 | 67-72 |
| 12 | Order Dismissing Case | 08/02/2022 | 73-74 |
| 13 | Motion to Reinstate Dismissed Chapter 13 Case | 08/15/2022 | 75-77 |
| 14 | Motion for Reconsideration | 08/15/2022 | 78-81 |
| 15 | Order Granting Motion to Reinstate Case | 09/17/2022 | 82-84 |
| 16 | Order Denying the Motion for Reconsideration | 10/03/2022 | 85-86 |
| 17 | Order (I) Denying Confirmation Of Chapter 13 Plan, (II) Dismissing Case, (III) Denying Motion For Stay Pending Appeal, (IV) Sustaining Objection To Exemptions, And (V) Denying All Other Pending Motions As Moot | 12/20/2022 | 87-104 |
| 18 | Motion to Reinstate Dismissed Chapter 13 Case | 01/03/2023 | 105-106 |
| 19 | Order Denying Motion to Reconsider | 01/26/2023 | 107-108 |



**ORDERED in the Southern District of Florida on July 29, 2022.**

Scott M. Grossman
_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:                                                  Case No. 22-14583-SMG
                                                        Chapter 13
MARISA CHANILE SMITH,

_____ Debtor        /

**ORDER GRANTING MOTION FOR STAY RELIEF**
**EFFECTIVE AS OF THE PETITION DATE**

THIS MATTER came before the Court for hearing on July 28, 2022, at 10:00 a.m. upon

Creditor, Shoma Homes at Nautica Single Family Neighborhood, Inc.'s ("Shoma Homes") Motion

for Relief from Stay [ECF 19] (the "Motion"). The Court, having reviewed the Motion and the

Debtor's Response to the Motion [ECF 40] and having heard the arguments presented at the

hearing, finds that the Debtor filed this case in bad faith. This is the Debtor's third bankruptcy case

since 2018 and was filed without required documents. The Debtor failed to appear at her meeting

of creditors and has not made any preconfirmation payments under her Chapter 13 plan.

Accordingly, it is ordered as follows:

1.        The Motion is **GRANTED**.

2.      The automatic stay arising from this bankruptcy proceeding is modified to permit

Shoma Homes to complete the foreclosure sale of the real property located at

> LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT
> THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE
> PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA

a/k/a 3809 S.W. 164th Terrace, Miramar, FL 33027 (the "Property").

3.      The modification of the automatic stay is effective as of the Petition Date in this

bankruptcy case, such that the Certificate of Sale issued on June 14, 2022, at 2:04 p.m.by the Clerk

of the Broward County Court in Broward County Circuit Court Case No. Case No. CACE-20-

015682 (the "Foreclosure Action") is validated and deemed not in violation of the automatic stay.

The Court in the Foreclosure Action is further authorized take all action necessary to complete the

foreclosure sale of the Property, including but not limited to the issuance of a Certificate of Title

and Writ of Possession.

4.      Since this Court has ruled that this case will be dismissed by separate order, no 14-

day stay period will apply and the relief provided herein is effective upon entry of this Order.

###

Submitted by:

Michael S. Hoffman, Esq., Hoffman, Larin & Agnetti, P.A.
Counsel for Shoma Homes
909 North Miami Beach Boulevard, # 201, Miami, Florida 33162
Phone:  (305) 653-5555
Fax: (305) 940-0090
E-mail: mshoffman@hlalaw.com

Attorney Hoffman shall serve a copy of the signed order on all parties served with the Motions and
shall file with the court a certificate of service conforming with Local Rule 2002-1(F).

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                          Case No. 22-14583-SMG
                                                Chapter 13
MARISA CHANILE SMITH,

_____ Debtor          /

## <u>MOTION FOR RELIEF FROM STAY</u>

 Interested Party Shoma Homes at Nautica Single Family Neighborhood, Inc. ("Shoma")

files this Motion for Relief from Stay and states as follows:

## I. <u>BACKGROUND</u>

### A. Jurisdiction and Venue

 1. Marisa Chanile Smith (the "Debtor") commenced this proceeding by filing a

voluntary Chapter 7 petition on June 14, 2022 (the "Petition Date").

 2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157(b) and

1334.

 3. This matter is a core proceeding pursuant to 28 U.S.C §157(b)(2)(G), as this

motion seeks clarification and/or termination of the automatic stay.

### B. The Foreclosure Lawsuit

 4. The Debtor held an ownership interest in the real property located at 3809 S.W.

164th Terrace, Miramar, Florida 33027 (the "Property"). The Property contains the following

legal description:

> LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT
> THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE PUBLIC
> RECORDS OF BROWARD COUNTY, FLORIDA

 5. The Property is located within Shoma's homeowners' association.

 6. On September 23, 2022, Shoma filed an action in Broward County Circuit Court

to foreclose a mortgage it held against the Property (Case No. CACE-20-015682) (the "Foreclosure Action").

7.      On May 25, 2022, the Circuit Court entered a Final Judgment of Foreclosure in favor of Shoma. The Final Judgment found that Shoma held a lien on the property in the amount of $34,186.73. This amount, in addition to post-judgment assessments, fees, costs, and interest remains outstanding. The Final Judgment set a foreclosure sale for June 14, 2022. A copy of the Final Judgment is attached as Exhibit A.

**B.      The Prior Bankruptcy Cases**

8.      This case is the Debtor's third bankruptcy filing since 2018.

9.      The Debtor filed a Chapter 13 petition on October 15, 2018 (Case No. 18-22792-JKO) (the "2018 Case"). The 2018 Case was dismissed on April 3, 2019, upon denial of confirmation of the Debtor's plan [2018 Case, D.E. #34].

10.      The Debtor filed a second Chapter 13 petition on October 11, 2019 (Case No. 19-23650-PDR) (the "2019 Case"). The 2019 Case, after being pending for nearly 9 months, was dismissed on August 5, 2020, prior to confirmation of a plan [2019 Case, D.E. #101].

11.      The Debtor has difficulty with her own counsel both bankruptcy cases. Her counsel in the 2018 Case filed a motion to withdraw [2018 Case, D.E. #40], which was mooted by the case's dismissal. Her counsel in the 2019 Case filed a motion to withdraw as well, which was granted by the Court [2019 Case, D.E. #96]. The Debtor filed this bankruptcy case pro se.

**C.      The Foreclosure Sale and the Filing of this Bankruptcy Case**

12.      The foreclosure sale in the Foreclosure Action was scheduled for 10:00 a.m. on June 14th. The sale proceeded as scheduled and was sold to Miretg Investments, Inc. ("Miretg") for $135,000. The auction was completed at 10:48 a.m. through the Broward foreclosure sale website (www.broward.realforeclose.com). A printout reflecting the sale time is attached as

Exhibit B.[1]

13.     The Debtor filed this bankruptcy case at 1:31 p.m. on June 14th.

14.     The Debtor did not file a suggestion of bankruptcy in the Foreclosure Action or otherwise immediately notify the Court or Shoma of the bankruptcy filing.

15.     The Clerk of the Circuit Court issued a Certificate of Sale at 2:04 p.m. on June 14th. A copy of the certificate of sale is attached as Exhibit C.

16.     The Clerk has not issued a certificate of title due to this bankruptcy filing.

17.     The Debtor has not yet filed schedules or a plan in this case.

18.     According to the Broward County Property Appraiser, the Property is valued at $528,410. Since the Debtor has not yet filed schedules, Shoma does not know whether the Debtor has equity in the Property. A copy of the appraisal report is attached as Exhibit D.

## II.     Requested Relief

Shoma requests the Court modify the automatic stay so that the Broward County Clerk may issue a certificate of title to complete the foreclosure sale. In an abundance of caution and to avoid title problems for the purchaser, Shoma requests that relief be entered effective as of the Petition Date.

## III.     Basis for Requested Relief

Relief from the stay is appropriate under 11 U.S.C. § 362(d)(1). A party-in-interest is entitled to relief from stay under § 362(d)(1) for "cause, including the lack of adequate protection of an interest in property of such party in interest." "Whether cause exists to lift the stay must be determined on a case by case basis based upon the totality of the circumstances in each particular case." *In re Mack,* 347 B.R. 911, 915 (Bankr.M.D.Fla.2006). The totality of the circumstances

---

[1]
https://www.broward.realforeclose.com/index.cfm?zaction=AUCTION&Zmethod=PREVIEW&AUCTIONDATE=06/14/2022. The highlighted portion of Exhibit B describes the sale of the Property.

includes how the parties have conducted themselves, the debtor's motives and whether the debtor has acted in good faith. *Id.* (citing *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1071 (5th Cir.1986)). Another basis for "cause" is a creditor's lack of adequate protection. *See In re McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994)

The present case was filed in bad faith. This is the Debtor's 3rd bankruptcy case since 2018. The two prior cases were also filed to stop foreclosure sales and were dismissed prior to confirmation. Shoma received less than $3,000 through the two bankruptcy cases and has been struggling for years to enforce its delinquency through the Debtor's litigiousness in state court and repeat bankruptcy filing. This case, which was filed after the Clerk sold the Property at auction and minutes before issuance of a certificate of sale, was filed without schedules or a bankruptcy plan. The Debtor is also not represented by counsel, which will make confirmation of a plan even more difficult. The Debtor clearly filed this bankruptcy case solely to disrupt Shoma's foreclosure sale and not to reorganize.

WHEREFORE, Shoma requests the Court enter an order modifying the automatic stay to permit the Clerk of the Circuit Court to complete the foreclosure sale of the Property and granting such further relief as is deemed just and proper.

HOFFMAN, LARIN & AGNETTI., P.A.
Counsel for Shoma
909 North Miami Beach Blvd., Suite 201
North Miami Beach, FL 33162
T:       305.653.5555
E.       mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.:  41164

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE20015682</u>   DIVISION: <u>21</u>   JUDGE: <u>Singer, Michele Towbin (21)</u>

**Shoma Homes at Nautica Single Family Neighborhood**

Plaintiff(s) / Petitioner(s)

v.

**Marisa C Smith**

Defendant(s) / Respondent(s)

_____/

### <u>Final Summary Judgment of Foreclosure, Taxation of Costs and Attorney's Fees</u>

THIS CAUSE having come before the Court on the Plaintiff's Motion for Final Summary Judgment of Foreclosure, Taxation of Costs and Attorney's Fees on May 2, 2022 and continued on May 3rd and May 9, 2022.  Plaintiff and Defendant were represented by Counsel and the Court having heard argument of Counsel, having considered the motion, the evidence presented and the applicable law, and being otherwise apprised in the premises,

**IT IS ADJUDGED** that:

1.        Plaintiff's Motion for Final Summary Judgment of Foreclosure, Taxation of Costs and Attorney's Fees is **GRANTED**. Service of Process has been duly and regularly obtained over the Defendant, MARISA C. SMITH.

2.        **<u>Amounts Due</u>**. Plaintiff, SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOCIATION INC., c/o Miami Management, Inc., 3691 SW 164th Ave., Miramar, FL 33027, is due the following:

| | |
|---|---:|
| Principal due 9/23/15 through 5/9/22 for assessments | $17,294.24 |
| Interest on said principal due through 5/9/22 | $1,970.41 |
| Miami Management demand letter and certified mail charges | $114.00 |
| Less payments received (applied per Fla. Stat. § 720.3085) | -$6,841.51 |

| COSTS INCURRED: | |
|---|---:|
| Recording and Processing Fee (Claim of Lien) | $13.50 |
| Title & Name Searches | $225.00 |
| Administrative Costs (archive/copy fee; bankruptcy searches; postage) | $20.45 |
| Court Filing Fees (Complaint, Lis Pendens, Summons issuance) | $435.74 |
| Service of Process | $90.00 |
| Court Reporter Fees | $977.20 |
| Expert Witness Fee (Reasonable Attorney's Fees) | $40.00 |
| **COSTS TO BE INCURRED:** | |
| Clerk's Auction Sale Fee | $142.50 |
| Publication Costs (Daily Business Review, Notice of Sale) | $245.00 |
| **SUB-TOTAL** | **$14,726.48** |
| ATTORNEY'S FEES (8/7/20 through 5/9/20) | $19,460.25 |
| **TOTAL** | **$34,186.73** |

3. **Attorney's Fees**. The Court finds, based upon affidavits presented and upon inquiry of counsel for the Plaintiff, that **80.65** hours were reasonably expended by Plaintiff's counsel and that the flat rates of **$31.25, $97.50 and $250.00**, the hourly attorney rates of **$0 and $260.00** and the hourly paralegal rates of **$0 and $135.00** are appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

4. **Interest**. The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

5. **Lien on Property**. Plaintiff, SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOCIATION INC., whose address is c/o Miami Management, Inc., 3691 SW 164th Ave., Miramar, FL 33027, holds a lien for the total sum specified in paragraph 2 herein. The Lien of the Plaintiff is superior in dignity to any rights, title, interest or claim of the defendants and all persons, corporations, or other entities by, through or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants. The Plaintiff's lien encumbers the subject property located in Broward County, Florida and described as follow:

**LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT**

**THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA;**

**a/k/a 3809 S.W. 164th Terrace, Miramar, Florida 33027.**

6. **Sale of Property**. If the grand total amount with interest at the rate described in Paragraph 4 and all cost accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at the public sale on **June 14, 2022** at 10:00 a.m. to the highest bidder or bidders for cash, except as prescribed in paragraph in 6, at: https://www.broward.realforeclose.com/ the Clerk's website for on-line auctions at 10:00 a.m. after having first given notice as required by Section 45.0315, Florida Statutes.

7. **Costs**. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording and certifying the sale and title that shall be assessed as cost.

8. **Right of Redemption**. On filing of the Certificate of Sale, Defendant's right of redemption as proscribed by Section 45.0315, Florida Statutes, shall be terminated.

9. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale. During the sixty (60) days after Clerk issues the Certificate of Disbursement, the Clerk shall hold the Surplus pending further Order of this Court.

10. **Right of Possession**. Upon filing the Certificate of Title, Defendants and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property, subject to the provisions of the "Protecting Tenant at Foreclosure Act of 2009".

11.     **Jurisdiction**. The Court retains jurisdiction of this action to enter further orders that are necessary and proper, including, without limitation, to re-foreclose on the claim of lien, to amend or supplement the judgment to include additional shared component unit costs, interest and late fees, as prescribed in paragraph 2, that become due prior to the sale, and attorneys' fees and costs that incur in the enforcement/execution of this judgment prior to the sale, to appoint a receiver for collection of rent from any tenant, to issue writs of possession and deficiency judgments.

## NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLA. ST.

IF THIS PROPERTY IS SOLD AT PUBLIC ACTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, **BROWARD COUNTY COURTHOUSE, 201 S.E. 6th STREET, FORT LAUDERDALE, FL 33301,** WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC., AT **(954) 765-8950** TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT **LEGAL AID SERVICE OF BROWARD COUNTY, INC., 491 N. STATE ROAD 7, PLANTATION, FL 33317**, FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>25th day of May, 2022</u>.

CACE20015682 0:

<u>CACE20015682 05-25-2022 12:20 PM</u>
Hon. Michele Towbin Singer
**CIRCUIT JUDGE**
Electronically Signed by Singer, Michele Towbin (21)

**Copies Furnished To:**
Beth G Lindie , E-mail : Eservice@eslerandlindie.com
Beth G Lindie , E-mail : paralegal01@eslerandlindie.com
Beth G Lindie , E-mail : blindie@eslerandlindie.com
Jonathan M Benjamin , E-mail : jonben70@gmail.com
Jonathan M Benjamin , E-mail : jon@benjaminlawpractice.com
Raymond Anthony Piccin , E-mail : smurguia@assoc-law.com
Raymond Anthony Piccin , E-mail : rpiccin@assoc-law.com
Raymond Anthony Piccin , E-mail : ydelgado@assoc-law.com

Home     About Us     FAQ     Contact Us

## Tuesday June 14, 2022

<< Previous Auction     Current     Next Auction >>

**Pursuant to new legislation effective July 1, 2008, F. S. 45.031(10), the Clerk may conduct the sale of real or personal property under an order or judgment by electronic means.**

### Running Auctions

**There are no cases currently being auctioned.**

### Auctions Closed or Canceled

page [ 3 ]  of 3

| | |
|---|---|
| Auction Sold | **Auction Type:** FORECLOSURE |
| **06/14/2022 10:39 AM ET** | **Case #:** CACE-20-014738 |
| | **Final Judgment Amount:** $25,296.91 |
| Amount | **Parcel ID:** 514032062110 |
| **$150,100.00** | **Property Address:** 16891 SW 49 CT |
| | MIRAMAR, 33027 |
| Sold To | |
| **3rd Party Bidder** | **Plaintiff Max Bid:** $25,296.91 |

| | |
|---|---|
| Auction Sold | **Auction Type:** FORECLOSURE |
| **06/14/2022 10:48 AM ET** | **Case #:** CACE-20-015682 |
| | **Final Judgment Amount:** $34,186.73 |
| Amount | **Parcel ID:** 514029042250 |
| **$132,000.00** | **Property Address:** 3809 SW 164 TER |
| | MIRAMAR, 33027 |
| Sold To | |
| **3rd Party Bidder** | **Plaintiff Max Bid:** $34,186.73 |

| | |
|---|---|
| Auction Sold | **Auction Type:** FORECLOSURE |
| **06/14/2022 10:58 AM ET** | **Case #:** CACE-21-005438 |
| | **Final Judgment Amount:** $17,531.52 |
| Amount | **Parcel ID:** 484123AB2710 |
| **$63,200.00** | **Property Address:** 3060 HOLIDAY SPRINGS BLVD 17-2 |
| | MARGATE, 33063 |
| Sold To | |
| **3rd Party Bidder** | **Plaintiff Max Bid:** $17,531.52 |

| | |
|---|---|
| Auction Status | **Auction Type:** FORECLOSURE |
| **Canceled per Bankruptcy** | **Case #:** CACE-21-008437 |
| | **Final Judgment Amount:** $1,602,625.91 |
| | **Parcel ID:** 484103060210 |
| | **Property Address:** 6041 NW 84 TER |
| | PARKLAND, 33067 |
| | **Plaintiff Max Bid:** $1,602,625.91 |

| | |
|---|---|
| **Auction Sold** | **Auction Type:** FORECLOSURE |
| **06/14/2022 10:59 AM ET** | **Case #:** CACE-21-011978 |
| | **Final Judgment Amount:** $291,934.72 |
| **Amount** | **Parcel ID:** 494135021460 |
| **$200.00** | **Property Address:** 6271 NW 14 CT |
| | SUNRISE, 33313 |
| **Sold To** | |
| **Plaintiff** | **Plaintiff Max Bid:** $296,485.06 |

| | |
|---|---|
| **Auction Status** | **Auction Type:** FORECLOSURE |
| **Canceled per Order** | **Case #:** CACE-21-015936 |
| | **Final Judgment Amount:** $226,443.42 |
| | **Parcel ID:** 484226172890 |
| | **Property Address:** 1900 NW 5 TER |
| | POMPANO BEACH, 33060 |
| | **Plaintiff Max Bid:** Hidden |

page [ 3 ] of 3

In the Circuit Court of the
17th Judicial Circuit in and for
Broward County, Florida

Case No.CACE-20-015682
Division:21

SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD
Plaintiff

 VS.

SMITH, MARISA C
Defendant

## **Certificate of Sale**

The undersigned, Brenda D. Forman, Clerk of the Court certifies that notice of public sale of the property described
in the order of final judgment was published in Broward Daily Business Review, a newspaper circulated in Broward
County, Florida in the manner shown by the proof of publication attached and on  06/14/2022  the property was
offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property in
the amount of $132,000.00 was submitted by  MIRETG INVESTMENTS  to whom the property was sold. The
proceeds of the sale are retained for distribution in accordance with the order or final judgment or law.

Witness my hand and the seal of the court on  June 14, 2022 .

Brenda D. Forman, Clerk of the Circuit & County Court
Broward County, Florida



| Site Address | 3809 SW 164 TERRACE, MIRAMAR FL 33027 | ID # | 5140 29 04 2250 |
|---|---|---|---|
| Property Owner | SMITH, MARISA C | Millage | 2713 |
| Mailing Address | 3809 SW 164 TER MIRAMAR FL 33027 | Use | 01-01 |
| Abbr Legal Description | NAUTICA PLAT 164-36 B LOT 41 BLK 8 | | |

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

\* 2022 values are considered "working values" and are subject to change.

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2022* | $69,910 | $458,500 | $528,410 | $252,190 | |
| 2021 | $69,910 | $362,570 | $432,480 | $244,850 | $4,617.52 |
| 2020 | $69,910 | $335,640 | $405,550 | $241,470 | $4,565.38 |

| 2022* Exemptions and Taxable Values by Taxing Authority | | | | |
|---|---|---|---|---|
| | County | School Board | Municipal | Independent |
| Just Value | $528,410 | $528,410 | $528,410 | $528,410 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH 00 | $252,190 | $252,190 | $252,190 | $252,190 |
| Homestead 100% | $25,000 | $25,000 | $25,000 | $25,000 |
| Add. Homestead | $25,000 | 0 | $25,000 | $25,000 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $202,190 | $227,190 | $202,190 | $202,190 |

| Sales History | | | |
|---|---|---|---|
| Date | Type | Price | Book/Page or CIN |
| 6/16/1999 | SWD | $187,000 | 29601 / 752 |
| | | | |
| | | | |
| | | | |

| Land Calculations | | |
|---|---|---|
| Price | Factor | Type |
| $7.00 | 9,987 | SF |
| | | |
| | | |
| | | |

| Adj. Bldg. S.F. (Card, Sketch) | 2805 |
|---|---|
| Units | 1 |
| Eff./Act. Year Built: 2000/1999 | |

| Special Assessments | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
| 27 | | | 4I | | | MM | | |
| R | | | 4I | | | | | |
| 1 | | | .23 | | | 1 | | |

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy          12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** <br><br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | **Marisa** <br> First name <br><br> **Chanile** <br> Middle name <br><br> **Smith** <br> Last name and Suffix (Sr., Jr., II, III) | First name <br><br> Middle name <br><br> Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** <br><br> Include your married or maiden names. | Marisa C. Smith <br> Marisa Smith | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-7912 | |

018

Debtor 1   **Smith, Marisa Chanile**                                              Case number *(if known)*

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)

EINs

☐ I have not used any business name or EINs.

Business name(s)

EINs

**5.** **Where you live**

**3809 SW 164th Ter**
**Miramar, FL 33027-4641**
Number, Street, City, State & ZIP Code

**Broward**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing** *this district* **to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

019

Debtor 1 __**Smith, Marisa Chanile**_____                    Case number *(if known)* _____

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7.** | **The chapter of the Bankruptcy Code you are choosing to file under** | *Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

**8.** | **How you will pay the fee** | ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** | **Have you filed for bankruptcy within the last 8 years?** | ■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.** | **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?** | ■ No

☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11.** | **Do you rent your residence?** | ■ No. | Go to line 12.

☐ Yes. | Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

020

Debtor 1    **Smith, Marisa Chanile**                                                    Case number *(if known)*

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____

Name of business, if any

_____

_____

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a** *small business debtor?*

For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

Number, Street, City, State & Zip Code

---

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 4

| Debtor 1 | **Smith, Marisa Chanile** | Case number *(if known)* |
|---|---|---|

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

| **15. Tell the court whether you have received a briefing about credit counseling.** | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

*You must check one:*

**About Debtor 1:**

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

---

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

---

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of**:

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

022

Debtor 1    **Smith, Marisa Chanile**                                                    Case number *(if known)*

| **Part 6:** | Answer These Questions for Reporting Purposes |
|---|---|

**16.** What kind of debts do you have?

16a.  **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C.§ 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b.  **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.  State the type of debts you owe that are not consumer debts or business debts

---

**17.** Are you filing under Chapter 7?

■ No.    I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18.** How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19.** How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20.** How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| **Part 7:** | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Marisa Chanile Smith**
_____          _____
**Marisa Chanile Smith**                                       Signature of Debtor 2
Signature of Debtor 1

Executed on    **October 15, 2018**              Executed on  _____
MM / DD / YYYY                                              MM / DD / YYYY

---

Debtor 1    **Smith, Marisa Chanile**                                              Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Chad Van Horn**                                    Date    **October 15, 2018**
Signature of Attorney for Debtor                                 MM / DD / YYYY

**Chad Van Horn**
Printed name

**Van Horn Law Group, P.A.**
Firm name

**330 N Andrews Ave Ste 450**
**Fort Lauderdale, FL 33301-1012**
Number, Street, City, State & ZIP Code

Contact phone    **(954) 765-3166**            Email address    **chad@cvhlawgroup.com**

**64500**
Bar number & State

---

**United States Bankruptcy Court**
**Southern District of Florida, Fort Lauderdale Division**

IN RE:                                                              Case No. _____

Smith, Marisa Chanile _____          Chapter **13** _____
                    Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: **October 15, 2018** _____          Signature: */s/ Marisa Chanile Smith* _____
                                                         **Marisa Chanile Smith**
                                                                                             Debtor


Date: _____          Signature: _____
                                                                                             Joint Debtor, if any

© 2018 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Bakalar & Associates, P.A
12472 W Atlantic Blvd
Coral Springs, FL  33071-4086


Broward County Tax Collector
115 S Andrews Ave
Fort Lauderdale, FL  33301-1818


Capital One
15000 Capital One Dr
Richmond, VA  23238-1119


Credit One Bank NA
PO Box 98875
Las Vegas, NV  89193-8875


Fed Loan Serv
PO Box 60610
Harrisburg, PA  17106-0610


Genesis Bc/Celtic Bank
268 S State St Ste 300
Salt Lake City, UT  84111-5314


Internal Revenue Service
7850 SW 6th Ct # 5730
Plantation, FL  33324-3202

Internal Revenue Services
PO Box 7346
Philadelphia, PA   19101-7346


Merrick Bank Corp
PO Box 9201
Old Bethpage, NY   11804-9001


Nationstar Mortgage
350 Highland Dr
Lewisville, TX   75067-4177


Robertson, Anschutz & Schneid, P.L
6409 Congress Ave Ste 100
Boca Raton, FL   33487-2853


Shoma Homes At Nautica Single Family Nei
C/O MIAMI MANAGEMENT, INC.
3691 SW 164th Ave
Miramar, FL   33027-4579


Sunrise Credit Service
260 Airport Plaza Blvd
Farmingdale, NY   11735-3946


The Bank of New York Mellon
6409 Congress Ave Ste 100
Boca Raton, FL   33487-2853

US Attorney for Southern District of Fla
99 NE 4th St
Miami, FL  33132-2131

CGFD43 (10/01/16)



**ORDERED in the Southern District of Florida on April 4, 2019**

**John K Olson**
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 18–22792–JKO**
**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Marisa Chanile Smith
aka Marisa C. Smith, aka Marisa Smith
3809 SW 164th Terrace
Miramar, FL 33027–4641

SSN: xxx–xx–7912

## ORDER DENYING CONFIRMATION AND DISMISSING CHAPTER 13 CASE

This case came before the court for confirmation of a proposed chapter 13 plan. Based on the record, it is

**ORDERED** as follows:

1. Confirmation of the proposed chapter 13 plan is denied.

2. This case is dismissed with prejudice as to the filing of any bankruptcy case in any federal bankruptcy court in the United States of America by the above–named debtor for 180 days from entry of this order, or the expiration of any prejudice period set in any previous order, whichever is later.

*Page 1 of 2*

3. All pending motions are denied as moot.

4. The trustee shall file a final report prior to the administrative closing of the case.

5. (If applicable) the debtor shall immediately pay to the Clerk, U.S. Court, Federal Building, 299 E Broward Blvd, Room 112, Ft Lauderdale FL 33301, **$0.00** for the balance of the filing fee as required by Local Rule 1017–2(E). Any funds remaining with the trustee shall be applied to this balance and the trustee must dispose of any funds in accordance with the Bankruptcy Code, and Local Rule 1017–2(F), unless otherwise ordered by the court. The court will not entertain a motion for reconsideration of this order unless all unpaid fees are paid at the time the motion is filed.

6. A motion to rehear, reconsider, or reinstate a dismissed case must be filed in accordance with the requirements of Local Rule 9013–1(E).

7. In accordance with Local Rule 1002–1(B), the clerk of court is directed to refuse to accept for filing any future voluntary petitions submitted by this debtor if the refiling violates a prior order of the court or if the petition is accompanied by an Application to Pay Filing Fee in Installments and filing fees remain due from any previous case filed by the debtor.

The clerk shall serve a copy of this order on all parties of record.

*# # #*

*Page 2 of 2*

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this is an amended filing

---

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | **Marisa** <br> First name <br><br> **Chanile** <br> Middle name <br><br> **Smith** <br> Last name and Suffix (Sr., Jr., II, III) | First name <br><br> Middle name <br><br> Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-7912 | |

Debtor 1    **Smith, Marisa Chanile**          Case number *(if known)*

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4.**   **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

□ I have not used any business name or EINs.

Business name(s)

Business name(s)

EINs

EINs

---

**5.**   **Where you live**

**3809 SW 164th Ter**
**Miramar, FL 33027-4641**
Number, Street, City, State & ZIP Code

**Broward**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

---

**6.**   **Why you are choosing** *this district* **to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

□ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

□ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

□ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

---

032

| Debtor 1 | **Smith, Marisa Chanile** | Case number *(if known)* |
|---|---|---|

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

**8. How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No.

■ Yes.

| District | Souther District of Florida | When | 10/15/18 | Case number | 18-22792-JKO |
|---|---|---|---|---|---|
| District | | When | | Case number | |
| District | | When | | Case number | |

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | | | | Relationship to you | |
|---|---|---|---|---|---|
| District | | When | | Case number, if known | |
| Debtor | | | | Relationship to you | |
| District | | When | | Case number, if known | |

---

**11. Do you rent your residence?**

■ No.     Go to line 12.

☐ Yes.     Has your landlord obtained an eviction judgment against you?

    ☐ No. Go to line 12.

    ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | **Smith, Marisa Chanile** | Case number *(if known)* | 033 |
|---|---|---|---|

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a** *small business debtor?*

For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

☑ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.

What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1   **Smith, Marisa Chanile**      034      Case number *(if known)*

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.**
  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.**
  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.**
  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.**
  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.**
  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.**
  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1  **Smith, Marisa Chanile** 035

Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C.§ 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

■ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Marisa Smith**

**Marisa Chanile Smith**
Signature of Debtor 1

Signature of Debtor 2

Executed on  **October 11, 2019**
MM / DD / YYYY

Executed on
MM / DD / YYYY

Debtor 1    **Smith, Marisa Chanile** _____    Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Elias L. Dsouza** _____    Date    **October 11, 2019** _____
Signature of Attorney for Debtor                                MM / DD / YYYY

**Elias L. Dsouza** _____
Printed name

**Elias Leonard Dsouza, PA** _____
Firm name

**8751 W Broward Blvd Ste 301**
**Plantation, FL 33324-2632** _____
Number, Street, City, State & ZIP Code

Contact phone    **(954) 358-5911** _____    Email address    **dtdlaw@aol.com** _____

**399477** _____
Bar number & State

---

**United States Bankruptcy Court**
**Southern District of Florida, Fort Lauderdale Division**

IN RE:                                                                    Case No. _____

Smith, Marisa Chanile _____    Chapter **13** _____
                            Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: **October 11, 2019** _____    Signature: */s/ Marisa Smith* _____
                                                   **Marisa Smith**
                                                                                            Debtor


Date: _____    Signature: _____
                                                                                   Joint Debtor, if any

© 2019 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

FedLoan Servicing Credit
POB 60610
Harrisburg, PA  17106-0610


Greendot Bank
PO Box 5100
Pasadena, CA  91117-0100


Nautica Community Association
C/O Bakalar & Associates, P.A.
12472 W Atlantic Blvd
Coral Springs, FL  33071-4086


The Bank of New York Mellon
C/o Robertson, Anschutz & Schneid, P.L.
6409 Congress Ave Ste 100
Boca Raton, FL  33487-2853


Webbank/Avant
222 N La Salle St Ste 1700
Chicago, IL  60601-1101

B201B (Form 201B) (12/09)
039

**United States Bankruptcy Court**
**Southern District of Florida, Fort Lauderdale Division**

IN RE:                                                    Case No. _____

Smith, Marisa Chanile _____     Chapter **13** _____
                      Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____     Social Security number (If the bankruptcy
Printed Name and title, if any, of Bankruptcy Petition Preparer     petition preparer is not an individual, state
Address:                                          the Social Security number of the officer,
_____     principal, responsible person, or partner of
                                                  the bankruptcy petition preparer.)
_____     (Required by 11 U.S.C. § 110.)

**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or
partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Smith, Marisa Chanile** _____     **X** _/s/ Marisa Smith_ _____ **10/11/2019**
Printed Name(s) of Debtor(s)                      Signature of Debtor                    Date

Case No. (if known) _____     **X** _____
                                                  Signature of Joint Debtor (if any)        Date

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

© 2019 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

## Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

Software Copyright (c) 2019 CINGroup - www.cincompass.com

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property.* Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

| | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Software Copyright (c) 2019 CINGroup - www.cincompass.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.: **19-23650-BKC-PGH**
PROCEEDING UNDER CHAPTER 13

IN RE:

MARISA CHANILE SMITH
XXX-XX-7912

DEBTOR_____/

### TRUSTEE'S MOTION TO DISMISS AND CERTIFICATE OF
### SERVICE OF COURT GENERATED NOTICE OF HEARING

**COMES NOW**, Robin R. Weiner, Standing Chapter 13 Trustee in the above-referenced bankruptcy case ("Trustee"), and files her Motion to Dismiss pursuant to 11 U.S.C. §1307(c) for the reason(s) set forth below:

1. Failure to make required payments under the Plan as required by 11 U.S.C. §1307;

**WHEREFORE**, your movant recommends it is in the best interest of the creditors and the estate that this petition under Chapter 13 be dismissed.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A) and that a true and correct copy of this Trustee's Motion to Dismiss and Certificate of Service of Court Generated Notice of Hearing was served, via U.S. first class mail, certified mail and/or CM/ECF, upon the parties listed on the attached service list this 17th day of July, 2020.

*/s/ Robin R. Weiner*
_____
ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
TELEPHONE: 954-382-2001
FLORIDA BAR NO.: 861154

## SERVICE LIST

**COPIES FURNISHED TO:**

**DEBTOR**
MARISA CHANILE SMITH
3809 SW 164TH TERRACE
MIRAMAR, FL  33027-4641

**ATTORNEY FOR DEBTOR**
ELIAS LEONARD DSOUZA, ESQUIRE
8751 W BROWARD BLVD
SUITE 301
PLANTATION, FL  33324-2632

**CREDITOR(S)**
ANDREW J. MEYERS, ESQUIRE
115 S ANDREWS AVENUE
FORT LAUDERDALE, FL  33301

ASHLEY PRAGER POPOWITZ
110 SE 6TH STREET, SUITE 2400
FT LAUDERDALE, FL  33301

BAKALAR & ASSOCIATES PA
12472 WEST ATLANTIC BLVD
CORAL SPRINGS, FL  33071

BROWARD COUNTY RECORDS, TAXES & TREASURY DIV.
115 S ANDREWS AVENUE ROOM A100
FT LAUDERDALE, FL  33301

HOFFMAN LARIN & AGNETTI, P.A
6750 NORTH ANDREWS AVENUE
#200
FORT LAUDERDALE, FL  33309

LVNV FUNDING, LLC
C/O RESURGENT CAPITAL SERVICES
POB 10587
GREENVILLE, SC  29603-0587

NAUTICA COMMUNITY ASSOCIATION, INC.
BAKALAR & ASSOCIATES, P.A.
12472 W. ATLANTIC BLVD.
CORAL SPRINGS, FL  33071

NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING
POB 10826
GREENVILLE, SC  29603

SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD
C/O BAKALAR & ASSOCIATES PA
12472 W. ATLANTIC BLVD
CORAL SPRINGS, FL  33071



**ORDERED in the Southern District of Florida on August 4, 2020.**

Paul G. Hyman, Jr.,Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.:  19-23650-BKC-PGH
PROCEEDING UNDER CHAPTER 13

IN RE:

MARISA CHANILE SMITH
XXX-XX-7912

DEBTOR_____/

### ORDER GRANTING TRUSTEE'S MOTION TO DISMISS

**THIS CAUSE** came to be heard on the August 3, 2020 Consent Calendar without opposition on Robin R. Weiner, Standing Chapter 13 Trustee's ("Trustee") Motion to Dismiss ("Motion"), and based on the record, it is

**ORDERED:**

1. The Trustee's Motion is **GRANTED**.

2. This case is dismissed without prejudice.

3.  Any funds remaining in the possession of the Trustee, either in a pre-confirmation or post-confirmation account, shall be utilized by the Trustee to be applied to the payment of any outstanding filing fees or other costs due to the Clerk of Court with respect to the subject Chapter 13 proceeding.  The Trustee is authorized to disburse such funds, less all applicable Trustee's fees and costs on each such disbursement.  If the Trustee does not have sufficient funds available to pay the balance due in full on behalf of the Debtor, the Debtor shall forthwith pay directly to the Clerk of the U.S. Bankruptcy Court any amount due and owing on said filing fees or other costs, as required by Local Rule 1017-2(E).

4.  The Clerk of Court is directed to refuse to accept for filing any future voluntary petitions submitted by the Debtor if the refiling violates a prior order of the Court or if the petition is accompanied by an Application to Pay Filing Fees and Administrative Fees in Installments and filing fees remain due from any previous case filed by the Debtor.

5.  All pending motions are denied as moot.

### ###

**ORDER SUBMITTED BY:**

ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
954-382-2001

**COPIES FURNISHED TO:**

**DEBTOR**
MARISA CHANILE SMITH
3809 SW 164TH TERRACE
MIRAMAR, FL  33027-4641

**ATTORNEY FOR DEBTOR**
ELIAS LEONARD DSOUZA, ESQUIRE
8751 W BROWARD BLVD
SUITE 301
PLANTATION, FL  33324-2632

**ROBIN R. WEINER** IS DIRECTED TO SERVE COPIES OF THIS ORDER UPON THE PARTIES LISTED AND FILE A CERTIFICATE OF SERVICE.

049
CGFI3 (12/01/2020)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22–14583–SMG**
**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027

SSN: xxx–xx–7917

## NOTICE OF DEADLINE(S) TO CORRECT FILING DEFICIENCY(IES)

**NOTICE IS HEREBY GIVEN TO THE DEBTOR(S)** that the above referenced case, which was filed on **June 14, 2022**, contains one or more filing deficiency(ies) which must be corrected. **Failure to correct a deficiency on or before the deadline posted below the listed deficiency may result in the document(s) being stricken and/or dismissal of this case without further notice.** Deficiencies in items listed below may include failure to file the document, failure to sign the document, or failure to file the document using the correct and/or current form that substantially conforms to an Official Bankruptcy Form or Local Form. Links to all required Official Bankruptcy Forms and AO Director's national forms and to local rules, forms, instructions and guidelines are on the court website www.flsb.uscourts.gov.

**DEFICIENCY(IES) in your case:** You must correct the following deficiency(ies) by the date indicated below each deficiency.

**Chapter 13 Plan** (Local Form LF–31) was not filed with the petition.
**Deadline to correct deficiency: 6/28/22**

**Schedules of assets and liabilities.** The following schedules were not filed OR were not filed using the correct and/or current Official Bankruptcy Form.
**Deadline to correct deficiency: 6/28/22**

Official Bankruptcy Form 106, Summary of Your Assets and Liabilities and Certain Statistical Information
Official Bankruptcy Form 106A/B, Schedule A/B: Property

Official Bankruptcy Form 106C, Schedule C: The Property You Claim as Exempt

Official Bankruptcy Form 106D, Schedule D: Creditors Who Hold Claims Secured by Property

Official Bankruptcy Form 106E/F, Schedule E/F: Creditors Who Have Unsecured Claims

Official Bankruptcy Form 106G, Schedule G: Executory Contracts and Unexpired Leases

Official Bankruptcy Form 106H, Schedule H: Your Codebtors

Official Bankruptcy Form 106I, Schedule I: Your Income

Official Bankruptcy Form 106J, Schedule J: Your Expenses **and** (if applicable)
Official Bankruptcy Form 106J2, Schedule J–2: Expenses for Separate Household of Debtor 2

**Declaration About an Individual Debtor's Schedules** (Official Bankruptcy Form 106) was not filed or was not signed.
**Deadline to correct deficiency: 6/28/22**

☑ Declaration not filed

☐ Declaration not signed

☐ Declaration must be filed with deficient schedules listed above

**Your Statement of Financial Affairs for Individuals Filing for Bankruptcy** (Official Form 107) was not filed or was not signed. See Bankruptcy Rule 1007(b) and (c).
**Deadline to correct deficiency: 6/28/22**

☑ Statement not filed

☐ Statement not signed

☐ Statement incomplete

**Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period** (Official Bankruptcy Form 122C–1) was not filed. See Bankruptcy Rule 1007(b) and (c).
**Deadline to correct deficiency: 6/28/22**

**Copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition as required by 11 U.S.C. §521(a)(1)(B)(iv)** for the **Debtor**. See Bankruptcy Rule 1007(b) and (c) and Local Rule 1007–1(E). Payment advices are deficient as indicated: **Not filed.**
**Deadline to correct deficiency: 6/28/22**

**Certification of Budget and Credit Counseling Course** for the DEBTOR not filed. See Bankruptcy Rule 1007–1(b)(3) and Local Rule 1007–1(D). A copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency must be filed.
**Deadline to correct deficiency: 6/28/22**

**IMPORTANT: _The deadline to file the certificate of credit counseling cannot be extended unless there are exigent circumstances which prevented you from obtaining the credit counseling briefing [See 11 U.S.C. 109(h)(3)]._**

**Please also be advised** of the following local requirement when correcting any deficiency related to filing of petitions, schedules, statements or lists:

The Local Form "Debtor's Notice of Compliance with Requirements for Amending Creditor Information" (LF–04) and the Official Bankruptcy Form "Declaration About an Individual Debtor's Schedules" must accompany the filing of any paper submitted subsequent to the filing of the initial service matrix. [See Bankruptcy Rules 1007 and 1009, and Local Rules 1007–2(B) and 1009–1(D)]. If the paper you are filing to correct the deficiency requires you to amend your service matrix, please review the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices" for additional format, fee and other requirements.

**Dated:** **6/14/22**

**Clerk of Court**
By: Tanesha Graster–Thomas , Deputy Clerk

The clerk shall serve a copy of this notice on all parties of record.

| Information to identify the case: | | | | | |
|---|---|---|---|---|---|

Debtor 1: **Marisa Chanile Smith**

First Name   Middle Name   Last Name

Social Security number or ITIN:  xxx–xx–7917
EIN:  _ _–_ _ _ _ _ _ _

Debtor 2:
(Spouse, if filing)  First Name   Middle Name   Last Name

Social Security number or ITIN:  _ _ _ _
EIN:  _ _–_ _ _ _ _ _ _

United States Bankruptcy Court:  Southern District of Florida

Date case filed for chapter:   13   6/14/22

Case number:  **22–14583–SMG**

## Notice of Chapter 13 Bankruptcy Case

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See boxes 8 and 12 below for more information.)

**You may want to consult an attorney to protect your rights. The bankruptcy clerk's office staff cannot give legal advice.**

**To help creditors correctly identify debtors, debtors must submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

**WARNING TO DEBTOR:** Debtors must commence plan payments within 30 days of filing the chapter 13 petition or conversion to chapter 13. Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to be current with plan payments at the time of the meeting of creditors, and for failure to file a pre–bankruptcy certification of credit counseling or file wage documentation. The case may also be dismissed or converted at the scheduled confirmation hearing if the court denies confirmation of the pending plan under 11 U.S.C. § 1325 and denies a request made for additional time for filing another plan or a modification of a plan.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's Full Name** | Marisa Chanile Smith | |
| 2. | **All Other Names Used in the Last 8 Years** | | |
| 3. | **Address** | 3809 SW 164th Terrace<br>Miramar, FL 33027 | |
| 4. | **Debtor's Attorney**<br>(or Pro Se Debtor)<br>Name and address | Marisa Chanile Smith<br>3809 SW 164th Terrace<br>Miramar, FL 33027 | Contact phone 954–446–5359 |
| 5. | **Bankruptcy Trustee**<br>Name and address | Robin R Weiner<br>Robin R. Weiner, Chapter 13 Trustee<br>Post Office Box 559007<br>Fort Lauderdale, FL 33355 | Contact phone 954–382–2001 |
| 6. | **Bankruptcy Clerk's Divisional Office Where Assigned Judge is Chambered** | Federal Building<br>299 E Broward Blvd, Room 112<br>Ft Lauderdale FL 33301 | Hours open 8:30 a.m. – 4:00 p.m.<br>Contact phone (954) 769–5700 |
| | | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format via CM/ECF at any clerk's office public terminal (at no charge for viewing) or via PACER on the internet accessible at pacer.uscourts.gov (charges will apply). Case filing and unexpired deadline dates can be obtained by calling the Voice Case Information System toll–free at (866) 222–8029. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g. drivers license, state identification card, passport, or immigration card.) | **Note:** Contact the Clerk's Office at the number listed above or check the court's website for reduced hours of operation for in–person filings.<br><br>Clerk of Court:  **Joseph Falzone**<br>Dated:  **6/14/22** |
| 7. | **\*\*MEETING OF CREDITORS\*\***<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must be present with required original government–issued photo identification and proof of social security number (or if applicable, Tax ID). Creditors may attend, but are not required to do so. | **July 25, 2022 at 03:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **\*MEETING WILL BE HELD BY TELEPHONE\***<br><br>**Trustee:  Robin R Weiner**<br>Call in number:  877–506–8679<br>Participant Code:  6439599 |

Debtor **Marisa Chanile Smith**                                                                 Case number **22–14583–SMG**

| **8. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. Writing a letter to the court or judge is not sufficient. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 9/23/22** |
|---|---|---|
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline:** _____ |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline:** _____ |
| **When Filing Proofs of Claim:** If the debtor is not represented by an attorney, you must serve copies of the proof of claim including all attachments on the debtor, via U.S. Mail, see Local Rule 3002–1(E). Claims may be delivered or mailed to the clerk's office. Creditors with internet access have the option to use the electronic claims filing program on the court website at www.flsb.uscourts.gov to electronically file a proof of claim. | **Deadlines for Filing Proof of Claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.flsb.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. If this is a converted case proofs of claim filed under the initial chapter shall be deemed filed and need not be refiled.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.<br><br>**Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing proofs of claim in this notice apply to all creditors. If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline to file a proof of claim. See also box 10 below. | |
| | **Deadline to Object to Exemptions:**<br>The law permits debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection.<br><br>**The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions.** | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors, or within 30 days of any amendment to the list of supplemental schedules, unless as otherwise provided under Bankruptcy Rule 1019(2)(B) and Local Rule 4003–1(B) for converted cases. |
| **9. Filing of Plan and Hearing on Confirmation**<br><br>**Deadline to Object to Confirmation**<br><br><br><br>**Attorney Fee Claims** | The hearing on confirmation will be held on: **9/15/22** at **09:00 AM**, by **VIDEO CONFERENCE**. You must register in advance no later than 3:00 PM, one business day before the hearing. To register, click on or enter the following registration link in a browser: https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtIAFR1SzvHObJU<br>If the debtor filed a Chapter 13 Plan, it is included with this notice. If no Plan is filed, the Plan will be mailed to **ALL** parties in accordance with Local Rule 2002–1(C)(5).<br>At the confirmation hearing on the plan, the court will consider all timely objections to confirmation and any filed motions to dismiss or convert the case. Except for objections to confirmation based on valuation of collateral and the plan or objections to attorney fee claims, **objections to confirmation of the plan must be in writing and filed no later than 14 days prior to the date first scheduled for hearing on confirmation, see Local Rule 3015–3(B)(1).**<br>Attorney fee applications and objections to attorney fees shall be heard at the confirmation hearing. | |
| **10. Creditors with a Foreign Address** | Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a Chapter 13 Bankruptcy Case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a Plan. A Plan is not effective unless the Court confirms it. You may object to Confirmation of the Plan and appear at the Confirmation hearing. The Confirmation hearing will be held on the date shown in box 9 of this notice. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Discharge of Debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. See box 8 for deadlines. The discharge will not be issued until the Official Bankruptcy Form "Certification About a Financial Management Course" is filed by the debtor (unless the course provider filed a certificate of completion of the financial management course on behalf of the debtor). | |
| **13. Option to Receive Notices Served by the Clerk by Email Rather than U.S. Mail** | 1) EBN program open to all parties. Register at the BNC website bankruptcynotices.uscourts.gov, **OR** 2) DeBN program open to debtors only. Register by filing with the Clerk of Court, Local Form "Debtor's Request to Receive Notices Electronically Under DeBN Program". There is no charge for either option. See also Local Rule 9036–1(B) and (C). | |
| **14. Translating Services** | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. | |

Fill in this information to identify your case and this filing:

| Debtor 1 | Marisa | Chanile | Smith |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Southern District of Florida

Case number  22-14583-SMG

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑ Yes. Where is the property?

**1.1.** 3809 SW 164 Terrace
Street address, if available, or other description

Miramar     FL     33027
City          State   ZIP Code

Broward
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $  641,400.00 | $  641,400.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate, if known.

_____

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2.** _____
Street address, if available, or other description

_____

City          State   ZIP Code

_____
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate, if known.

_____

☐ Check if this is community property (see instructions)

Debtor 1   05 Marisa        Chanile        Smith
           First Name       Middle Name    Last Name                    Case number *(if known)* 22-14583-SMG

**What is the property?** Check all that apply.

1.3. _____
     Street address, if available, or other description

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property

_____

City            State    ZIP Code

- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one.

_____

County

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____        $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

- ☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ............................................ →   $   641,400.00

---

## Part 2:   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

- ☐ No
- ☑ Yes

3.1.   Make:              Toyota
       Model:             Camry
       Year:              2007
       Approximate mileage:   204,785

       Other information:

       | As per NaPda.com |
       | VIN #4T1FA38P77U126817 |

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$    2,175.00   $    2,175.00

If you own or have more than one, describe here:

3.2.   Make:              _____
       Model:             _____
       Year:              _____
       Approximate mileage:   _____

       Other information:

       | |

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____   $_____

Debtor 1 05 Marisa    Chanile    Smith      Case number *(if known)* 22-14583-SMG

First Name    Middle Name    Last Name

| 3.3. | Make: _____ | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|

3.3.
Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
_____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

3.4.
Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
_____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
☑ No
☐ Yes

4.1.
Make: _____
Model: _____
Year: _____
Other information:
_____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

If you own or have more than one, list here:

4.2.
Make: _____
Model: _____
Year: _____
Other information:
_____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ..................... ➔ $ 2,175.01

Debtor 1  05 Marisa           Chanile          Smith
          First Name          Middle Name      Last Name

Case number (if known)  22-14583-SMG

| Part 3: | Describe Your Personal and Household Items |
|---------|--------------------------------------------|

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**

*Examples*: Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe......... Chandelier, sofa & loveseat, Dining Room Table, Sofa and Chair, Dinnette, 3 bedroom Furniture,Office Desk, Side Tables, Lamps, Table, 3 rugs, dryer,

$ 8,300.00

**7. Electronics**

*Examples*: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe.......... 3 televisions

$ 600.00

**8. Collectibles of value**

*Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No
☑ Yes. Describe.......... figurines and scupltures

$ 1,000.00

**9. Equipment for sports and hobbies**

*Examples*: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe..........

$

**10. Firearms**

*Examples*: Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe..........

$

**11. Clothes**

*Examples*: Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe.......... Dresses, pamts, shirts, T-shirts, Jeans, Sandals, Heels, trousers, Casual Blouses and Pajamas

$ 250.00

**12. Jewelry**

Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☑ Yes. Describe.......... Costume Jewelry

$

**13. Non-farm animals**

*Examples*: Dogs, cats, birds, horses

☑ No
☐ Yes. Describe..........

$

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information. ..............

$

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...................................................................................................➜

$ 10,150.00

Debtor 1    05 Marisa      Chanile      Smith

     First Name      Middle Name      Last Name         Case number *(if known)* 22-14583-SMG

---

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes ................................................................................................................................................. Cash: ........................    $_____ 20.00

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes ......................

Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Bank- Wells Fargo #6954 | $_____ 150.00 |
| 17.2. Checking account: | Bank- Jetstream Federal Credit Union #1704-8 | $_____ 210.00 |
| 17.3. Savings account: | Bank Wells Fargo #1057 | $_____ 100.00 |
| 17.4. Savings account: | Bank-Jetstream Fedral Credit Union | $_____ 5,100.00 |
| 17.5. Certificates of deposit: | | $_____ |
| 17.6. Other financial account: | | $_____ |
| 17.7. Other financial account: | | $_____ |
| 17.8. Other financial account: | | $_____ |
| 17.9. Other financial account: | | $_____ |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes .................

Institution or issuer name:

| | |
|---|---|
| | $_____ |
| | $_____ |
| | $_____ |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No
☐ Yes. Give specific information about them.........................

Name of entity:

% of ownership:

| | | |
|---|---|---|
| | 0% % | $_____ |
| | 0% % | $_____ |
| | 0% % | $_____ |

---

Debtor 1  05 **Marisa**     **Chanile**     **Smith**       Case number *(if known)* **22-14583-SMG**

      <sub>First Name</sub>      <sub>Middle Name</sub>     <sub>Last Name</sub>

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific   Issuer name:
     information about
     them.......................

                                              $_____

                                              $_____

                                              $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

☑ Yes. List each
     account separately.   Type of account:     Institution name:

                            401(k) or similar plan:   **Thrift Savings Plan**               $    **891,043.43**

                            Pension plan:                                            $_____

                            IRA:                                                   $_____

                            Retirement account:                                     $_____

                            Keogh:                                              $_____

                            Additional account:                                     $_____

                            Additional account:                                     $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☐ No

☐ Yes ..........................                   Institution name or individual:

                            Electric:     **FPL**                                     $     **300.00**

                            Gas:                                              $_____

                            Heating oil:                                         $_____

                            Security deposit on rental unit: _____   $_____

                            Prepaid rent:                                      $_____

                            Telephone:                                       $_____

                            Water:                                          $_____

                            Rented furniture:                                   $_____

                            Other:                                          $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes ..........................    Issuer name and description:

                                              $_____

                                              $_____

                                              $_____

| Debtor 1 | 05 Marisa | Chanile | Smith | Case number *(if known)* 22-14583-SMG |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes ..................................... Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

_____ $_____

_____ $_____

_____ $_____

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No

☐ Yes. Give specific
information about them.... $_____

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No

☐ Yes. Give specific
information about them.... $_____

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Give specific
information about them.... $_____

| **Money or property owed to you?** | | **Current value of the portion you own?**<br>Do not deduct secured claims or exemptions. |
|---|---|---|

**28. Tax refunds owed to you**

☑ No

☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ....................... 

| | | |
|---|---|---|
| Federal: | $_____ |
| State: | $_____ |
| Local: | $_____ |

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☐ No

☐ Yes. Give specific information.............

| | | |
|---|---|---|
| Alimony: | $_____ |
| Maintenance: | $_____ |
| Support: | $_____ |
| Divorce settlement: | $_____ |
| Property settlement: | $_____ |

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information.............

$_____

Debtor 1   06 Marisa    Chanile    Smith
First Name    Middle Name    Last Name

Case number *(if known)* 22-14583-SMG

---

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

   ☑ No
   ☐ Yes. Name the insurance company
   of each policy and list its value. ...

   | Company name: | Beneficiary: | Surrender or refund value: |
   |---|---|---|
   | | | $_____ |
   | | | $_____ |
   | | | $_____ |

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

   ☑ No
   ☐ Yes. Give specific information..............

   $_____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

   ☑ No
   ☐ Yes. Describe each claim. ....................

   $_____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

   ☑ No
   ☐ Yes. Describe each claim. ...................

   $_____

35. **Any financial assets you did not already list**

   ☐ No
   ☐ Yes. Give specific information............

   $_____

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ..................................................................................................................... →

   $     891,043.00

---

**Part 5:**    **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ☑ No. Go to Part 6.
   ☐ Yes. Go to line 38.

   **Current value of the portion you own?**
   Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
   ☑ No
   ☐ Yes. Describe.......

   $_____

39. **Office equipment, furnishings, and supplies**
   *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
   ☑ No
   ☐ Yes. Describe.......

   $_____

---

| Debtor 1 | Marisa | Chanile | Smith | Case number (if known) 22-14583-SMG |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe....... $ _____

**41. Inventory**

☑ No

☐ Yes. Describe....... $ _____

**42. Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe....... Name of entity:                                      % of ownership:

_____ _____% $ _____

_____ _____% $ _____

_____ _____% $ _____

**43. Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?**

    ☐ No

    ☐ Yes. Describe....... $ _____

**44. Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
information ......... $ _____

$ _____

$ _____

$ _____

$ _____

$ _____

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here** ............................................................................................................➔ | $ 0.00 |

---

**Part 6:**    **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the
portion you own?**
Do not deduct secured claims
or exemptions.

**47. Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☑ No

☐ Yes......................... $ _____

Debtor 1   Marisa    Chanile    Smith

First Name    Middle Name    Last Name

Case number *(if known)* 22-14583-SMG

**48. Crops—either growing or harvested**

☑ No

☐ Yes. Give specific information.............    $_____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes .........................    $_____

**50. Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes .........................    $_____

**51. Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific information.............    $_____

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ..................... →   $_____

---

**Part 7:**   **Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.............    $_____

   $_____

   $_____

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ................. →   $_____

---

**Part 8:**   **List the Totals of Each Part of this Form**

**55. Part 1: Total real estate, line 2** ..................................................................... →   $ 641,000.00

**56. Part 2: Total vehicles, line 5**    $ 2,175.00

**57. Part 3: Total personal and household items, line 15**    $ 10,150.00

**58. Part 4: Total financial assets, line 36**    $ 896,603.43

**59. Part 5: Total business-related property, line 45**    $ 0.00

**60. Part 6: Total farm- and fishing-related property, line 52**    $ 0.00

**61. Part 7: Total other property not listed, line 54**    + $ 0.00

**62. Total personal property. Add lines 56 through 61.** ....................    $ 908,928.43   Copy personal property total → + $ 908,928.43

**63. Total of all property on Schedule A/B. Add line 55 + line 62.** ...........................................................    $ 1,549,928.43

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Marisa | Chanile | Smith |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the: Southern District of Florida ▼

Case number 22-14583-SMG
(if known)

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**    **Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| Brief description: 3809 SW 164 Terrace<br>Line from *Schedule A/B*: 1.1 | $641,400.00 | ☑ $ 641,400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla. Const. Art X, §4(a)(1);<br>FLa. Stat §§ 222.01,222.02 |
| Brief description: Toyota Solara Camry<br>Line from *Schedule A/B*: 2.3 | $2,175.00 | ☑ $ 2,175.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla. Stat § 222.25(1) |
| Brief description: Sofa Loveseat, Dining<br>Line from *Schedule A/B*: 3.6 | $8,300.00 | ☑ $ 650.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla Const. Art X § 4(a)(2) |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☐ No
   ☑ Yes

Debtor 1  <sup>06</sup>Marisa _____ Chanile _____ Smith _____

First Name    Middle Name    Last Name

Case number *(if known)* 22-14583-SMG

---

**Part 2:** **Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description: Televisions<br>Line from Schedule A/B: 3.7 | $ 600.00 | ☑ $ 250.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla Const. Art X § 4(a)(2) |
| Brief description: Figurines/Sculptures<br>Line from Schedule A/B: 3.8 | $ 1,000.00 | ☑ $ 600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla Const. Art X § 4(a)(2) |
| Brief description: Clothing<br>Line from Schedule A/B: 3.11 | $ 250.00 | ☑ $ 100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla Const. Art X § 4(a)(2) |
| Brief description: Bank-Wells Fargo #1(<br>Line from Schedule A/B: 4.17 | $ 100.00 | ☑ $ 0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla Const. Art X § 4(a)(2) |
| Brief description: Thrift Savings Plan<br>Line from Schedule A/B: 4.21 | $ 641,400.00 | ☑ $ 641,400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla Const. Art X § 4(a)(2) |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |

| Fill in this information to identify your case: |
| --- |

| Debtor 1 | Marisa | Chanile | Smith |
| --- | --- | --- | --- |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the: Southern District of Florida

Case number 22-14583-SMG
(if known)

☐ Check if this is an
amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules       12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X /s/ Marisa Chanile Smith
Signature of Debtor 1

X _____
Signature of Debtor 2

Date 07/07/2022
MM / DD / YYYY

Date _____
MM / DD / YYYY

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA** www.flsb.uscourts.gov

In re: Marisa Chanile Smith

Case No.22-14583-SMG
Chapter
13

_____ Debtor _____/

FILED-USBC, FLS-FT
'22 JUL 7 AM 10:37

### DEBTOR'S NOTICE OF COMPLIANCE WITH REQUIREMENTS FOR AMENDING CREDITOR INFORMATION

This notice is being filed in accordance with Local Rules 1007-2(B), 1009-1(D), or 1019-1(B) upon the filing of an amendment to the debtor's lists, schedules or statements, pursuant to Bankruptcy Rules 1007, 1009, 1019 or 5010-1(B). I certify that:

[ ]   The paper filed **adds** creditor(s) as reflected on the attached list (include name and address of each creditor being added). I have:
    1.   remitted the required fee (unless the paper is a Bankruptcy Rule 1019(5) report);
    2.   provided the court with a supplemental matrix of **only the added creditors** on a CD or memory stick in electronic text format (ASCII or MS-DOS text), or electronically uploaded the added creditors in CM/ECF;
    3.   provided notice to affected parties, including service of a copy of this notice and a copy of the §341 or post conversion meeting notice [see Local Rule 1009-1(D)(2)] and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)];
    4.   filed an amended schedule(s) and summary of schedules; and
    5.   filed a motion to reopen accompanied by the required filing fee (if adding creditors pursuant to Local Rule 5010-1(B)).

[ ]   The paper filed **deletes** a creditor(s) as reflected on the attached list (include name and address of each creditor being deleted). **I have:**
    1.   remitted the required fee;
    2.   provided notice to affected parties and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
    3.   filed an amended schedule(s) and summary of schedules.

[ ]   The paper filed **corrects** the name and/or address of a creditor(s) as reflected on the attached list. **I have:**
    1.   provided notice to affected parties, including service of a copy of this notice and a copy of the §341 or post conversion meeting notice [see Local Rule 1009-1(D)(2)] and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
    2.   filed an amended schedule(s) or other paper.

[ ]   The paper filed **corrects** schedule D or E/F amount(s) or classification(s). **I have:**
    1.   remitted the required fee;
    2.   provided notice to affected parties and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
    3.   filed an amended schedule(s) and summary of schedules.

[ X]   None of the above apply. The paper filed does not require an additional fee, a supplemental matrix, or notice to affected parties. It □ does □ does not require the filing of an amended schedule and summary of schedules.

I also certify that, if filing amended schedules, Bankruptcy Form 106 "Declaration About an Individual Debtor's Schedules" (signed by both debtors) or Bankruptcy Form 202 , "Declaration Under Penalty of Perjury for Non-Individual Debtors" has been filed as required by Local Rules 1007-2(B), 1009-1(A)(2) and (D)(1), or 1019-1(B).

Dated: 07/06/2022

/s/ Marisa Chanile Smith

_____
Attorney for Debtor (or Debtor, if pro se)

_____
Joint Debtor (if applicable)

_____
Print Name

_____
Address

_____
Florida Bar Number

_____
Phone Number

067

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

| | | |
|---|---|---|
| ■ | _____ | Original Plan |
| ☐ | _____ | Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable) |
| ☐ | _____ | Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable) |

DEBTOR: Marisa Chanile Smith          JOINT DEBTOR: _____     CASE NO.: 22 -14583-SMG

SS#: xxx-xx- 7912          SS#: xxx-xx-_____

## I.     NOTICES

To Debtors:     Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors:     Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties:     The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | | | |
|---|---|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ | Included | ■ | Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | Included | ■ | Not included |
| Nonstandard provisions, set out in Section IX | ☐ | Included | ■ | Not included |

## II.     PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A.     MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1.     $0.00 _____     for months ____ to ____ ;

2.     $0.00 _____     for months ____ to ____ ;

3.     $0.00 _____     for months ____ to ____ ;

**B.   DEBTOR(S)' ATTORNEY'S FEE:**          ☐ NONE     ☐ PRO BONO

| | | | | |
|---|---|---|---|---|
| Total Fees: | $0.00 | Total Paid: | $0.00 | Balance Due: | $0.00 |

Payable _____ $0.00 _____ /month (Months ___ to ___ )

Allowed fees under LR 2016-l(B)(2) are itemized below:

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III.     TREATMENT OF SECURED CLAIMS     ☐ NONE

**A.  SECURED CLAIMS:**     ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1.  Creditor: Selene Finance

| | | | | |
|---|---|---|---|---|
| Address: 9990 Richmond Ave Ste 400 Houston, TX 77042 | Arrearage/ Payoff on Petition Date | N/A | | |
| | MMM Adequate Protection | | $2,161.30 | /month (Months 1 to 60 ) |

Last 4 Digits of
Account No.:          3281

LF-31 (rev. 04/01/22)

068

Debtor(s): Marisa Chanile Smith     Case number: _____

| Other: _____ |
|---|

☑ **Real Property**        Check one below for Real Property:

☑ Principal Residence        ☑ Escrow is included in the regular payments

☐ Other Real Property        ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:
3809 SW 164 Terrace
Miramar, Florida 33027-4641

☐ Personal Property/Vehicle

Description of Collateral:

### B. VALUATION OF COLLATERAL: ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

#### 1. REAL PROPERTY: ☐ NONE

| 1. Creditor: Shoma Homes at Nautica Single Family | Value of Collateral: $640,410.00 | **Payment** |
|---|---|---|
| Address: c/o Miami Management Inc 3691 SW 164 Ave Miramar, FL 33027 | Amount of Creditor's Lien: $35,000.00 | Total paid in plan: _____ |
| | Interest Rate: 0.00% | $200.00 /month (Months 1 to 60 ) |
| Last 4 Digits of Account No.: _____ | Check one below: | |
| Real Property | ☑ Escrow is included in the monthly mortgage payment listed in this section | |
| ☑ Principal Residence | ☐ The debtor(s) will pay | |
| ☐ Other Real Property | ☐ taxes ☐ insurance directly | |
| Address of Collateral: 3809 SW 164 Terrace Miramar, FL 33027 | | |

#### 2. VEHICLES(S): ☐ NONE

| 1. Creditor: _____ | Value of Collateral: $0.00 | **Payment** |
|---|---|---|
| Address: _____ | Amount of Creditor's Lien: $0.00 | Total paid in plan: $0.00 |
| Last 4 Digits of Account No.: _____ | Interest Rate: 0.00% | $0.00 /month (Months ___ to ___ ) |
| VIN: _____ | | |
| Description of Collateral: | | |
| Check one below: | | |
| ☐ Claim incurred 910 days or more pre-petition | | |
| ☐ Claim incurred less than 910 days pre-petition | | |

#### 3. PERSONAL PROPERTY: ☐ NONE

| 1. Creditor: Shoma Single Family | Value of Collateral: | $640,410.00 | **Payment** |
|---|---|---|---|
| Address: c/o Miami Management Inc 3691 Sw 164 Ave Miramar, FL 33027 | Amount of Creditor's Lien: | $0.00 | Total paid in plan: $225.00 |
| Last 4 Digits of Account No.: | Interest Rate: 0.00% | | $0.00 /month (Months to ) |
| Description of Collateral: HOA Monthly Payments | | | |
| Check one below: ☐ Claim incurred less than one year pre-petition ■ Claim incurred 1 year or more pre-petition | | | |

    C. **LIEN AVOIDANCE** ■ NONE

    D. **SURRENDER OF COLLATERAL:** ■ NONE

    E. **DIRECT PAYMENTS** ■ NONE

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] ☐ NONE

    A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

    B. **INTERNAL REVENUE SERVICE:** ■ NONE

    C. **DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

    D. **OTHER:** ■ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

    A. Pay $199.96 /month (Months 1 to 60 )

        Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    C. SEPARATELY CLASSIFIED: ■ NONE

VI. **STUDENT LOAN PROGRAM** ☐ NONE

    A. FEDERAL - Direct Pay ☐ None

    Name of student who benefitted from the loan (if different than the Debtor) _____

    1. Name of Federal Student Loan Holder and/or Servicer: _____

    Address: _____

    Last 4 Digits of Account No.: _____

The debtor(s) filed the Local Form Notice of Income Driven Repayment Plan. All Federal Student loan payments shall be paid directly by the debtor(s) and the debtor(s) will be solely responsible for ensuring that the direct payments to the Federal Student Loan Holder(s) are received timely. The monthly IDR payment is set forth in the Local Form Notice of Income Driven Repayment Plan.

The debtor(s) expressly waive(s) any and all causes of action and claims against the Federal Student Loan Holder(s) and Servicer(s) for any alleged violation of the automatic stay under 11 U.S.C. § 362(a) with regard to and in consideration of the benefits of enrollment and participation in an IDR plan during the Chapter 13 case. Debtor(s) must file a certificate of service indicating that a copy of the plan was served in accordance with the provisions of Section IV of the Court's Student Loan Program Procedures.

The debtor(s) shall file annual recertifications on or before the anniversary date of any IDR plan until such time as the Department of Education establishes the automatic recertification of income for IDR borrowers. If the IDR plan payment changes after recertification or after the debtor(s) receive(s) the Department of Education annual certification, then, no later than 14 days after receiving notice of the payment change, the debtor(s) must file the Local Form Notice of IDR Payment Change noting the change in the monthly IDR plan

070

Debtor(s): Marisa Chanile Smith          Case number:

payment.

Any Notice required to be given to the Federal Student Loan Holder under this Section must include the name(s) of the debtor(s) and the bankruptcy case number and Chapter 13 designation, must identify the Federal Student Loans, and must be served in accordance with the provisions in Section IV of the Court's Student Loan Program Procedures.

**B.** PRIVATE – Paid in the Chapter 13 Plan ☐ None

Name of student who benefitted from the loan (if different than the Debtor) _____

1. Name of Private Student Lender: _____

Address: _____

Last 4 Digits of Account No.: _____

Payable ____ **$0.00** ____ /month (Months ____ to ____ )

**VII.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ☐ NONE

Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☐ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|
| 1. | | | ☐ Assume ☐ Reject |

**VIII.** **INCOME TAX RETURNS AND REFUNDS:**

☑ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

**IX.** **NON-STANDARD PLAN PROVISIONS** ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

_____

☑ Mortgage Modification Mediation

071                                    Debtor(s): Marisa Chanile Smith _____ Case number: _____

1  The debtor has filed a Verified Motion for Referral to MMM with:

****Details to be provided in an Amended Plan to be filed later. MMM motion is not yet filed in this case.    ("Lender")

loan number 3281

for real property located at 3809 SW 164 Terrace, Miramar, FL 33027

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): _Marisa Chanile Smith_____     Case number: _____

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____ Debtor     __07/26/22__          _____ Joint Debtor

Marisa Chanile Smith                          Date                                                                              Date

_____     _____
                                                        Date

Attorney with permission to sign on
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

_____

[1]This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.

**CGFD42** (4/23/19)



**ORDERED in the Southern District of Florida on August 2, 2022**

_____

**Scott M Grossman**
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 22–14583–SMG**

**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027

SSN: xxx–xx–7912

## ORDER DISMISSING CASE FOR FAILURE TO MAKE
## PRE–CONFIRMATION PLAN PAYMENTS AND FOR
## FAILURE TO APPEAR AT THE SECTION 341 MEETING OF CREDITORS

This matter is before the court ex parte pursuant to Local Rule 3070–1(C) for failure of the debtor to remit to the trustee pre–confirmation plan payments, and pursuant to Local Rule 1017–2(B)(2) for failure of the debtor to appear at the § 341 Meeting of Creditors.

It is **ORDERED** that:

*Page 1 of 2*

1. This case is dismissed.

2. All pending motions are denied as moot.

3. The trustee shall file a final report prior to the administrative closing of the case.

4. (If applicable) the debtor shall immediately pay to the Clerk, U.S. Court, Federal Building, 299 E Broward Blvd, Room 112, Ft Lauderdale FL 33301, **$156.50** for the balance of the filing fee as required by Local Rule 1017–2(E). Any funds remaining with the trustee shall be applied to this balance and the trustee must dispose of any funds in accordance with the Bankruptcy Code and Local Rule 1017–2(F), unless otherwise ordered by the court. The court will not entertain a motion for reconsideration of this order unless all unpaid fees are paid at the time the motion is filed.

5. A motion to rehear, reconsider, or reinstate a dismissed case must be filed in accordance with the requirements of Local Rule 9013–1(E).

6. In accordance with Local Rule 1002–1(B), the clerk of court is directed to refuse to accept for filing any future voluntary petitions submitted by this debtor if the refiling violates a prior order of the court or if the petition is accompanied by an Application to Pay Filing Fee in Installments and filing fees remain due from any previous case filed by the debtor.

# # #

The clerk shall serve a copy of this order on all parties of record.

*Page 2 of 2*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                                            Case No: **22-14583-SMG**
MARISA CHANILE SMITH                              Chapter 13
        Debtor
_____/

FILED-USBC, FLS-FT_
'22 AUG 15 PM 10:44

## MOTION TO REINSTATE DISMISSED CHAPTER 13 CASE

The Debtor, MARISA CHANILE SMITH, Pro Se litigant moves for entry of an Order

permitting the reinstatement of my dismissed Chapter 13 case and for cause states as follows:

1. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on June 14,

   2022 which initially stayed the imminent foreclosure sale of my homestead

   property prior to any sale completion or issuance of certificate of sale.

2. Debtor was not notified by her attorney promptly that he did not prevail on June

   06, 2022 in the case. Rather her counsel told her by phone on June 25, 2022 that

   he did not prevail with the case and a judgment was rendered which was beyond

   the time to Object to the Judgement.

3. The sale was set for August 24, 2022, however last minute or the day before, the

   sale was set giving just a day notice and moved to June 14, 2022. In addition to

   the sale of my homestead property, Debtor has legal obligations with numerous

   creditors and would like to remedy by setting up a suitable payment plan to

   include participation in the Student Loan Program and Mortgage Modification

   Mediation Program. The filing of this case was in good faith to protect my

   homestead property and allow me to restructure my debts.

4. An Order Dismissing (DE#53) the case was entered on August 02, 2022 for failure to make pre-confirmation plan payments. Debtor did make pre-confirmation plan payments. Payment was sent via certified mail and the tracking was 70200090000010497742 . Payment was sent in good faith.

5. The order dismissing (DE#53) the case also stated that debtor failed to appear at the 341 meeting of the creditors. Debtor did not receive notice of the 341 meeting of the creditors. Debtor decided to remedy the situation by gaining access to the CM/ECF to monitor her case so no scheduled hearing or meetings will be missed. In addition, Debtor pending motion to amend list of creditors was heard after the scheduled meeting of the creditors. An Order Granting Motion to Amend List of Creditors was Granted July 29, 2022 which included and to add Shoma Homes at Nautica Single Family and Shoma Single Family at Nautica, in addition to several creditors which was very significant.

6. The Debtor has filed the Initial Schedules (DE#26), Property Schedule A/B Form 106A/B, The Property You Claim as Exempt Declaration About an Individual Debtors Schedule Chapter 13 Plan, Declaration About an Individual Debtors Schedule and (DE#46) and Chapter 13 Statement of Current Monthly Income and Calculation of Committed Period.

7. A hearing in lower courts will be held on Debtors Objection to the Sale of her property due to clerical errors, publication errors and wrongful foreclosure and Relief of Judgement.

8. The Debtor wishes to reinstate my case in order to participate in the Student Loan Program (Loan Forgiveness for Federal or Public Servants) , Mortgage Modification Mediation program and retain my homestead property.

9. No party will be prejudiced if this case is reinstated.

10. Debtor asserts that good cause still exist to reinstate my Chapter 13 case.

### PRO SE LITIGANT CERTIFICATION TO LOCAL RULE 9013-1(E)(1)

I hereby certify that I, the above referenced Debtor understand that must be made in Chapter 13 case on or before due date.

**WHEREFORE**, Debtor, MARISA CHANILE SMITH, respectfully request the entry of an Order reinstating my Chapter 13 case and for whatever further relief this Honorable Court deems just and proper.

Respectfully submitted this 12th day of August 2022.

Marisa Chanile Smith
8809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359



# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:
MARISA CHANILE SMITH
      Debtor

_____/

Case No: 22-14583-SMG
Chapter 13

## **MOTION FOR RECONSIDERATION ON ORDER GRANTING STAY RELIEF EFFECTIVE AS OF THE PETITION DATE**

The Debtor, MARISA CHANILE SMITH, Pro Se litigant moves for entry of an Order

permitting the continuation of the automatic stay of my Chapter 13 case, for reconsideration of

relief of stay effective as of the petition date and for cause states as follows:

1. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on June 14,
   2022 which should have initially stayed the imminent foreclosure sale of my
   homestead property prior to any sale completion or issuance of certificate of sale.

2. The debtor is seeking to overcome the order entered July 29, 2022 and granting
   relief from stay by submitting this request. Debtor is showing good cause that a
   reorganization plan has a reasonable chance of confirmation and success. Debtor
   attempted to file this Motion on August 12, 2022 but was unsuccessful due to fees
   being owed and debtor had no debt card to submit payment since it was
   compromised.

3. On June 06, 2022, my attorney did not prevail in this case. My attorney waited
   approximately 19 days to contacted me which was June 25, 2022 to inform me
   that he did not prevail in the case and my home was going to be foreclosed. This
   provided me no opportunity to dispute the judgment amount at this time. Also he

stated he did not see the June 06, 2022 order and he never updated me after and stated there will possibly be no July 14, 2022 sale date. I then reviewed the docket and notice there was no order but I had an acquaintance verified the information and there was an August 24, 2022 sale date. I figure I had time to sort through this confusion.

4.  The sale was set for August 24, 2022, however last minute or the day before, the sale was re-set giving just a day notice and moved to June 14, 2022. In addition to the sale of my homestead property. I was surprised over the judgement amount.

5.  In bankruptcy court, Shoma counsel made a statement that they have not received but $3000 from 2015. Because of Shoma counsel statement this legal pleading should be stricken due to this false or misrepresentation of facts or statement.

6.  There should be a reconsideration in this matter especially since in my bankruptcy case in 2020 the trustee sent a substantial amount over $3000 and a judgment in 2019 was satisfied as of 2019. I also have cancelled checks total amounts that were sent and cleared after 2019 satisfaction of judgement.

7.  Debtor is requesting this honorable judge to eliminate all of this pleading of the opposition on for misleading the court that Debtor is filing a Chapter 7 Bankruptcy when it is a Chapter 13 Bankruptcy and also for misrepresentation by Shoma Counsel that only $3000 was paid from 2015, especially when there was a satisfaction of judgment in 2019 or as of 2019 all monies were satisfied. In addition, the Bankruptcy Trustee disbursed more than $3000 in 2020.

8.  In reference to the bad faith filing, debtor asserts at no time she filed a bad faith bankruptcy to delay or defraud creditors. There is no evidence specified of a bath

faith filing. Filing bankruptcy before a money judgement is final and entered before the issuance of a certificate of sale is often to the consternation of creditors but is perfectly valid.

9.  The bankruptcy filing was for a valid purpose which includes avoiding foreclosure to homestead property and for participation in the Mortgage Mediation Program and Student Loan Program.

10. To determine a good faith filing versus bad faith filing, the court must consider the totality of the circumstances based on the debt's financial condition, motives and the local financial realities. For this reason, debtor decided to file Pro- Se to be more hands-on in this matter although it is struggle and cumbersome. There must be evidence to suggest bad faith.

11. Filing subsequent or frequent bankruptcies was mentioned in the order. My bankruptcy filing in 2018 with one of the elite law office which was done in good faith however assigning a new person to a complicated case was a detriment. Also in the 2020 case, I met the attorney that I assume was working on my bankruptcy case to later assign it to a partner which there where several mishaps that is unethical to state in my motion.

12. Debtor also made in good faith preconfirmation payment to trustee.

13. The automatic stay arising from this bankruptcy proceedings should not be modified to permit Shoma Homes to complete a foreclosure sale on my property due to pending matters, errors, misrepresented statements made in Bankruptcy court by Shoma represented attorney and payments that were disbursed by trustee totaling more than what was stated.

14. Lifting the automatic stay so Shoma can proceed with a foreclosure sale with errors in the judgement amount would be a disadvantage, detriment or great harm to Debtor. Creditor failed to show supported admissible evidence or documents that asserts a valid security interest and all documents that support an assertion of lack of adequate protection or a lack of equity in the relevant property.

15. Debtor assets the bankruptcy was done in good faith. This is a Chapter 13 and not a Chapter 7 case as indicated in Shoma's Relief of Stay.

16. No party will be prejudiced if this case .

17. Lifting an automatic stay will create a great harm to debtor.

**WHEREFORE**, Debtor, MARISA CHANILE SMITH, respectfully request the entry of an Order for reconsideration for a continuance in automatic stay with good cause do Debtor can retain her home, participate in several programs through the Bankruptcy court and for whatever further relief this Honorable Court deems just and proper.

Respectfully submitted this 12th day of August 2022.

Marisa Chanile Smith
8809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359



**ORDERED in the Southern District of Florida on September 16, 2022.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                      Case No. 22-14583-SMG
                                                            Chapter 13
Marisa Chanile Smith,

_____Debtor_____/

#### ORDER REINSTATING CHAPTER 13 CASE

This matter came to be heard on September 15, 2022, on the debtor's motion to reinstate case (ECF No. 54).  For the reasons stated on the record at the hearing, it is

**ORDERED** as follows:

1)      The motion is granted and this case is **REINSTATED**.   Pursuant to 11 U.S.C. §362(c)(2)(B), the automatic stay terminated on the date this case was dismissed and was not in effect from that date until the entry of this order.

2)      The Trustee's Final Report, if any filed, is deemed withdrawn and the Order Discharging Trustee, if entered, is deemed vacated.

3)      If not previously filed, any and all documents required to be filed by the debtor(s) under 11 U.S.C. §521(a)(1), Bankruptcy Rule 1007, and Local Rule 1007-1 shall be filed no later than 14 days after entry of this order.

4)      The following checked provision(s) also apply:

[XX]    This case was dismissed prior to the conclusion of the meeting of creditors, under 11 U.S.C. §341.  A new §341 meeting of creditors

LF-66 (rev. 05/10/16)

and confirmation hearing shall be set and noticed to all parties of record by the Clerk of Court. The notice shall also establish a new deadline to file proofs of claims and deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts.

[ ]    This case was dismissed after the §341 meeting of creditors was concluded but prior to or at the hearing on confirmation. (If applicable) A further §341 meeting will be conducted at_____. A new confirmation hearing is scheduled for _____, at_____.m. in courtroom_____at_____.The deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts, is_____. The deadline for filing claims (except for governmental units) is _____. Previously filed claims need not be refiled.

[ ]    This case was dismissed after the §341 meeting of creditors was conducted and after the expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original deadline to file claims, but prior to or at the hearing on confirmation. No new deadlines shall be reset. (If applicable) A further §341 meeting will be conducted at_____. A new confirmation hearing is scheduled for_____, at_____.m. in courtroom_____at_____.

[ ]    This case was dismissed after the §341 meeting of creditors and confirmation hearing and expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original claims bar date. No new §341 meeting, confirmation hearing, or deadlines shall be set, and the case shall proceed in the normal course under the confirmed plan.

[ ]    If this box is checked, the following provision applies:

As a condition of reinstatement of this case and in order to provide protection of creditors' vested interests, in the event of conversion to another chapter or dismissal of this reinstated case prior to confirmation, all plan payments held by the Chapter 13 trustee shall be non-refundable and held in trust for the secured creditors as adequate protection, and in trust for priority and administrative creditors. If this case is dismissed or converted, the Trustee shall disburse all funds which were received prior to the order of conversion or dismissal and held in trust. The disbursement shall be on a pro rata basis, less Trustee fees, to the secured, priority

LF-66 (rev. 05/10/16)

or administrative creditors pursuant to the proposed Chapter 13 Plan which was filed at least one day prior to the last confirmation hearing date. (see Local Rule 1017-2(F) and Interim Local Rule 1019-1 (E), (F), (G), AND (H)).

### ###

**Copies to:**
All parties of record by the Clerk of Court

LF-66 (rev. 05/10/16)



**ORDERED in the Southern District of Florida on October 3, 2022.**

Scott M. Grossman, Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                                    Case No. 22-14583-SMG
                                                          Chapter 13
MARISA CHANILE SMITH,

_____Debtor_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER came before the Court for hearing on September 15, 2022, at 2:00 p.m.

upon the Debtor's Motion to Reconsider the Court's Order Granting Motion for Relief from Stay

[D.E. #55] (the "Motion"). The Court, having considered the Motion and the arguments presented

at the hearing, orders as follows:

1.      The Motion is denied for the reasons stated on the record.

## 

Submitted by:

Michael S. Hoffman, Esq., Hoffman, Larin & Agnetti, P.A.
Counsel for Shoma Homes at Nautica Single Family Neighborhood Ass'n Inc
909 North Miami Beach Boulevard, # 201, Miami, Florida 33162
Phone:  (305) 653-5555
E-mail: mshoffman@hlalaw.com

Attorney Hoffman shall serve a copy of the signed order on all parties served with the Motions and shall file with the court a certificate of service conforming with Local Rule 2002-1(F).



**ORDERED in the Southern District of Florida on December 19, 2022.**

_Scott M. Grossman_

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MARISA CHANILE SMITH,                    Case No. 22-14583-SMG

    Debtor.                                  Chapter 13

_____/

### ORDER (I) DENYING CONFIRMATION OF CHAPTER 13 PLAN, (II) DISMISSING CASE, (III) DENYING MOTION FOR STAY PENDING APPEAL, (IV) SUSTAINING OBJECTION TO EXEMPTIONS, AND (V) DENYING ALL OTHER PENDING MOTIONS AS MOOT

This chapter 13 bankruptcy case came before the Court for hearing on December 8, 2022,[1] to consider (i) confirmation of the Chapter 13 Plan[2] filed by pro se Debtor Marisa Chanile Smith, (ii) the Debtor's motion to continue her section 341

---

[1] ECF Nos. 65, 92, 94, 97, 102.

[2] ECF No. 45.

meeting of creditors,[3] (iii) the Chapter 13 Trustee's objection to the Debtor's claim of exemptions,[4] (iv) the Trustee's motion to dismiss the case,[5] and (v) the Trustee's amended motion to dismiss the case.[6] The Court reviewed and considered the Debtor's response to the Trustee's amended motion to dismiss,[7] and the Debtor's response to the Trustee's objection to claim of exemptions,[8] which she filed in advance of the hearing. The day before the hearing the Debtor also filed a motion for a stay[9] pending her appeal of this Court's earlier grant of stay relief to creditor Shoma Homes at Nautica Single Family Neighborhood, Inc. ("Shoma Homes"). After the hearing, she filed an emergency motion reconsider[10] (the "Second Motion to Reconsider") the Court's ruling to be embodied in this Order.

At the December 8, 2022 hearing, the Court heard arguments from the Debtor and counsel for the Trustee, including the Trustee's recommendation against confirmation of the Debtor's chapter 13 plan, due to several uncured deficiencies that rendered the plan unconfirmable, including the following:

- The plan proposed monthly payments of $0.00;

- The Debtor failed to file the required Official Form 122C−2 (*Chapter 13 Calculation of Your Disposable Income*);

- The Debtor's claimed exemptions set forth on her filed Bankruptcy Schedule C exceed the permitted amounts; and

---

[3] ECF No. 87.
[4] ECF No. 93.
[5] ECF No. 96.
[6] ECF No. 101.
[7] ECF No. 109.
[8] ECF No. 110.
[9] ECF No. 108.
[10] ECF No. 112.

- Although the Debtor's plan included an election to proceed with the Court's Mortgage Modification Mediation ("MMM") program, the Debtor never filed a verified motion for referral to MMM within 90 days of her petition date, as required by the MMM procedures.

The Court also heard argument on the Debtor's motion to continue her section 341 meeting of creditors, the Trustee's objection to the Debtor's claim of exemptions, and the Trustee's amended motion to dismiss. By separate order, the Court denied the Debtor's motion to continue her section 341 meeting.[11] For the reasons set forth below, the Court will deny confirmation of the Debtor's plan and dismiss her case on that basis, will sustain the Trustee's objection to exemptions, will deny the Debtor's Second Motion for Reconsideration, will deny the Debtor's motion for stay pending appeal, and will deny all other pending motions as moot.

## **Background**

The pro se Debtor originally commenced this chapter 13 case on June 14, 2022.[12] This was her third bankruptcy case filed in this Court within the past four years.[13] The Federal Rules of Bankruptcy Procedure require a number of documents be filed along with a bankruptcy petition, including a chapter 13 plan, schedules of assets and liabilities, a statement of financial affairs, a statement of current monthly income and calculation of commitment period, copies of payment advices, and a certificate of budget and credit counseling course.[14] If these documents are not filed

---

[11] ECF No. 113.

[12] ECF No. 1.

[13] *See also* Case Nos. 18-22792-JKO, 19-23650-PDR. When she filed this case, she used an incorrect social security number. ECF Nos. 1, 2, 29, 34, 49. Had she filed the case with her correct social security number, the Court's CM/ECF system would have automatically detected her earlier filings, creating a docket entry alerting the Court, Trustee, and all other interested parties that she was a repeat filer.

[14] Fed. R. Bankr. P. 1007(c); Fed. R. Bankr. P. 3015(b).

with the petition, then they must be filed within 14 days thereafter.[15] When these documents are not filed with a petition, the Clerk of Court issues a *Notice of Deadline(s) to Correct Filing Deficiency(ies)*, which the Clerk did here.[16] Because these filings were not included with the petition, they were all due no later than June 28, 2022.[17] Despite having received notice of the deadline to file these documents, the Debtor did not timely file *any* of them.

In addition to the number of required documents a debtor must file in connection with her bankruptcy case, Bankruptcy Code section 343[18] requires a debtor to appear and submit for an examination under oath at a meeting of creditors that is required to be convened by section 341 of the Bankruptcy Code.[19] The Debtor's section 341 meeting was originally scheduled for July 25, 2022,[20] but the Debtor did not appear as required.[21]

On July 1, 2022, Shoma Homes moved for relief from the automatic stay of Bankruptcy Code section 362(a), so that it could complete a foreclosure sale of the Debtor's real property, pursuant to Shoma Homes' May 25, 2022, Final Judgment of Foreclosure entered in state court.[22]

---

[15] *Id.*
[16] ECF No. 6.
[17] *Id.*
[18] 11 U.S.C. § 343.
[19] 11 U.S.C. § 341.
[20] ECF Nos. 7, 8.
[21] ECF No. 44.
[22] ECF No. 19. The Debtor filed this case at 1:31 p.m. on June 14, 2022. This was after completion of the foreclosure sale at 10:48 a.m., but before the State Court Clerk issued a Certificate of Sale at 2:04 p.m.

4

On July 27, 2022, the Trustee filed a paperless docket entry requesting dismissal of this case because the Debtor failed to appear at her July 25 section 341 meeting, and failed to make her required pre-confirmation plan payments.[23] That same day, the Debtor finally filed her chapter 13 plan,[24] along with her Form 122C-1 (*Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period*).[25] Her plan, however, provided for monthly payments of $0.00. And she still had not filed her bankruptcy schedules, statement of financial affairs, or payment advices.[26]

After a hearing on July 28, 2022, the Court granted Shoma Homes' motion for relief from the automatic stay, retroactive to the petition date, based on the Court's finding that this case was filed in bad faith.[27] The undisputed facts of record supporting the Court's finding of bad faith included that this was the Debtor's third chapter 13 bankruptcy case filed within the past four years, the case was filed without the required documents, the Debtor failed to appear at her section 341 meeting, and the Debtor had (at the time) failed to make any preconfirmation plan payments to the Trustee.[28]

Although other grounds existed for dismissal of the case – including the Debtor's ineligibility to be a debtor under Bankruptcy Code section 109(h) (because

---

[23] ECF No. 44; *see also* Local Rule 3070-1(C)(1).
[24] ECF No. 45.
[25] ECF No. 46.
[26] The Debtor filed her credit counseling certificate on July 5, 2022, which showed that she took the pre-petition credit counseling course required by Bankruptcy Code section 109(h) on June 16, 2022 – two days after her petition date. ECF No. 23.
[27] *See In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983).
[28] ECF No. 48; *see also* 11 U.S.C. § 1326(a)(1).

she failed to take the required credit counseling course *before* her petition date, as the statute requires)[29] – on August 2, 2022, the Court entered an order dismissing the case pursuant to the Trustee's paperless docket request, for the Debtor's failure to attend her section 341 meeting and to make her preconfirmation plan payments.[30] Thus, although she did finally file a plan on July 27, 2022,[31] her plan was never considered for confirmation[32] because her case was dismissed after the July 28 hearing.

On August 15, 2022, the Debtor filed a motion to reinstate her case (*i.e.*, a motion to reconsider the dismissal order),[33] and a motion to reconsider the Shoma Homes stay relief order.[34] The day before the hearing on these motions – and more than 90 days after her petition date – the Debtor finally filed her delinquent bankruptcy schedules and statement of financial affairs.[35] After a September 15, 2022 hearing, the Court then granted the Debtor's motion to reinstate her case,[36] but denied her motion to reconsider the Shoma Homes stay relief order.[37] The Debtor has

---

[29] ECF No. 23.
[30] ECF No. 51.
[31] ECF No. 45.
[32] Her first confirmation hearing had been set for September 15, 2022. ECF Nos. 7, 8.
[33] ECF No. 54.
[34] ECF No. 55.
[35] ECF Nos. 60, 61. She did not, however, file required copies of her payment advices until November 14, 2022 – five months after the petition date.
[36] ECF No. 63. At the hearing on the motion to reinstate, no party in interest raised the Debtor's eligibility under section 109(h). Although she clearly is not eligible to be a debtor (because she failed to take the required credit counseling course *before* her petition date), because section 109(h) is not jurisdictional and no one raised it, this argument was waived. *See Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156 (2d Cir. 2010) (failure of debtor to obtain credit counseling briefing did not deprive court of jurisdiction over petition); *Vexler v. Baruch*, 564 B.R. 424 (M.D. Fla. 2016) (credit counseling briefing requirement of section 109(h) not jurisdictional).
[37] ECF No. 72.

since appealed the order denying her motion to reconsider and the underlying order granting Shoma Homes stay relief.[38]

Upon reinstating her case, her section 341 meeting was rescheduled for October 19, 2022, and her confirmation hearing was rescheduled for December 8, 2022.[39] The Trustee avers that the Debtor failed to produce adequate identification or a social security card at the October 19, 2022 section 341 meeting, however, so the Trustee continued the section 341 meeting to November 22, 2022.[40] The Debtor then moved for a continuance of the November 22, 2022 section 341 meeting.[41]

On November 16, 2022, the Trustee then objected to the exemptions the Debtor claimed on her bankruptcy schedules,[42] and again moved to dismiss her case due to her ineligibility to be a debtor under section 109(h).[43] On December 7, 2022, the Debtor filed her motion for a stay pending appeal of the Shoma Homes stay relief order and order denying reconsideration thereof.[44] Because the issues to be heard on December 8 were potentially case-dispositive, the Court did not set a hearing on the motion for stay pending appeal.

On December 8, 2022, the Court then held a hearing to consider confirmation of the Debtor's plan,[45] the Debtor's motion to continue the November 22, 2022 section

---

[38] ECF No. 75.
[39] ECF No. 65.
[40] ECF No. 86.
[41] ECF No. 87.
[42] ECF No. 93.
[43] ECF No. 96, 101.
[44] ECF No. 108.
[45] ECF No. 45.

341 meeting,[46] the Trustee's objection to the Debtor's claim of exemptions,[47] and the Trustee's motion to dismiss[48] and amended motion to dismiss the case.[49] After hearing argument on the Debtor's motion to continue the section 341 meeting, the Court denied that motion.[50] The Court next entertained argument on confirmation of the Debtor's plan – which the Trustee recommended not be confirmed – and the Court determined that the plan could not be confirmed. Because the plan could not be confirmed, the Court then determined that this case should be dismissed, and that all other pending motions would be denied as moot.

On December 12, 2022 – after the December 8 hearing, but before the Court had entered its order dismissing the case for denial of confirmation – the Debtor then filed the Second Motion to Reconsider.[51]

## <u>Analysis</u>

Bankruptcy Code section 1321 requires a chapter 13 debtor to file a plan.[52] Bankruptcy Code section 1322 then sets forth the requirements for the contents of a chapter 13 plan. Among the requirements are that the plan must "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan."[53] A chapter 13 plan must also provide for full payment – in deferred cash

---

[46] ECF No. 87.
[47] ECF No. 93.
[48] ECF No. 96.
[49] ECF No. 101.
[50] On December 12, 2022, the Court then entered a written order deny that motion. ECF No. 113.
[51] ECF No. 112.
[52] 11 U.S.C. § 1321.
[53] 11 U.S.C. § 1322(a)(1).

payments – of all claims entitled to priority under Bankruptcy Code section 507.[54] This includes payment of the administrative expenses of the Trustee, as required by Bankruptcy Code section 507(a)(1)(C).

Bankruptcy Code section 1325(a) requires the Court to confirm a plan if all of the requirements for confirmation are satisfied.[55] Among these requirements are that "[t]he plan complies with the provisions of [chapter 13] and with the other applicable provisions of" the Bankruptcy Code.[56] Because the Debtor's plan does not provide for *any* payments (it proposes monthly payments of $0.00), it does not comply with the requirements of section 1322(a)(1) or (a)(2), and for this reason alone cannot be confirmed.

In addition, the Debtor has failed to file an Official Form 122C-2 (*Chapter 13 Calculation of Your Disposable Income*), which she is required to file under Federal Rule of Bankruptcy Procedure Rule 1007(b)(6). This rule states as follows:

> A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form [Form 122C-1], and, if the current monthly income exceeds the median family income for the applicable state and household size, a calculation of disposable income made in accordance with §1325(b)(3), prepared as prescribed by the appropriate Official Form [Form 122C-2].

Thus, this rule requires a chapter 13 debtor to first file an Official Form 122C-1 (*Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period*), setting forth her current monthly income.[57] If the Form 122C-

---

[54] 11 U.S.C. § 1322(a)(2).
[55] 11 U.S.C. § 1325(a).
[56] 11 U.S.C. § 1325(a)(1).
[57] 11 U.S.C. § 101(10A).

1 shows that her current monthly income exceeds the median family income for the applicable state and household size – which her late-filed Form 122C-1 did show[58] – then the rule requires a debtor to file a second form, Form 122C-2 (*Chapter 13 Calculation of Your Disposable Income*).

The information provided in Form 122C-2 is required to determine whether a debtor is providing all of her "projected disposable income"[59] to be received during the "applicable commitment period"[60] required for the plan.[61] In plain terms, this form is used to compute how much money a debtor must pay to unsecured creditors, and over how many months. Without this information, the Debtor's plan cannot be confirmed.[62] So this was another basis to deny confirmation.

The next basis to deny confirmation was due to the Debtor claiming exemptions beyond those permitted by the Bankruptcy Code and Florida law. Bankruptcy Code section 522(b) permits an individual debtor to exempt from property of her bankruptcy estate certain property listed either in the Bankruptcy Code or, if a state has "opted-out," under applicable state law.[63] Florida is an "opt-out" state, so a debtor may only claim Florida's exemptions.[64] Under Article X, section 4 of Florida's Constitution, a debtor may exempt a homestead of unlimited value (limited only by acreage),[65] plus personal property up to $1,000.[66] Florida Statutes § 222.25(1) also

---

[58] ECF Nos. 46, 89. See also ECF No. 90 (payment advices).
[59] 11 U.S.C. § 1325(b)(2), (3).
[60] 11 U.S.C. § 1325(b)(4).
[61] 11 U.S.C. § 1325(b)(1)(B).
[62] *See* 11 U.S.C. § 1325.
[63] 11 U.S.C. § 522(b).
[64] Fla. Stat. § 222.20.
[65] Fla. Const. Art. X, § 4(a)(1).
[66] Fla. Const. Art. X, § 4(a)(2).

permits a debtor to exempt up to $1,000 in value in a motor vehicle.[67] On her filed Schedule C, which lists property a debtor claims as exempt, the Debtor claimed well more than $1,000 in personal property as exempt.[68] So the Trustee objected to her claimed exemptions.[69]

In her filed response to the Trustee's objection, the Debtor attached as an exhibit a purported amended Schedule C.[70] But she never actually filed any amended Schedule C on the docket. This is important because bankruptcy schedules – and any amendments thereto – must be signed under penalty of perjury. Thus, attaching an unsigned Schedule C to a response does not constitute a valid amendment to her schedules. The Trustee's objection is therefore well-taken, and will be sustained.

Although in Chapter 13 cases a trustee does not liquidate assets for the benefit of creditors, like a chapter 7 trustee must do,[71] accurate reporting of claimed exemptions is still critically important. This is because in order to confirm a chapter 13 plan, the Court must find that the value of property "to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7" of the Bankruptcy Code.[72] This requirement is also known as the "best interest of creditors test," and it essentially requires the Court to determine whether the plan will pay unsecured creditors more than they would get in a chapter 7 liquidation. But

---

[67] Fla. Stat. § 222.25(1).
[68] ECF No. 60, at 13-14.
[69] ECF No. 93.
[70] ECF No. 110.
[71] *Compare* 11 U.S.C. § 704(a)(1), *with* 11 U.S.C. § 1302(b)(1).
[72] 11 U.S.C. § 1325(a)(4).

to make that determination, the Court must know what non-exempt property would be available to pay unsecured creditors in a chapter 7 liquidation. And with the Debtor having claimed exemptions in excess of the permitted amounts, the Court is unable to make that determination. Without being able to make that determination, the plan cannot satisfy section 1325(a)(4), which is another requirement for confirmation. So confirmation must be denied on this basis as well.

Finally, the plan also failed to comply with this Court's MMM procedures. The Court's MMM program:

> is designed to function as a forum for individuals to explore mortgage modification options with their lenders for real property in which the debtors have an interest or are obligated on the promissory note or mortgage. The goal of [the] MMM program is to facilitate communication and exchange of information in a confidential setting and encourage the parties to finalize a feasible and beneficial agreement with the assistance and supervision of the United States Bankruptcy Court for the Southern District of Florida.[73]

These procedures require any debtor seeking to participate in the MMM program to file a motion within 90 days of the petition date.[74] Here, the Debtor's chapter 13 plan provided for MMM treatment.[75] But she did not file the required MMM motion within 90 days of her petition date, and to date still has not filed any MMM motion. As such, her plan proposing MMM treatment cannot be confirmed, and she is now no longer eligible to elect MMM treatment. This is another basis to deny confirmation.

---

[73] https://www.flsb.uscourts.gov/mortgage-modification-mediation-program-mmm; *see also* Administrative Order 14-3.
[74] https://www.flsb.uscourts.gov/mmm-program-procedures, § IV.
[75] ECF No. 45, § IX.

Yet another basis to deny confirmation is that the Court already found – in connection with granting Shoma Homes stay relief – that that the Debtor did not file her petition in good faith.[76] Under Bankruptcy Code section 1325(a)(7), the Court must find that the petition was filed in good faith in order to confirm a chapter 13 plan.[77] Having already found that this case was not filed in good faith, the Court cannot make this finding, and confirmation must be denied on this basis as well.

Accordingly, for all of the foregoing reasons, confirmation of the Debtor's chapter 13 plan must be denied. With confirmation being denied, Bankruptcy Code section 1307(c) provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under [chapter 13] to a case under chapter 7 of [the Bankruptcy Code], or may dismiss a case under [chapter 13], whichever is in the best interests of creditors and the estate, for cause, including . . ."[78] eleven statutory examples of "cause."[79] Among the statutory examples of cause are "denial of confirmation of a plan under section 1325 of [the Bankruptcy Code] and denial of a request made for additional time for filing another plan or a modification of a plan."[80] Here, because the Court denied confirmation of the plan, the Trustee requested that the case be dismissed.

In her Second Motion to Reconsider, however, the Debtor requested an opportunity to file an amended plan. The Court denies this request. This case has

---

[76] ECF No. 48.
[77] 11 U.S.C. § 1325(a)(7).
[78] 11 U.S.C. § 1307(c).
[79] Because the statute uses the term "including," "cause" is not limited to the eleven statutory examples and may include other factors. *See In re Zizza*, 500 B.R. 288, 292 (1st Cir. BAP 2013) ("The list is not exclusive.")
[80] 11 U.S.C. § 1307(c)(5).

been pending for nearly six months. This is the Debtor's third chapter 13 bankruptcy case within the past four years. She failed in each of her first two cases to confirm a plan, and each of those cases was dismissed.[81] The Court has already granted stay relief to Shoma Homes, and found as part of the basis therefor, that this case was filed in bad faith. Although the Court determined that any objection to her eligibility to be a debtor under section 109(h) had been waived because it was not raised at the hearing to consider reinstatement of her case (and therefore would not dismiss this case on that basis), the fact remains that she is ineligible to be a debtor under section 109(h). She also failed to timely file her bankruptcy schedules, statement of financial affairs, statements of current monthly income and calculation of disposable income, payment advices, MMM motion, and an amended schedule of exemptions. She also failed to appear at the initial section 341 meeting, and failed to produce sufficient identification and proof of her social security number at her second section 341 meeting.

In her Second Motion to Reconsider, she also argued that no objection to confirmation was filed or sent to her in advance of the confirmation hearing. This, too, is an insufficient basis to reconsider dismissal. The Trustee is not required to file an objection to confirmation in order for the Court to determine that the plan does not satisfy section 1325 and therefore should not be confirmed. Section 1325 states

---

[81] Case No. 18-22792, ECF No. 34; Case No. 19-23650, ECF No. 101. In fact, Case No. 18-22792 was dismissed once (ECF No. 12), then reinstated (ECF No. 24), and then dismissed again (ECF No. 34). The Debtor then filed a second motion to reinstate that case (ECF No. 36), but that motion was denied (ECF No. 45). Each of these cases was filed by an attorney for the Debtor, and in each case that attorney either withdrew or sought to withdraw. Case No. 18-22792, ECF No. 40; Case No. 19-23650, ECF No. 96.

that the Court "shall confirm a plan" when its requirements are met.[82] Stated differently, if the requirements of section 1325 are not satisfied, then the Court cannot confirm the plan. At the confirmation hearing, the Trustee recommended that the plan not be confirmed, and outlined the reasons why the plan did not comply with section 1325. This is a commonplace procedure in chapter 13 practice, and does not constitute an objection to confirmation.[83] It is only a recommendation against confirmation. Ultimately then the Court decides – as it has an independent duty to do – whether "the plan meets all requirements for confirmation as set forth in 11 U.S.C. § 1325(a)."[84] For the reasons discussed above, the Court determined that the plan did not satisfy all of the requirements for confirmation, and therefore denied confirmation. The fact that the Trustee recommended against confirmation – rather than filing a formal objection – is of no legal significance. Accordingly, the Second Motion to Reconsider will be denied.

While dismissal of this case will render all other pending motions moot, the Court will nevertheless address the Debtor's motion for stay pending her appeal of the Shoma Homes stay relief order and denial of the motion for reconsideration thereof. To obtain a stay pending appeal, the Debtor must show: (1) a substantial likelihood that she will prevail on the merits of the appeal; (2) a substantial risk of

---

[82] 11 U.S.C. § 1325.
[83] *In re Stein*, 91 B.R. 796, 798 (Bankr. S.D. Ohio 1988) (a trustee's negative recommendation as to confirmation is not an objection to confirmation).
[84] *Id*. at 799.

irreparable injury if the stay is not granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.[85]

The first factor – substantial likelihood of success on the merits – "is generally the most important" factor.[86] Here, for the reasons discussed in detail above, the Court concludes that the Debtor is unlikely to prevail on the merits of her appeal. The undisputed evidence in the record, including the Debtor's history of prior bankruptcy filings without being able to confirm a plan, her dilatory conduct in prosecuting this case and filing the required documents, the timing of the filing of this case, and having filed this case with an incorrect social security number, all support this Court's conclusion that cause existed for relief from the automatic stay and that this case was filed in bad faith.

The Debtor next argues that her appeal may be rendered moot if a stay is not granted, thus constituting irreparable injury. But "the risk that an appeal may become moot does not by itself constitute irreparable injury."[87] So the Debtor has failed to establish irreparable injury.

As for substantial harm to other interested persons, the Court notes that Shoma Homes, as well as the purchaser at the foreclosure sale, would be harmed if a stay pending appeal was granted. Here, the Court has already determined that cause existed for relief from the automatic stay. To grant a stay pending appeal would

---

[85] *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000).
[86] *In re F.G. Metals, Inc.*, 390 B.R. 467, 472 (Bankr. M.D. Fla. 2008)
[87] *Id.* at 477 (quoting *In re Fullmer*, 323 B.R. 287, 304 (Bankr.D.Nev.2005)); *see also In re The Charter Company*, 72 B.R. 70, 72 (Bankr.M.D.Fla.1987) (The contention that an appeal may be rendered moot is insufficient to establish irreparable injury.)

effectively reimpose the stay that the Court already terminated, thus harming Shoma Homes and the purchaser of the property.

Finally, the public interest would not be served by granting a stay pending appeal. It is in the public interest for Debtors to properly and expeditiously prosecute their chapter 13 bankruptcy cases. The Debtor's conduct here – as outlined above – is contrary to the public interest in an efficient system to resolve debtor-creditor disputes and for debtors to obtain a fresh start. Thus, this factor is not met, either, and therefore, the Court will deny the motion for stay pending appeal.

Accordingly, for the foregoing reasons, it is

**ORDERED**:

1.  Confirmation of Debtor's Chapter 13 Plan[88] is **DENIED**.

2.  The Trustee's Objection to Exemptions[89] is **SUSTAINED**.

3.  The Debtor's Motion for Stay Pending Appeal[90] is **DENIED**.

4.  The Debtor's Second Motion to Reconsider[91] is **DENIED**.

5.  This case is **DISMISSED**.

6.  All other pending motions are **DENIED** as **MOOT**.

7.  The Trustee is directed to file a final report before the administrative closing of the case.

8.  The Trustee must dispose of any funds in accordance with the Bankruptcy Code and Local Rule 1017−2(F), unless otherwise ordered by the Court.

---

[88] ECF No. 45.
[89] ECF No. 93.
[90] ECF No. 108.
[91] ECF No. 112.

### #

Copies furnished to:

Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027

Robin R Weiner, Esq.

AUST

All other interested parties by the Clerk of Court

FILED-USBC, FLS-FTL
'23 JAN 3 PM 12:27

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: MARISA CHANILE SMITH                    Case No. 22-14583-SMG

Chapter 13

_____ Debtor(s) _____/


FILED-USBC, F S-FT
'23 JAN 3 PM 12:27

## MOTION TO REINSTATE DISMISSED CHAPTER 13 CASE

The Debtor MARISA CHANILE SMITH, Pro-se, moves for entry of an Order permitting

the reinstatement of her dismissed Chapter 13 case and for cause states as follows:

1. The debtor filed for relief under Chapter 13 of the Bankruptcy Code on June 14,

   2022 which initially stayed the imminent foreclosure of her homestead property.

   Relief from Stay was later granted and there is a pending appeal in the District

   Court . The case was dismissed and reinstated September 15, 2022.

2. An Order Dismissing Case () was entered on December 20, 2022 failure to file

   the required 122C-2 (*Chapter 13 Calculation of Your Disposal Income*), claiming

   exemptions set forth on Bankruptcy Schedule C exceeded the permitted amounts

   and failure to proceed with the Court's Mortgage Modification (MMM) Program.

3. Due to scheduling conflict and the demand to complete an appeal to save her

   homestead property, the Debtor was unable to review thoroughly all schedules

   and Chapter 13 Plan for errors that may have occurred. Now that the errors have

   been specifically identify, debtor plans to correct the errors or deficiencies to

ensure compliance with the bankruptcy court.

4. Debtor has made a good faith effort and all payments were send to the trustee and was current before the dismissal.

5. The Debtor has made a good faith attempted and has filed all the Initial schedules, Payment Advices and plan to amended the Chapter 13 Plan.

6. The Debtor wishes to reinstate her case in order to participate in the Mortgage Modification Mediation Program and retain her homestead property while waiting for the outcome of the appeals.

7. No party will be prejudiced if the case is reinstated. Debtor is only applying her Due Process rights.

8. Debtor asserts that good cause exists to reinstate her Chapter 13 case in good faith.

## **PRO-SE CERTIFICATION PURSUANT TO LOCAL RULE 9013-1(1)**

I hereby certify that I the debtor, Marisa C. Smith, understands the payments must be made and kept current and has successfully have been making the necessary payments according to schedule.

**WHEREFORE**, Debtor MARISA CHANILE SMITH, respectfully request he entry of an Order reinstating her Chapter 13 Case and for whatever further relief this honorable Court deems just and proper.

Respectfully submitted this 3rd day of January 2023.

/s/Marisa Chanile Smith
Debtor
Address:3809 SW 164 Terrace, Miramar,
Florida 33027
954-446-5359
marisasmith@mail.com
954-446-5359

Copies to:
Lender Selene Finance LP 71243, Philadelphia, PA 19176-6243
Lender's counsel : Robertson, Anschutz, Schneid, Crane & Pa, 6409 Congress Ave,
suite 100, Boca Raton, FL 33487-2853
Shoma Homes at Nautica Single Family, 3691 SW 164 Avenue, Miramar, FL 33027-
4579
Bakalar & Associates, P.A. , 12472 W Atlantic Blvd, Coral springs FL 33071-4086



**ORDERED in the Southern District of Florida on January 26, 2023.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Scott M. Grossman, Judge
United States Bankruptcy Court

---

IN RE: Marisa Chanile Smith

    Debtor.

_____/

CASE NO.: 22-14583-SMG
CHAPTER 13

---

### ORDER DENYING PRO SE DEBTOR'S MOTION TO RECONSIDER DISMISSAL ORDER (DE 117)

On January 12, 2023, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association ("Secured Creditor") filed a Response to Debtor's Motion to Reconsider ( DE 122). This matter came before the Court on January 19, 2023 at 2:30PM, and after hearing arguments from the Debtor, Counsel for the Trustee, and Counsel for Secured Creditor. The Trustee argued that the Amended Plan filed on January 18, 2023 (DE 127) is not confirmable and Debtor's Amended Schedules are still deficient and Secured Creditor argued that not only is Debtor's Plan not confirmable, but the Debtor had not even begun the process of the Mortgage Modification Mediation as proposed in their Amended Plan (DE 127). Based on upon these arguments

**It is ORDERED:**

1. Debtor's Pro Se Motion to Reconsider (DE 117) is DENIED.

###
Submitted by:
Robertson, Anschutz, Schneid, Crane, & Partners PLLC
*Authorized Agent for Creditor*
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969


Attorney Keith Labell, klabell@rasflaw.com, is directed to serve copies of this order on the parties listed and file a certificate of service within 3 days.

Marisa Chanile Smith
3809 SW 164th Terrace
Miramar, FL 33027

Robin R Weiner
Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130