UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-61931-RKA

MARISA SMITH,

*Appellant*,

v.

SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD
ASSOCIATION,
INC.,

*Appellee*.

APPELLEE'S RESPONSE BRIEF

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

HOFFMAN, LARIN &
ANGETTI, P.A.
Counsel for Appellee, Shoma Homes at
Nautica Single Family Neighborhood
Association, Inc.
909 North Miami Beach Blvd.,
Suite 201
North Miami, FL 33162
Tel: (305) 653-5555
Email: mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.: 41164

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS     i

TABLE OF CITATIONS     iii

JURISDICTIONAL STATEMENT     1

STATEMENT OF THE ISSUES     2

STATEMENT OF THE CASE     3

    Introduction     3

    Statement of the Facts     4

    Standard of Review     8

ARGUMENT     9

CONCLUSION     15

CERTIFICATE OF SERVICE     16

CERTIFICATE OF COMPLIANCE     17

# TABLE OF CITATIONS

**Page**

### (Cases)

*Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) .........................11

*Big Top Koolers, Inc. v. Circus—Man Snacks, Inc.*, 528 F.3d 839, 842
    (11th Cir. 2008) ........................................................................10

*Brown v. Gore (In re Brown)*, 742 F.3d 1309, 1316-17 (11th Cir. 2014) .......... 11-12

*Dixie Broadcasting*, 871 F.2d at 1027 ....................................................11

*Egwineke v. Robertson (In re Robertson)*, 244 B.R. 880, 882 (Bankr.
    N.D. Ga. 2000)........................................................................11

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5, 128 S. Ct. 2605
    (2008)...................................................................................15

*In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984)...........................12

*In re Barr*, 318 B.R. 592, 598-99 (Bankr. M.D. Fla. 2004) ....................................13

*In re Brumlik*, 185 B.R. 887, 889 (Bankr. M.D. Fla. 1995) ....................................12

*In re Dixie Broadcasting*, 871 F.2d 1023, 1027 (11th Cir. 1989) .............................9

*In re Hill*, 305 B.R. 100, 108 (Bankr. M.D. Fla. 2003) .........................................15

*In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir. 1999)...............................................15

*In re Little Creek Dev. Co.,* 779 F.2d 1068, 1071 (5th Cir.1986) ...........................11

*In re Mack*, 347 B.R. 911, 915 (Bankr.M.D.Fla.2006) ...........................................11

In *re Mathis*, 465 B.R. 325, 331 (Bankr. N.D. Ga. 2012) .......................................16

*In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988)....................11

*In re Potchen*, 2022 Bankr. LEXIS 2775, 2022 WL 4690322 (Bankr.
    M.D. Fla., September 30, 2022) ..................................................13

## TABLE OF CITATIONS
(Continued)

*Liebman v. Ocwen Loan Servicing*, LLC, 2018 U.S. Dist. LEXIS 14189; 2018 WL 527975 (Bankr. S.D. Fla., January 22, 2018) ..................13

*Lord v. True Funding, LLC*, 618 B.R. 588, 593 (S.D. Fla. 2020) ...........................12

*Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992)..............................................16

*Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 590-91 .......................2

*SEC v. Simmons*, 241 Fed. App'x 660, 662-63 (11th Cir. 2007) ............................16

*Tran v. City of Holmes Beach,* 817 Fed. Appx. 911, 915 (11th. Cir. 2020) ......................................................................................................................16

*Trident Assoc. v. Metro. Life Ins. Co. (In re Trident Assoc.)*, 52 F.3d 127, 131 (6th Cir.1995) ...............................................................................11

*United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011) ......................10

*United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004)............................10

*United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006)...............................12

### Statutes

11 U.S.C. § 109(h) ..................................................................................... 4, 8, 13

11 U.S.C. § 341 ...............................................................................................4, 6

11 U.S.C. § 362(d)(1)......................................................................................4, 7

11 U.S.C. § 362(a) ...........................................................................................10

11 U.S.C. § 362(d) ...........................................................................................10

11 U.S.C. § 362(g) ...........................................................................................12

**TABLE OF CITATIONS**
(Continued)

**Page**

## Rules

Fed. R. Bankr. P. 8012 ..........................................................................................1

Fed. R. Bankr. P. 9023 or 9024.........................................................................8, 15

Fed. R. Civil. P. 60(b) ..............................................................................................15

## JURISDICTIONAL STATEMENT

The Bankruptcy Court had subject matter jurisdiction over the proceeding below under 28 U.S.C. § 157 and 28 U.S.C. § 1334. The Bankruptcy Court's *Order Granting Motion for Stay Relief Effective as of the Petition Date* (the "Stay Relief Order") [Appendix, p. 4][1] is a final order under 28 U.S.C. § 158(a)(1). *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 590-91 (determining that an order granting or denying relief from stay is a final order that is immediately appealable).

---

[1]   References to the record on appeal shall be to Shoma's Appendix to this Response Brief [D.E. #20] (the "Appendix").

## <u>STATEMENT OF THE ISSUES</u>

1.    Did the Bankruptcy Court err by finding that the Debtor Marisa Smith's bad faith constituted "cause" to annul the automatic stay effective as of the petition date in the Debtor's bankruptcy case?

2.    Did the Bankruptcy Court err by denying the Debtor's Motion to Reconsider the Stay Relief Order?

**STATEMENT OF THE CASE**

## I.    INTRODUCTION

The Debtor filed Chapter 13 bankruptcy petitions in 2018 and 2019 to avoid the foreclosure of her residence. Both cases languished for months and were dismissed for her failure to confirm a Chapter 13 plan. In June 2022, the Debtor filed a third bankruptcy petition, commencing the case below. This 2022 case was filed approxamitely 3 hours after an online state court foreclosure auction was conducted, but approxamitely 30 minutes before the state court clerk issued a certificate of sale.

The 2022 bankruptcy case was riddled with problems. The Debtor filed with an incorrect social security number. She did not timely file her bankruptcy schedules, statement of financial affairs, and statement of current monthly income. The Debtor failed to obtain a prepetition certificate of credit counseling as required by 11 U.S.C. § 109(h). The Debtor failed to appear at her meeting of creditors under 11 U.S.C. § 341. The Debtor also did not file timely file a Chapter 13 plan and the Chapter 13 plan she ultimately did file was unconfirmable on its face.

In July 2022, Shoma filed a motion for relief from stay for cause under 11 U.S.C. § 362(d)(1). The motion sought retroactive annulment of the automatic stay to validate the state court certificate of sale. Following a hearing, the Bankruptcy Court found that the 2022 bankruptcy case was filed in bad faith and that the legal standards for annulment had been met. The Bankruptcy Court subsequently denied the Debtor's motion to reconsider its decision [Appendix, p. 85] (the

3

"Reconsideration Order").

The Stay Relief Order and the Reconsideration Order are based on an undisputed factual record and a straightforward application of well-settled law. The Court should affirm both orders.

## II.    STATEMENT OF FACTS

### A.    The Property and the Foreclosure Suits

The Debtor is the former owner of the real property located at 3809 S.W. 164th Terrace, Miramar, Florida 33027 (the "Property") [Appendix, p. 2]. Shoma is a homeowners association organized and operating under Fla. Stat. § 720, *et. seq*. [Id.]. The Property is located within Shoma's association [Id.].

To avoid collection efforts of Shoma and a mortgage lender secured by the Property, the Debtor filed bankruptcy cases in 2018 and 2019. The 2018 bankruptcy case (Southern District of Florida Bankruptcy Court, Case No. 18-22792-JKO) was filed on October 15, 2019 [Appendix, p. 17] and dismissed on November 14, 2018, for the Debtor's failure to propose a confirmable Chapter 13 plan. [Appendix, p. 28].  The 2019 bankruptcy case (Southern District of Florida Bankruptcy Court, Case No. 19-23650-PDR) was filed on October 11, 2019, [Appendix, p. 30] and dismissed on August 5, 2020 when the Bankrutpcy Court granted the Chapter 13 Trustee's motion to dismiss [Appendix, p. 44] for failure to make preconfirmation plan payments [Appendix, p. 47].

On September 23, 2022, Shoma filed an action in Broward County Circuit Court to foreclose an association lien it held against the Property [Appendix, p. 4-

4

5] (the "Foreclosure Lawsuit"). On May 25, 2022, the Circuit Court entered a Final Judgment of Foreclosure in favor of Shoma. The Final Judgment found that Shoma held a lien on the Property in the amount of $34,186.73. The Final Judgment set a foreclosure sale for June 14, 2022. [Id.].

### B.    The Foreclosure Sale and the Filing of the 2022 Bankruptcy Case.

The foreclosure sale in the Foreclosure Lawsuit was scheduled for 10:00 a.m. on June 14th. The sale proceeded as scheduled and third-party Miretg Investments, Inc. ("Miretg") was the successful bidder. The auction was completed at 10:48 a.m. through the Broward foreclosure sale website (www.broward.realforeclose.com). [Appendix, p. 5-6 and 13].  At 1:31 p.m. on June 14th, the Debtor filed a Chapter 13 petition, commencing the bankruptcy case below Appendix, p. 51] (the "2022 Bankruptcy Case") The Debtor did not file a suggestion of bankruptcy in the Foreclosure Action or otherwise immediately notify the Circuit Court or Shoma of the bankruptcy filing. [Appendix, p. 6]. The Clerk of the Circuit Court therefore issued a Certificate of Sale at 2:04 p.m. on June 14th. [Appendix, p. 6 and 15].

Following the docketing of the Debtor's bankruptcy petition, the Clerk of the Bankrutpcy Court issued a notice of deficiency advising the Debtor that she had until June 28, 2022, to file her bankruptcy schedules A-J, statement of financial affairs, statement of current monthly income, and Chapter 13 plan. [Appendix, p. 48]. The Clerk also scheduled the Debtor's meeting of creditors under 11 U.S.C. § 341 for July 25, 2022. [Appendix, p. 50].

**C.     The Stay Relief Motion**

On July 1, 2022, Shoma filed a motion for relief from stay [Appendix., p. 4] (the "Stay Relief Motion"). The Stay Relief Motion sought annulment of the automatic stay under 11 U.S.C. § 362(d)(1) effective as of the June 14th petition date in order to ratify the certificate of sale issued in state court [Id.]. The Stay Relief Motion asserted the Debtor filed the 2022 Bankruptcy Case in bad faith due to her failure to file schedules by the June 28th deadline, her prior failed bankruptcy cases sand her delay in seeking bankruptcy relief until after completion of the foreclosure auction [Id.].

On July 7, 2022, the Debtor filed bankruptcy schedules A, B and C [Appendix, p. 53]. The remaining bankruptcy schedules, the statement of financial affairs, and the statement of current monthly income were not filed. On July 25, 2022, the Debtor failed to appear at her meeting of creditors. On July 27, 2022, the Debtor filed a Chapter 13 plan [Appendix, p. 67]. The total monthly payment in Section A of the plan was $0.00.

The Stay Relief Motion was heard by the Bankruptcy Court on July 28, 2022. The Debtor appeared *pro se*. After hearing argument, the Bankruptcy Court granted the Stay Relief Motion, finding that the Debtor had not filed the 2022 Bankruptcy Case in good faith [Appendix, p. 2]. The Bankruptcy Court separately advised that it would enter an order dismissing the case due the multiple filing deficiencies and the fact that the Debtor had not taken a prepetition credit

6

counseling course and was not eligible to be a debtor under 11 U.S.C. § 109(h). *See Transcript of July 28, 2022 Hearing* [D.E. #21, p. 16, lines 9-14]. The Stay Relief Order was entered on July 29, 2022 and the case was dismissed on August 2, 2022 [Appendix, p. 2 and 73]

**D.  Subsequent Proceedings.**

On August 15, 2022, the Debtor filed a Motion to Reinstate the bankruptcy case [Appendix, p. 75] and a Motion to Reconsider the Stay Relief Order [Appendix, p. 78] (the "Motion to Reconsider). The Motion to Reconsider argued (a) that the Debtor filed the 2022 Bankrutpcy Case in good faith; (b) that the Debtor's state court attorney had failed to timely advise her of the foreclosure sale in the Foreclosure Lawsuit; and (c) that the Debtor had recently made a payment to the Chapter 13 trustee.  The Motion to Reconsider did not seek relief under any subsection of Fed.R.Bankr.P. 9023 or 9024.

The Court conducted a hearing on the Reconsideration Motion and the Motion to Reinstate on September 15, 2022. The Debtor appeared and reiterated the arguments made at the July 28th hearing and in the Reconsideration Motion. The Bankrutpcy Court denied the Reconsideration Motion, determining that "there is not any basis to grant reconsideration of that order, not as articulated in the motion, or as argued by you on the applicable standard or Rules 59 or 60 of the Federal Rules of Civil Procedure and 9023 or 9024…" *See Transcript of September 15, 2022 Hearing* [D.E. #22, p. 16, lines 13-24]. The Bankruptcy Court granted the Motion to Reinstate, despite reservations about the utility of the

7

bankruptcy case in light of Shoma's stay relief. [Id]. The Bankrutpcy Court concluded the hearing by strongly encouraging the Debtor to obtain counsel to navigate the Chapter 13 case. [D.E. #22, p. 21, lines 16-18]. On October 3, 2022, the Court entered the Reconsideration Order [Appendix, p. 85]. On October 17, 2022, the Debtor filed this appeal of the Stay Relief Order and the Reconsideration Order.

The Debtor did not obtain counsel and the reinstated case never got on track. On December 20, 2022, the Bankruptcy Court entered an Order (I) Denying Confirmation of Chapter 13 Plan, (II) Dismissing Case, (III) Denying Motion for Stay Pending Appeal, (IV) Sustaining Objection to Exemptions, and (V) Denying all other Pending Motions as Moot [Appendix, p. 87] (the "Second Dismissal Order"). The Second Dismissal Order detailed the deficiencies in the 2022 Bankrutpcy Case including (a) the Debtor's failure to file her statement of current monthly income; (b) the Debtor improper claims of exemptions; (c) the Debtor's failure to comply with Local Rules; and (d) the Debtor's bad faith in filing a bankruptcy petition. *Id*. p. 9-13. On January 26, 2023, the Bankrutpcy Court denied the Debtor's Motion to Reconsider the Second Dismissal Order [Appendix, p. 107]. On February 12, 2023, the Debtor appealed the Second Dismissal Order and the Order Denying the Debtor's Motion to Reconsider the Second Dismissal Order.

## III.   STANDARD OF REVIEW

In the 11th Circuit "a decision to lift the [automatic] stay is discretionary with the bankruptcy judge and may be reversed only upon a showing of abuse of

discretion." *In re Dixie Broadcasting*, 871 F.2d 1023, 1027 (11th Cir. 1989). Motions for reconsideration are also reviewed under the same abuse of discretion standard. *Big Top Koolers, Inc. v. Circus—Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008).

A trial court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). "When review is only for abuse of discretion, it means that the [trial] court had a range of choice and that we will not reverse just because we might have come to a different conclusion had it been our call to make." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).

Accordingly, the Court should review the Bankruptcy Court's orders which are the subject of this appeal under an abuse of discretion standard.

## ARGUMENT

### I.      Elements of § 362(d)(1)

The filing a bankruptcy petition operates as a stay of collection actions against a debtor and its property, including foreclosure proceedings. *See generally* 11 U.S.C. § 362(a). Under 11 U.S.C. § 362(d),

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

9

> (1)    For cause, including the lack of adequate protection of an interest in property of such party in interest.

"What constitutes 'cause' is not defined in the Bankrutpcy Code. Therefore, it is up to the judiciary to ascribe meaning to the term. What constitutes 'cause' is based on the totality of the circumstances in the particular case. *Egwineke v. Robertson (In re Robertson)*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000) (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); and *Trident Assoc. v. Metro. Life Ins. Co. (In re Trident Assoc.)*, 52 F.3d 127, 131 (6th Cir.1995). "Whether cause exists to lift the stay must be determined on a case by case basis based upon the totality of the circumstances in each particular case…the totality of the circumstances includes how the parties have conducted themselves, the debtor's motives and whether the debtor has acted in good faith. *In re Mack*, 347 B.R. 911, 915 (Bankr.M.D.Fla.2006). *Id* (citing  *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1071 (5th Cir.1986)).

A bankruptcy petition filed in bad faith justifies relief from the automatic stay. *Dixie Broadcasting*, 871 F.2d at 1027; *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988). "'Bad faith'" is a somewhat nebulous term in the bankruptcy context, but it at least covers situations where a debtor intends to 'abuse the judicial process and the purposes of the reorganization provisions' or to 'delay or frustrate the legitimate efforts of secured creditors to enforce their rights." The frequency with which the debtor has sought bankruptcy relief is

among the factors courts will consider in assessing cause. *Brown v. Gore (In re Brown)*, 742 F.3d 1309, 1316-17 (11th Cir. 2014) (citing frequency among a non-exhaustive list of factors).

Once the party seeking relief establishes a prima facie case for cause for relief from stay, "the burden shifts to the debtor to prove cause does not exist" and that she is entitled to maintain protection from the automatic stay. *Lord v. True Funding, LLC*, 618 B.R. 588, 593 (S.D. Fla. 2020) (citing cases and 11 U.S.C. § 362(g)); *In re Brumlik*, 185 B.R. 887, 889 (Bankr. M.D. Fla. 1995) ("Once a moving party establishes 'cause' for relief from [a] stay, the burden then shifts to the debtor to demonstrate that he is entitled to protection of the automatic stay.")

## II.    Standards for Retroactive Annulment of the Automatic Stay

"Actions taken in violation of the automatic stay are void and without effect." *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006). Nonetheless, § 362(d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay, in addition to merely 'terminating' it. The word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984). When evaluating whether to annul the stay, courts consider several non-exclusive factors, including whether: (1) the creditor had actual or constructive knowledge of the bankruptcy filing, (2) the debtor acted in bad faith, (3) grounds would have existed for modification of the stay if a motion had been filed before  the violation, (4) denying retroactive

11

relief would result in unnecessary expense to the creditor, and (5) whether the creditor detrimentally changed its position on the basis of the action taken. *In re Barr*, 318 B.R. 592, 598-99 (Bankr. M.D. Fla. 2004).

Bankruptcy Courts will often annul the automatic stay retroactively to cure a foreclosure sale unknowingly held in technical violation of the automatic stay. *See e.g.. In re Potchen*, 2022 Bankr. LEXIS 2775, 2022 WL 4690322 (Bankr. M.D. Fla., September 30, 2022) (annulling automatic stay to validate foreclosure sale where debtor filed bankruptcy petition but did not adequately notice the plaintiff's counsel in advance of the sale); *Liebman v. Ocwen Loan Servicing*, LLC, 2018 U.S. Dist. LEXIS 14189; 2018 WL 527975 (Bankr. S.D. Fla., January 22, 2018) (affirming bankruptcy court annulment of the stay); *Barr*, 318 B.R. at 598 (same).

### III.   The Stay Relief Order should be Affirmed.

The 2022 Bankruptcy Case is replete with evidence of the Debtor's bad faith. The Debtor is a repeat filer. She failed to file a confirmable bankruptcy plan and failed to comply with multiple deadlines to file her bankruptcy schedules, statement of financial affairs, and statement of current monthly income. The Debtor failed to take her prepetition credit counseling course and was ineligible to be a debtor under 11 U.S.C. § 109(h). The Debtor failed to appear at her meeting of creditors. The Bankruptcy Court's finding that the Debtor obtained bankruptcy relief in bad faith should survive any standard of review and certainly does not constitute an abuse of discretion.

The Bankrutpcy Court's decision to annul the automatic stay retroactive to the Petition Date is also supported by the record. Consideration of the factors for annulment outlined in *Barr* weigh in favor of affirming the Bankrutpcy Court, as follows:

(1)     **Knowledge of the stay violation.** The Debtor filed her petition hours after the foreclosure auction in the Foreclosure Lawsuit and only 31 minutes before the state court clerk issued the certificate of sale. Neither Shoma nor the state court clerk had any knowledge of the bankruptcy filing when the certificate of sale was issued.

(2)     **The Debtor acted in bad faith**. For all the reasons cited above, the 2022 Bankrutpcy Case was clearly a bad faith filing.

(3)     **Grounds for retroactive relief would have existed if a motion had been filed before the violation**. Since the Debtor was proceeding in bad faith and since the 2022 Bankrutpcy Case was riddled with problems from the outset, grounds for relief from stay would have existed had a motion been filed before the certificate of sale was issued by the state court.

(4)     **Denying retroactive relief would result in unnecessary expense to the creditor**. Shoma completed its foreclosure sale of the Property and Miretg paid a $135,000 purchase price to acquire the Property. Denial of retroactive relief would be waste of fees, costs, and judicial resources. Considering the 2022 Bankrutpcy Case has already been dismissed and that the Debtor has never

13

proposed a confirmable Chapter 13 plan, retractive annulment of the stay is an appropriate remedy.

(5) **Creditor's detrimental reliance**. Shoma learned about the bankruptcy filing shortly after the foreclosure sale. This factor is therefore not a significant consideration supporting annulment of the stay.

Finally, the Debtor failed to produce any evidence that there was equity in the property[2] or that the interests of the bankruptcy estate would be served by denying the Stay Relief Motion.

## II. The Reconsideration Order

"If an interested party wants or needs a review of a ruling from the bankruptcy court, the party has several options. Two of the options are: (1) requesting the court to alter or amend a ruling pursuant to Federal Rule of Civil Procedure 59(e), as made applicable by Federal Rule of Bankruptcy Procedure 9023; or (2) requesting relief from the ruling pursuant to Federal Rule of Civil Procedure 60(b), as made applicable by Federal Rule of Bankruptcy Procedure 9024." *In re Hill*, 305 B.R. 100, 108 (Bankr. M.D. Fla. 2003). Relief under Rule 59(e) is to be granted only to correct any manifest errors of law or misapprehension of fact. *See In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir. 1999). As explained by the Supreme Court, the rule "may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior

---

[2]      While the balance owed on Shoma's judgment is less than the value of the Property, the Property is also encumbered by a mortgage loan.

14

to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5, 128 S. Ct. 2605 (2008).

A motion made under Rule 60(b) generally has the same standard as a motion made under Rule 59. *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992). The one main exception to that principle is for a motion made under 60(b)(6), which provides that a court can reconsider a judgment for any "reason that justifies relief." That relief requires a showing of exceptional circumstances. In *re Mathis*, 465 B.R. 325, 331 (Bankr. N.D. Ga. 2012) (Diehl, J.) (citing *SEC v. Simmons*, 241 Fed. App'x 660, 662-63 (11th Cir. 2007). However, those exceptional circumstances must also be based on an argument that could not have been made prior to the entry of the judgment. *Id*.

Here, the Reconsideration Motion contains no arguments that the Debtor did not raise or could not have raised at the hearing on the Stay Relief Motion. It was not an abuse of discretion for the Bankrutpcy Court to deny the Reconsideration Motion.

## **CONCLUSION**

While federal courts afford pro se litigants extra leeway, basic compliance with the rules is nevertheless required. *See Tran v. City of Holmes Beach,* 817 Fed. Appx. 911, 915 (11th. Cir. 2020). Despite it being her third bankruptcy filing in four years, the Debtor failed to comply with the basic requirements of bankruptcy debtors. As a result, the Bankruptcy Court found the 2022 Bankrutpcy Case was a

bad faith filing, and appropriately annulled the automatic stay under § 362(d)(1). The Bankruptcy Court should be affirmed.

Respectfully submitted,

HOFFMAN, LARIN & AGNETTI., P.A.
Counsel for Shoma
909 North Miami Beach Blvd., Suite 201
North Miami Beach, FL 33162
T:      305.653.5555
E.      mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.:  41164

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail on Marisa C. Smith, 3809 SW 164th Terrace, Miramar, FL 33027 on February 14, 2023.

/s/ *Michael S. Hoffman*
Michael S. Hoffman

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.   This brief use Times New Roman 14-point typeface and contains 4,066 words.

/s/ *Michael S. Hoffman*

Michael S. Hoffman